**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**TABLE OF CONTENTS**


**TABLE OF AUTHORITIES** **iv-vi**

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I. Summary of Opposition 1

II. Statement of Case 2

III. Factual Background 3

IV. Argument and Authorities 5

A. Standard of Review 5

B. The Court Has Jurisdiction To Entertain PLAINTIFF'S Contract Claims Because Those Claims Are Premised On An Express Contract (Resolution Agreement) Authorized By Statute and Within The Scope of The Tucker Act 6

C. The Court Has Jurisdiction To Entertain PLAINTIFF'S Contract Claims Because Those Claims Are Premised On An Express Contract (Resolution Agreement) Authorized by USDA Regulatory Authority. 9

| | | | |
|---|---|---|---|
| | D. | Resolution Agreement is Express Contract For Payment and Equitable Relief Cognizable Under The Tucker Act and Not Based On A Criminal Plea Bargain Agreement Allegedly Violated by Government Prosecutions | 10 |
| V. | Conclusion | | 13 |


**Appendix**


| | (Length) |
|---|---|
| Declaration of Lloyd Wright | (3 pages) |
| Declaration of James W. Myart, Jr. | (9 pages) |
| Declaration of Michael Stovall | (5 pages) |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

TABLE OF AUTHORITIES

Cases


| | |
|---|---|
| *Stovall v. Veneman*, No 04-319(RMC), D.D.C. January 24,2005 | 2,7,12 |
| *Globex Corporation v. The United States*, ,54 Fed.Cl.343,346(2002) | 5 |
| *Scheur v. Rhodes*,416 u.s. 232,236,94 s.Ct.1683,40 L.Ed.2d 90(1974) | 5 |
| *Davis v. Scherer*, 468 U.S. 183,104 S.Ct.3012,82 L.Ed.2d 139 (1984) | 5 |
| *Briscoe v. LaHue*, 663 F.2d.713,723 (7th Cir.1981), *aff'd*, 460 U.S. 325,103 S.Ct.1108,75 L.Ed.2d. 96(1983 | 5 |
| *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178,189,56 S.Ct. 780,80 L.Ed. 1135(1936) | 6 |
| *Reynolds v. Army and Air Force Exch. Serv*, 846 F.2d. 746, 748 (Fed.Cir.1988) | 6 |
| *Cedars-Sinai Med. Ctr. V. Watkins*, 11 F.3d 1573, 1584(Fed.Cir.1993) | 6 |
| *Pappas v. United States*, 2005 WL 1620391 (Fed.Cl.); | 5,6,8,12 |
| *Schaffer v. Veneman*, 325 F.3d 370,372 (D.C. Cir.2003) | 7 |
| *Brown v. United States*, F.3d 1296,1297, (D.C. Cir.2004 | 7 |
| *United States v. Testan*, 424 U.S. 392, *reh'g denied*, , 425 U. S. 957 (1976) | 8 |
| *Eastport Steamship Corp. v. United States*, 1778 Ct. Cl. 599, 605-06, 372 F.2d 1002, 1009(1967) | 8 |

