**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF LLOYD WRIGHT**

"My name is Lloyd Wright. I am over 18 years of age and a United States citizen. I have personal knowledge of the facts stated herein. I make this Declaration under the penalty of perjury. My business address is 11307 Baritone Court, Silver Spring, Maryland 20901.

"From March 1997 through May 1998, I served as the USDA Director of the Office of Civil Rights (OCR) at National Headquarters in Washington, D.C.

"As the OCR Director, I had the delegated authority to investigate administrative complaints of discrimination, to make final determinations and enter into settlement agreements on discrimination complaints in conducted programs subject to the Equal Credit Opportunity Act. This delegation included the authority to make compensatory damage awards and award injunctive and equitable relief, whether pursuant to a final determination or in a settlement agreement, under the authority of the Equal Credit Opportunity Act. I also had the authority to obligate agency funds to pay for the compensatory damages awarded and to pay for the equitable and injunctive relief designed to put a successful complainant in the economic position he would have been bit for the discrimination.

"The following describes the process after a complaint has been filed.

> Once a complaint is filed with a program agency, that agency assigns an employee to conduct a preliminary inquiry (P.I.). The P.I. reports provided the necessary background information that helped assist the OCR Investigators with their investigation. The OCR Investigators would forward their report to the Adjudicators, who would determine whether discrimination occurred. If the Adjudicators recommended a finding of discrimination, the proposed decision was sent to the Office of the General Counsel (OGC) for their concurrence with the decision. Upon obtaining approval from OGC, the Director would sign the decision.

> Once a FAD had been signed, the complainant would file a claim for damages. The damage claim and the complainant's file were sent to the Economist who reviewed the report and determined the amount of damages sustained by the farmer. The final state of this process consisted of negotiating with the farmer on settlement terms.

"OCR issued a Final Agency Decision in the Michael Stovall case finding that Mr. Stovall had been discriminated against by the USDA in violation of statutory law and USDA regulations.

"In accordance with my authority, I entered into settlement negotiations with Mr. Stovall and his attorney, James W. Myart, Jr. Settlement was accomplished on February 27, 1998. The Resolution Agreement was signed by all parties on February 27, 1998. The Resolution Agreement is incorporated in and attached to this Declaration.

"The Resolution Agreement, by intent and by its four corners, provided an equitable and injunctive relief to Mr. Stovall at Paragraph 2(a)(b)(c)(d)(e)(f)(g)(h). These injunctive and equitable relief provisions were intended to place and should have placed Mr. Stovall in the economic position he would have been but for the discrimination and to re-establish his previously profitable farming operation. These injunctive and equitable relief provisions provided Mr. Stovall an economic benefit, which if breached, would cause Mr. Stovall to suffer actual and consequential damages.

"I have read a copy of the United States' Motion to Dismiss Mr. Stovall complaint in the Claims Court. Mr. Stovall had a civil contract with the government that was expressly authorized by statue and regulations as recited in the very first paragraph of the Resolution Agreement."

"I have reviewed the foregoing Declaration and declare under penalty of perjury that it is true and correct to the best of my personal knowledge.

______________________________ _______________

Lloyd E. Wright Date

Once a FAD had been signed, the complainant would file a claim for damages. The damage claim and the complainant's file were sent to the Economist who reviewed the report and determined the amount of damages sustained by the farmer. The final state of this process consisted of negotiating with the farmer on settlement terms.

"OCR issued a Final Agency Decision in the Michael Stovall case finding that Mr. Stovall had been discriminated against by the USDA in violation of statutory law and USDA regulations.

"In accordance with my authority, I entered into settlement negotiations with Mr. Stovall and his attorney, James W. Myart, Jr. Settlement was accomplished on February 27, 1998. The Resolution Agreement was signed by all parties on February 27, 1998. The Resolution Agreement is incorporated in and attached to this Declaration.

"The Resolution Agreement, by intent and by its four corners, provided an equitable and injunctive relief to Mr. Stovall at Paragraph 2(a)(b)(c)(d)(e)(f)(g)(h). These injunctive and equitable relief provisions were intended to place and should have placed Mr. Stovall in the economic position he would have been but for the discrimination and to re-establish his previously profitable farming operation. These injunctive and equitable relief provisions provided Mr. Stovall an economic benefit, which if breached, would cause Mr. Stovall to suffer actual and consequential damages.

"I have read a copy of the United States' Motion to Dismiss Mr. Stovall complaint in the Claims Court. Mr. Stovall had a civil contract with the government that was expressly authorized by statue and regulations as recited in the very first paragraph of the Resolution Agreement."

"I have reviewed the foregoing Declaration and declare under penalty of perjury that it is true and correct to the best of my personal knowledge.

Lloyd E. Wright July 24, 2005

Lloyd E. Wright Date