UNITED STATES DEPARTMENT OF AGRICULTURE

# RESOLUTION AGREEMENT – Michael Stovall

This agreement is by and between the complainant, Michael Stovall, and the United States Department of Agriculture (USDA). Michael Stovall is represented by attorney James M. Myart, Jr. of San Antonio, Texas. This agreement constitutes a full, complete, and final settlement of all claims for relief raised in Mr. Stovall's January 4, 1996, discrimination complaint submitted to USDA. This agreement is authorized by civil rights statutes and USDA regulations.

The parties wish to set forth the terms of the agreement in writing. The agreement is entered into for the purpose of resolving Mr. Stovall's discrimination claims for relief in a mutually acceptable voluntary agreement. The Farm Service Agency (FSA) reserves the right to follow-up on any information developed as a result of the complaint and to take corrective action concerning FSA employees or policies as appropriate. This agreement is intended to supercede the resolution agreement entered into by the parties on January 20, 1998.

USDA AGREES:

1. To pay Mr. Stovall the sum of $145,000 in compensatory damages. A check in the amount payable to Mr. Stovall and James M. Myart, Jr. of San Antonio, Texas, will be issued as soon as practicable but no later than 30 calender days after this agreement has been signed by all parties.

2. To provide Mr. Stovall with programmatic relief as follows:

   a. USDA will release Mr. Stovall from liability on his outstanding debt to USDA such that Mr. Stovall will have no debt to USDA. This release will not trigger the statutory provisions found at Section 648 of the Federal Agriculture Improvement and Reform Act of 1996 that preclude an individual who has received debt forgiveness from obtaining further farm loans from USDA or from obtaining future debt forgiveness.

   b. FSA will give Mr. Stovall priority consideration on any application for inventory property located in Madison, Jackson, Limestone, Lauderdale, Colbert, Franklin, Lawrence, Morgan, Marshall, and DeKalb Counties located in Alabama, and all Tennessee counties bordering Alabama. FSA will give Mr. Stovall the best purchase price available under law for such inventory property. FSA will provide notice of such property's existence to Mr. Stovall within 30 days of execution of this agreement. For the next five years, but only until such time as Mr. Stovall acquires a piece of inventory property, FSA will provide notice in writing to Mr. Stovall at

Michael Stovall, 105 Cramer Road, New Market, Alabama 35671, within 30 calendar days of newly acquired inventory property.

c. Mr. Stovall will be given priority consideration on one farm ownership loan at his election. Such election must be made within the next five years. Mr Stovall will be given priority consideration by FSA on any direct farm operating loan he applies for in the next five years to the extent that this is consistent with the relevant statutes governing the loan program; however, no priority consideration will be provided to Mr. Stovall on any application for a farm operating or ownership loan five years after the date this agreement has been signed by all parties. The term "priority consideration" means that an application will be given first priority as to processing and as to the availability of funds available for the type of loan at issue.

d. Any application for a farm operating loan submitted by Mr. Stovall within five years after this settlement agreement has been signed by all parties (not just those applications in which priority consideration is provided) will be viewed in a light most favorable to Mr. Stovall, and the amount and terms of the loan will be the most favorable under the law so long as this is consistent with statute as stated above. In making any determination on a loan application, FSA will not take into account the sum paid under paragraph 1 of this agreement. Mr. Stovall will need to reestablish eligibility and repayment ability for any loan that will be approved.

e. In conjunction with any application for a farm ownership or operating loan, the national office of FSA will provide or obtain reasonable technical assistance for Mr. Stovall in submitting such application, including the preparation of a farm and home plan.

f. Final approval or disapproval of any application for a USDA loan will be completed under the auspices of the national office of FSA. In addition, the national office of FSA will monitor all assistance provided to Mr Stovall for the next five years

g. The Office of Civil Rights will monitor FSA's compliance with the programmatic remedies set forth in this section.

h. USDA will notify the appropriate credit bureau (as provided by Mr. Stovall) that Mr. Stovall no longer has any indebtedness to USDA.

i. As soon as is practicable but not later than seven days 7 calendar days after this agreement has been signed by all parties, FSA will sign over the May 8, 1996, certified check, previously issued jointly to Mr. Stovall and FSA, to Mr. Stovall. If the bank at issue refuses to honor such check, FSA will reissue a certified check in the amount of $12,590, payable to Mr. Stovall individually.

To pay reasonable attorney fees and costs upon submission of a bill of particulars. A check in the amount determined, payable to James M. Myart, Jr. of San Antonio, Texas, will be

issued as soon as practicable, but no later than 30 calendar days after such submission

MR. STOVALL AGREES:

4. That this settlement agreement constitutes a withdrawal of all of his pending discrimination complaints with USDA, including his January 4, 1996, program discrimination complaint. and that he will not file any new complaint about the issues involved in these complaints.

5. To accept the above payment of compensatory damages and other relief set forth above as a full, final, and complete settlement of all claims in connection with all of his pending discrimination complaints with USDA, including his January 4, 1996, discrimination complaint. This settlement is also in complete and full satisfaction of any and all claims Mr Stovall may have against USDA based on facts occurring prior to the date of this agreement of which Mr. Stovall knows and reasonably should know.

6. To waive and release any and all claims or complaints of any kind arising out of the events that were the subject of the complainant's pending discrimination complaint with USDA, including his January 4, 1996, discrimination complaint, against USDA, the United States of America, any other agency of the United States of America, or any officer, employee, or agent of the United States of America, in either his or her official or individual capacity.

BOTH PARTIES AGREE:

7. To respect the privacy rights of Mr. Stovall and all other individuals involved in this matter. The fact that the matter was voluntarily resolved in a manner acceptable to both sides may be communicated by either party to any person. However, except as otherwise required by law, the explicit terms of this agreement will not be disclosed by either party, without the express permission and consent of the other party, to any person not a party except as necessary for that party to perform official government duties, to implement the agreement, or to defend themselves against any claim or cause of action.

That this matter is resolved through this settlement agreement. If the terms of this agreement are not carried out (other than a result of actions by Mr. Stovall), Mr. Stovall may request specific enforcement of the terms or reinstatement of his complaints by writing to the Director, Office of Civil Rights, USDA, Room 326-W, Washington, D.C., 20250. This

request should be filed as soon as practicable but no later than 60 days of the date Mr. Stovall knows or reasonably should have known of the alleged failure to implement the agreement

9 See attachment, marked Exhibit A, and same is incorporated herein as set forth verbatim

2/27/98

Lloyd E. Wright, Director
Office of Civil Rights

Michael Stovall
Complainant

James M. Myart, Jr.
Attorney for the Complainant