**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL STOVALL, | ) | |
| Plaintiff, | ) | No. 05-400C |
| | ) | Judge Allegra |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**SURREPLY TO DEFENDANT'S REPLY**
**TO PLAINTIFF'S RESPONSE**
**TO THE UNITED STATES MOTION TO DISMISS**

Counsel[1] asserts that DEFENDANT'S lengthy reply, like its' Motion to Dismiss, is a Herculean attempt to convince this Court that the PLAINTIFF (and other Black Farmers with similar USDA settlement contracts) does not have the right to come to this Court for relief in spite of the fact that Congress created this Court for the very purpose for which he seeks relief. The United States Court of Federal Claims, formerly the U.S. Claims Court, was recreated pursuant to Article I of the United States Constitution by the Federal Courts Improvement Act. Federal Court Administration Act of 1992, Pub. L. No. 102-572, 106 Stat. 4506 (1992).

As stated in PLAINTIFF'S response, disingenuously, the DEFENDANT asserts that PLAINTIFF'S claims are premised upon purported contracts entered into by the United States in its sovereign immunity capacity rather than its proprietary capacity; and,

[1] Counsel thanks the Court for its indulgence during his extended recovery from his recent, unexpected cerebral infarction. As of January 3, 2006, Counsel has returned to work full time.

as such, the Tucker Act waiver of sovereign immunity is inapplicable to the case at bar. Def. MTD, pp. 6-7. DEFENDANT'S argument is simply wrong, or at a minimum, the argument is based on a misreading of the Tucker Act and erroneous application of cited case law.

It simply can not be disputed that DEFENDANT was acting in its proprietary capacity, not in its sovereign immunity capacity, when it entered into the Resolution Agreement authorizing and making payment to PLAINTIFF pursuant to civil law and statutes. Because DEFENDANT breached its' expressed, unambiguous contract, PLAINTIFF has suffered foreseeable and extensive actual and consequential damages, claim for which has been made herein. Finally, PLAINTIFF has carried, by a preponderance of the evidence, his burden to establish this Court's subject matter jurisdiction of the instant action and has stated a claim for which relief can be granted by this Court. To hold otherwise would place PLAINTIFF in the untenable position of having a right without a remedy.

In response to DEFENDANT'S reply points and succinctly put, Plaintiff asserts the following:

1. claims here are based purely on breach of contract and not the ECOA. See DEFENDANT'S Reply, p. 5;
2. that he has established a "substantive right enforceable against the United States for money damages. Id. ***United States v. Testan*** 424 U.S. 392, 397 (1976);
3. the DEFENDANT'S argument that the contract with PLAINTIFF was not entered in to in its' proprietary capacity when the DEFENDANT involved

itself in the marketplace, via its farm loan programs, is circular and not supported by the Dellinger Report, DOJ legal memorandum finding that the DEFENDANT acting through the USDA, waived sovereign immunity in functioning as a lender of last resort for agriculture in the United States. (citation omitted)

4. Defendant's arguments are designed to insure that this Court closes off any opportunity for the PLAINTIFF, or others, to get relief to which he is entitled.

5. This is a case of first impression for this Court as it is the first of its kind to be brought to this or any court.

In concluding, PLAINTIFF relies on his previous response to DEFENDANT'S motion to dismiss and this Court's recognition that this is a case of first impression transferred to this Court by the DC District Court. This Court should accept this challenge, exercise its jurisdiction and upon final hearing, award PLAINTIFF damages and other relief to which he has shown himself entitled.

Trial should proceed.

Respectfully submitted,
James W. Myart, Jr. P.C.
1104 Denver Blvd.
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By: /s/
James W. Myart, Jr.

Federal Bar No. TX0021

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served pursuant to the Courts ECF system, in accordance with the Local Rules, on 25th day of July, 2005, to the following:

Douglas K. Mickle
U.S. Department of Justice

/s/___________________