Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued November 18, 2004 Decided December 3, 2004

No. 03-5245

YVONNE BROWN,
APPELLANT

v.

UNITED STATES OF AMERICA, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 02cv00300)

---

*Reuben Collins* argued the cause and filed the brief for appellant.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellees. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence* and *Brian J. Sonfield*, Assistant U.S. Attorneys, entered appearances.

---

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Before: GINSBURG, *Chief Judge*, and ROGERS and TATEL, *Circuit Judges*.

Opinion for the Court filed *Per Curiam*.

*Per Curiam*: The facts of this case are recounted in *Brown v. United States*, 271 F. Supp. 2d 225, 226–28 (D.D.C. 2003), and need not be repeated here.

On appeal Brown challenges only the district court's dismissal of Counts I and III of her amended complaint, which counts state claims under Title VII, 42 U.S.C. § 2000e *et seq.*, and for breach of contract, respectively. Brown alleges the United States Department of Agriculture breached the terms of its settlement agreement with her and that its breach entitles her both to damages in excess of $10,000 and to the reinstatement of her administrative complaint alleging discrimination and retaliation in violation of Title VII.

The Government points out, and Brown now agrees with respect to Count III, this case should have been brought in the Court of Federal Claims pursuant to the Tucker Act because she advances a contract claim against the United States in excess of $10,000. *See* 28 U.S.C. § 1491(a)(1). We agree with the Government as to both counts.

In order for Brown either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement. And because this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims. *See Shaffer v. Veneman*, 325 F.3d 370 (D.C. Cir. 2003); *Massie v. United States*, 166 F.3d 1184 (Fed. Cir. 1999). Therefore, Counts I and III of Brown's amended complaint should have been dismissed without rather than with prejudice. Accordingly, we remand this matter to the district court for the entry of an appropriate order.

*So ordered.*