| | |
|---|---|
| *Palmer v. United States*, 168 F.3d.1310,1314 (Fed.Cir.1999) | 8 |
| *Stinson, Lyons & Bustamente, P.A. v. United States*, 33 Fed. Cl. 474,478 (1995), *aff'd*, 79 F.3d.136(Fed.Cir.1996) | 8 |
| *White Mountain Apache Tribe v. United States*, 249 F.3d 1364,1372(Fed.Cir.2001), *aff'd*, 537 U.S. 465 (2003) | 8 |
| *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) | 8 |
| *Tippet v. United States*, 185 F.3d 1250, 1254(Fed.Cir.1999) | 8 |
| *James v. Caldera*, 159 F.3d.573,580 (Fed.Cir.1998),*reh'g denied* (1999) | 8 |
| *Doe v. United States*, 100 F.3d 1576, 1579 (Fed.Cir.1996),*reh'g and reh'g en banc denied* (1997) | 8,11 |
| *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. at 607, 372 F.2d. at 1009 ( ). | 8 |
| *Kania v. United States*, 227 Ct. Cl. At 465-66, 650 F.2d at 268 | 10,11,12 |
| *Commonwealth of Kentucky, Natural Res. And Envtl. Protection Cabinet v. United States*,27 Fed. Cl, 173,178(1992) | 11 |
| *Sanders v. United States*, 252 F.ed 1329,1335 (Fed.Cir.2001) | 11 |
| *Silva v. United States*, 51 Fed. Cl. 374,377(2002 | 11 |
| *Sadeghi v. United States*, 46 Fed. Cl. 660(2000 | 11 |
| *Drakes v. United States*, 28 Fed. Cl. 190(1993) | 11 |
| *Grundy v. United States*, 2 Cl. Ct 596,598(1983) | 11 |
| *Fincke v. United States*, 230 Ct. Cl 233, 243-44, 675 F.2d 289,295(1982) | 11,12 |
| *Porter v. United States*, 204 Ct.Cl. 355,365,496 F.2d 583(1974),*cert. denied* | 11 |
| *George A. Fuller Co. v. U.S.*, 69 F.Supp. 409,411, 108 Ct. Cl. 70, 94 | 13 |
| *Sanchez and Son, Inc. v. U.S.*, 6 F.3d. 1539, 1542(Fed.Cir.1993) | 13 |

*Malone v. U. S.*, 849 F.2d 1441,1445 (Fed.Cir.1988) 13

*Lewis-Nicholson, Inc. v. U. S.*, 213 Ct. Cl 192, 550 F.2d. 26,32(1977) 13

*Kehm Corp v. U.S.*, 119 Ct. Cl. 454,93 F. Supp 620(1950) 13

Statutes and Other Authorities

*Fourteenth Amendment, Constitution of the United States* 2

*Fifth Amendment, Constitution of the United Stattes* 2
*Tucker Act*, 28 U.S.C. §§1346(a)(2) 1,2,6,7,11,12,

*Contract Disputes Act of 1978*, 41 U.S.C. §§607-609 1

*Equal Credit and Opportunity Act,* 2

*§§15 U. S. C. 1691e* 2,7,10

*42 U.S.C. §1981* 2

*7 C.F.R. 2.25(a)(29)* 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

MICHAEL STOVALL ("PLAINTIFF") submits this Response and Brief in Opposition to THE UNITED STATES' ("DEFENDANT") Motion to Dismiss.

## I. SUMMARY OF OPPOSITION

DEFENDANT requests the United Stated Federal Court of Claims ("RCFC") dismiss, pursuant to Rules 12(b)(1) and (12)(b)(6)[1], PLAINTIFF'S breach of contract action premised on the Tucker Act, 28 U.S.C § 1346(a)(2), and the Contract Disputes Act of 1978, 41 U.S.C. §§ 607-609.

PLAINTIFF agrees that his claim under the Contract Disputes Act of 1978 should be dismissed; and, therefore, PLAINTIFF avers on said claim. The Resolution Agreement between PLAINTIFF and the United States Department of Agriculture ("USDA"), the subject of this action, is not a procurement contract as defined in the Contract Disputes Act of 1978, 41 U.S.C. §§ 607-609. Rather, the **Resolution Agreement is a contract** of settlement which constituted ***"a full, complete and final settlement of all claims of relief raised in Mr. Stovall's January 4, 1996, discrimination complaint submitted to the***

[1] DEFENDANT does not specifically cite to Rule 12(b)(6), but DEFENDANT does recite the language of said rule by stating "and the amended motion fails to state a claim upon which relief may be granted." Def. MTD, p. 1.

***USDA. This agreement is authorized by civil rights statutes and USDA regulations."*** See Compl., Exhibit B, Resolution Agreement, at page 1.

PLAINTIFF, for the reasons more fully delineated below, asserts that he has carried, by a preponderance of the evidence, his burden to establish this Court's subject matter jurisdiction of the instant action. Moreover, DEFENDANT'S argument that this Court lacks jurisdiction to entertain PLAINTIFF'S contract claims because such claims are premised on a contract entered into by the DEFENDANT in its sovereign capacity is incorrect. Also, the DEFENDANT'S argument is premised on a line of cases inapplicable to the law and facts herein.

When viewed in the light most favorable to the PLAINTIFF, the pleadings and extrinsic evidence unequivocally support a claim upon which relief may be granted. DEFENDANT has not shown in its' dismissal motion that the Court lacks subject matter jurisdiction over PLAINTIFF'S breach of contract claim pursuant to the Tucker Act, nor has DEFENDANT shown that the amended complaint fails to state a claim upon which relief may be granted. Therefore, DEFENDANT'S motion to dismiss should be denied as a matter of law.

## II. STATEMENT OF CASE

The instant action was transferred to the RCFC by order of the United States District Court for the District of Columbia. See *Stovall v. Veneman*, No. 04-319 (RMC), (D.D.C. January 24, 2005). PLAINTIFF brought suit against the Secretary of Agriculture and several USDA employees asserting violations of his rights under the Equal Protection and Due Process clauses of the *Fourteenth Amendment*, made applicable to DEFENDANT through the *Fifth Amendment*, the *Equal Credit and Opportunity Act* ("ECOA"), § 15 U.S.C. 1691e, violations of 42 U.S.C. § 1981, pendent state claims,

Alabama Constitutional tort and breach of contract. The District Court dismissed all constitutional and statutory claims and transferred, citing applicability of the Tucker Act. 28 U.S.C § 1346(a)(2), the breach of contract claims to this Court. See *Stovall v. Veneman*, No. 04-319 (RMC), (D.D.C. January 24, 2005).

## III. FACTUAL BACKGROUND

Beginning in 1993, Mr. Stovall alleges that he attempted to apply for farm loans from the Lawrence County, Alabama Farm Service Agency ("FSA") office, but he initially was unable to obtain an application. Compl. At ¶5. In 1994, Mr. Stovall submitted applications for a farm ownership loan and a farm operating loan. Compl. at ¶12, p.2. Both applications were initially denied but, after an administrative appeal, the application for an operating loan was approved. Id. The funds obtained in these loans were disbursed in March 1995. Id. On January 4, 1996, plaintiff filed an administrative complaint with USDA alleging discrimination on the basis of race in regard to his loan applications. Id. at ¶ 14. The USDA Office of Civil Rights ("OCR") issued a Program Complaint Final Agency Decision on PLAINTIFF'S administrative complaint. In the decision, OCR found discrimination on the basis of race by FSA against PLAINTIFF in the denial of a farm ownership loan in 1994 and the denial of a farm operating loan in 1995. In about January 1998, Mr. Stovall and USDA/OCR reached a Resolution Agreement to settle plaintiff's administrative complaint. Compl. at ¶10. Under the Resolution Agreement, Mr. Stovall received $145,000 in compensatory damages; discharge of all of his debt to FSA; reasonable attorney's fees and costs; priority consideration on certain future applications for FSA inventory property and FSA farms loans; and other programmatic relief intended to place PLAINTIFF in the economic

position he would have been but for the discrimination and to re-establish his previously profitable farming operation.; See Declarations of Lloyd Wright and James W. Myart, Jr. In 1998, after several attempts, Mr. Stovall purchased farm land from the FSA's inventory property. Compl. at ¶¶10,11. Mr. Stovall's March 1998 applications for farm ownership and operating loans were approved in March of 1998, and he received the funds in November 1998. Compl. at ¶12, p.7. This is direct violation since the loan application was delayed, a fundamental point in the original administrative complaint filed. In applying for these loans, Mr. Stovall sought the assistance of several USDA employees, to include Carolyn Cooksie and Sam Snyder in the FSA national office. Compl.at ¶13. Mr. Snyder visited plaintiff in Alabama to assist him with his application. Id. In April 1999, Mr. Stovall sought additional funds to build two chicken houses, and he consulted with Ms. Cooksie on this matter. Complat ¶14. In December 1999, additional funds were added to plaintiff's loans so that he could build the chicken houses. However, in a meeting with the contractor and USDA employee, Richard Knouff of the local FSA office, it was discovered that construction of the chicken houses would take additional funds. Compl. at ¶¶14, 15. Mr. Stovall asked Mr. Knouff if the FSA could lend him additional money, and Mr. Knouff informed Mr. Stovall that he was at his loan limit. Compl. at ¶14. Mr. Stovall claims that Mr. Knouff told Mr. Stovall's contractor to terminate construction, though the contractor returned in three weeks. Compl. at ¶15. Due to several difficulties and his view that the USDA was continuing to discriminate against him, Mr. Stovall contacted Mr. Snyder. Compl. at ¶16. Mr. Snyder, when working on Mr. Stovall's Farm and Home Plan, included, above the objection of Mr. Stovall, the funds awarded Mr. Stovall in attorney's fees and costs as income in the plan.

This act "was improper as those funds were paid to Stovall's attorney pursuant to the 1998 Resolution Agreement.". Id. The USDA employees collectively orchestrated a ploy to ensure that Mr. Stovall could not farm and would be out of business. Compl. at ¶16.

Despite PLAINTIFF'S desperate efforts to enforce the complete contract, the DEFENDANT breached the contract by failing to implement the Resolution Agreement, ¶2(b)(d)(e)(f)(g)(h) (Injunctive and equitable relief provisions with economic benefit intended to place PLAINTIFF in the economic position, for a specific five year period, he would have been but for the discrimination and to re-establish his previously profitable farming operation. See Compl., Exhibit B, Resolution Agreement. PLAINTIFF'S foreseeable economic losses and consequential damages resulting from DEDENDANT'S contract breach exceed $4,000, 000. See Appendix, Declaration of Michael Stovall.

## IV. ARGUMENT AND AUTHORITES

### A. Standard of Review

In assessing the Motion to Dismiss, this Court accepts as true all undisputed allegations of fact asserted by the PLAINTIFF and construes all reasonable inferences in the PLAINTIFF'S favor. *Globex Corporation, v.. The United States.* 54 Fed. Cl. 343, 346 (2002); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by* *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). However, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Id.; *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). When subject matter jurisdiction is challenged by the DEFENDANT in a motion to dismiss, the burden is on the PLAINTIFF to establish subject matter jurisdiction by a preponderance

of the evidence. Id.; *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). The PLAINTIFF may meet its jurisdictional burden by presenting evidence outside the initial complaint: "[i]n establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits . . ." Id. at 347; *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed.Cir.1993). The Court's responsibility is to give the party asserting jurisdiction an opportunity to be heard on the jurisdictional issue before ordering dismissal of a complaint for lack of jurisdiction. Id; *Reynolds*, 846 F.2d at 748.

**B. The Court Has Jurisdiction To Entertain PLAINTIFF'S Contract Claims Because Those Claims Are Premised On An Express Contract (Resolution Agreement) Authorized By Statute And Within The Scope of The Tucker Act.**

Disingenuously, the DEFENDANT asserts that PLAINTIFF'S claims are premised upon purported contracts entered into by the United States in its sovereign immunity capacity rather than its proprietary capacity; and, as such, the Tucker Act waiver of sovereign immunity is inapplicable to the case at bar. Def. MTD, pp. 6-7. DEFENDANT'S argument is simply wrong, or at a minimum, the argument is based on a misreading of the Tucker Act and erroneous application of cited case law.

In order for this Court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages.. *Pappas v. United States*, 2005 WL

1620391 (Fed. Cl.)(p.3); 28 U.S.C. § 1491. The Tucker Act states:

> **The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.**

28 U.S.C. § 1491(a)(1).

PLAINTIFF has specifically identified an independent substantive right against the DEFENDANT for money damages. See Compl., Exhibit B, Resolution Agreement. The Resolution Agreement, **a contract**[2], is clearly premised on and "authorized by civil rights statues and USDA regulations" which allow for the payment of damages, including compensatory damages, and injunctive relief designed to bestow an economic benefit on a claimant for wrongs suffered in violation of law. Id. at p.1; 15 § U.S.C. 1691; 7 CFR 2.25 et seq.; See Appendix, Declaration of Lloyd Wright.

"As interpreted by the United States Supreme Court, the *Tucker Act* waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States. . . or, (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for

[2] "… under the *Tucker Act*…[,] a settlement agreement is considered a contract." *Stovall v. Veneman*, No. 04-319 (RMC),(D.D.C. January 24, 2005); See also *Schaffer v. Veneman*, 325 F.3d 370,372 (D.C. Cir. 2003). The District Judge obviously concluded, and so stated, that the PLAINTIFF'S breach of contract claim was within the jurisdiction of the Federal Court of Claims. Thus, the District Judge transferred the case to this Court. *Stovall v. Veneman*, No. 04-319 (RMC),(D.D.C. January 24, 2005). The District judge made it clear that "jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Federal Court of Claims. *Stovall v. Veneman*, No. 04-319 (RMC),(D.D.C. January 24, 2005); *Brown v. United States*, 389 F.3d 1296, 1297. (D.C. Cir. 2004)

damages sustained." *See* United States v. Testan, 424 U.S. 392, 400, *reh'g denied*, 425 U.S. 957 (1976) (citing *Eastport Steamship Corp. v. United States*, 178 Ct. Cl. 599, 605-06, 372 F.2d 1002, 1009 (1967)); *see also* *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States*, 33 Fed. Cl. 474, 478 (1995), *aff'd*, 79 F.3d 136 (Fed.Cir.1996).

Further, in order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained." ' *Pappas v. United States*, 2005 WL 1620391 (Fed. Cl.); *White Mountain Apache Tribe v. United States*, 249 F.3d 1364, 1372 (Fed.Cir.2001), *aff'd*, 537 U.S. 465 (2003) (quoting *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983)); *United States v. Testan*, 424 U.S. 392, 399-400; *Tippett v. United States*, 185 F.3d 1250, 1254 (Fed.Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States*, 100 F.3d 1576, 1579 (Fed.Cir.1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States*, 178 Ct. Cl. at 607, 372 F.2d at 1009.

The *Equal Credit Opportunity Act* (ECOA) is that "separate money-mandating. . . , **statute. . .**", the violation of which supports a claim for damages against the United States. Id. The *ECOA* is clear in its discrimination prohibitions and the allowable compensatory damages to be paid a successful plaintiff. The ECOA provides:

**(a) Activities constituting discrimination**

**It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—**

> **(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract); . . .**
>
> **(a) Individual or class action for actual damages**
>
> **Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class.**
>
> **(c) Action for equitable and declaratory relief**
> **Upon application by an aggrieved applicant, the appropriate United States district court or any other court of competent jurisdiction may grant such equitable and declaratory relief as is necessary to enforce the requirements imposed under this subchapter.**
>
> **(d) Recovery of costs and attorney fees**
> **In the case of any successful action under subsection (a), (b), or (c) of this section, the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to any damages awarded by the court under such subsection.**

15 U.S.C 1691a and e

**C. The Court Has Jurisdiction To Entertain PLAINTIFF'S Contract Claims Because Those Claims Are Premised On An Express Contract (Resolution Agreement) Authorized By USDA Regulatory Authority**

Pursuant to government CFR regulations, the USDA Assistant Secretary for Civil Rights has the legal and regulatory authority to mandate compensation by the federal government for damages sustained by claimants. As previously cited,

> **The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon . . .or any *regulation* of an executive department . . . *(emphasis added)***

28 U.S.C. § 1491(a)(1).

The Assistant Secretary for Civil Rights has the regulatory authority to obligate

agency funds for the payment of compensatory damages and equitable and injunctive relief to any claimant pursuant to and as a result of government violations of the *ECOA*. 7 C.F.R. 2.25(a)(29)

The Assistant Secretary for Civil Rights Delegation of Authority, in part, states:

> **"Make final determinations or enter into settlement agreements on discrimination complaints in conducted programs subject to the *Equal Credit Opportunity Act.* This delegation includes the authority to make compensatory damage awards whether pursuant to a final determination or in a settlement agreement under the authority of the *Equal Credit Opportunity Act* and the authority to obligate agency funds…"**

7 C.F.R. 2.25(a)(29)

The 1998 Resolution Agreement, a contract, was entered into by the DEFENDANT, by and through the USDA Office of Civil Rights Director, Mr. Lloyd Wright, and PLAINTIFF pursuant to the ECOA and the USDA's regulatory authority. 7 C.F.R. 2.25(a)(29); 15 U.S.C. §1691e; See Compl., Exhibit B, Resolution Agreement; See also Declaration of Lloyd Wright. The regulatory authority the USDA Assistant Secretary for Civil Rights meets the enumerated standards necessary to invoke the Tucker Act waiver of immunity.

**D. Resolution Agreement Is Express Contract For Payment of Compensatory Damages and Equitable Relief Cognizable Under The *Tucker Act* And Not Based On A Criminal Plea Bargain Agreement Allegedly Violated By Government Prosecutors**

DEFENDANT devotes a page and a half of its' motion to a litany of authority citation based, primarily, on *Kania v. United States,* for the propositions that (1) the

DEFENDANT was acting in its sovereign capacity, not its proprietary capacity, when it entered into the Resolution Agreement with PLAINTIFF; (2) the DEFENDANT is immune from payment of all damages running from its breach of contract; and, (3) this Court lacks jurisdiction. Def. MTD, p. 6-7. DEFENDANT states, "The Court may exercise jurisdiction over Mr. Stovall's claims **only if those claims assert existence of a contract executed in its proprietary capacity, and for which there is a private sector analogue. This he has not done, and his complaint should be dismissed. (emphasis added).** Id at p. 7

While DEFENDANT accurately delineates the law of *Kania* and the line of cases cited,[3] *Kania* and those cases are clearly distinguishable from and inapplicable to the instant action. The *Kania* line of cases are all criminal cases involving alleged breach of criminal plea bargain agreements where the defendants attempted to invoke the Court's jurisdiction pursuant to the *Tucker Act*. Id. Conversely, PLAINTIFF'S case involves an express resolution agreement, exclusively civil in nature, with all elements required for a binding contract. For an agreement to be considered an express contract under the *Tucker Act*, 28 U.S.C. § 1491(a)(1) (1988), the source of the Claims Court's jurisdiction to hear the type of contract claim brought by plaintiff, it must contain the following elements required by common law: mutuality of intent, lack of ambiguity in offer and acceptance, and consideration. *Commonwealth of Kentucky, Natural Res. And Envtl. Protection Cabinet v. United States*, 27 Fed. Cl, 173, 178 (1992); *Fincke v. United States*, 230 Ct.

[3] *Kania v. United States*, 227 Ct. Cl. at 465-66, 650 F.2d at 268-69; *Sanders v. United States*, 252 F.3d 1329,1335 (Fed. Cir. 2001); *Silva v. United States*, 51 Fed. Cl. 374, 377 (2002); *Sadeghi v. United States*, 46 Fed. Cl. 660 (2000); *Doe v. United States*, 37 Fed. Cl. 74, 77 (1196); *Drakes v. United States*, 28 Fed. Cl. 190 (1993), and *Grundy v. United States*, 2 Cl. Ct 596, 598 (1983)

Cl. 233, 243-44, 675 F.2d 289, 295 (1982). Facts and circumstances must be present to indicate that the parties have taken upon themselves corresponding obligations and liabilities and have come to a meeting of minds. Id.; *Porter v. United States*, 204 Ct.Cl. 355, 365, 496 F.2d 583 (1974), *cert. denied*, 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 761 (1975).

Further, pursuant to ***Kania*** and the line of cases followed, a plaintiff cannot perfect jurisdiction in this court for a claim integrally related to a criminal proceeding unless it is clear that when the government entered into the agreement: (1) the government agents possessed the authority to bind the government to pay money and (2) specific monetary liability had been clearly intended as compensation by the parties in the event of a breach. *Pappas v. United States*, 2005 WL 1620391 (Fed. Cl.), *Kania v. United States*, 227 Ct. Cl. at 465, 650 F.2d at 268.

In spite of DEFENDANT'S assertion to the contrary, the Resolution Agreement between the parties, in accordance with the *Tucker Act*, unequivocally meets ever above-stated legal standard for contract, including the specific monetary amount stated and the injunctive relief provisions designed and intended to confer economic benefit on the PLAINTIFF. Id.; *Stovall v. Veneman*, No. 04-319 (RMC),(D.D.C. January 24, 2005) ("… under the *Tucker Act*…[,] a settlement agreement is considered a contract.")

The first paragraph of the Resolution Agreement unambiguously states:

> ***"This agreement constitutes a full, complete and final settlement of all claims of relief raised in Mr. Stovall's January 4, 1996, discrimination complaint submitted to the USDA. This agreement is authorized by civil rights statutes and USDA regulations."***

See Compl., Exhibit B, Resolution Agreement, Introduction; ¶¶ 1, 2((b)(d)(e)(f)(g)(h) (Injunctive relief provisions intended to place PLAINTIFF in the economic position he would have been but for the discrimination and to re-establish his previously profitable farming operation.); See Appendix, Declarations of Michael Stovall, Lloyd Wright and James W. Myart, Jr. The DEFENDANT'S breach of the Resolution Agreement was intentional and in furtherance of the discrimination so prevalent and admitted by the USDA. Declaration of James W. Myart, Jr., Statements from the USDA Civil Rights Action Team Report, 1997.

Further, it is settled law that the United States has liability for non-performance on a contract. See the following analogous cases: *George A. Fuller Co. v. U.S.*, 69 F. Supp. 409,411,108 CT. Cl. 70, 94; C. *Sanchez and Son, Inc. v U.S.*, 6 F.3d.1539,1542(Fed.Cir.1993), *Malone v. U.S.*, 849 F.2d 1441,1445 (Fed.Cir.1988); *Lewis-Nicholson, Inc.v. U.S*., 213 Ct. Cl. 192,550 F.2d 26, 32 (1977); *Kehm Corp v. U.S.*, 119 Ct. Cl. 454, 93 F. Supp 620 (1950). These cases stand for the proposition that neither party to the contract will do anything to prevent performance thereof by the other party or that will hinder or delay him in its performance; the government must avoid actions that unreasonably cause delay or hindrance to contract performance; that subterfuges, evasions, lack of diligence, and failure to cooperate in the other party's performance violate the implied obligation of good faith and fair dealing; that government delay breached the implied obligation of good faith and fair dealing.

## V. CONCLUSION

It simply can not be disputed that DEFENDANT was acting in its proprietary capacity, not in its sovereign immunity capacity, when it entered into the Resolution Agreement authorizing and making payment to PLAINTIFF pursuant to civil law and statutes. Because DEFENDANT breached its' expressed, unambiguous contract, PLAINTIFF has suffered foreseeable and extensive actual and consequential damages, claim for which has been made herein. Finally, PLAINTIFF has carried, by a preponderance of the evidence, his burden to establish this Court's subject matter jurisdiction of the instant action and has stated a claim for which relief can be granted by this Court. To hold otherwise would place PLAINTIFF in the untenable position of having a right without a remedy.

Trial should proceed.

Respectfully submitted,
James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By: /s/
James W. Myart, Jr.
Federal Bar No. TX0021

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served pursuant to the Courts ECF system, in accordance with the Local Rules, on 25th day of July, 2005, to the following:

Douglas K. Mickle
U.S. Department of Justice

/s/__________________