**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL W. STOVALL, Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-319 (RMC) ECF |
| ANN M. VENEMAN, Secretary, Department of Agriculture, *et al.*, Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION**
**<u>TO DEFENDANTS' MOTION TO DISMISS</u>**

In his Response and Brief in Opposition to Defendants' Motion to Dismiss ("Opposition"), Plaintiff Michael Stovall asserts that his "ECOA claims are timely brought given the extension of the applicable statute of limitations in the legislation passed by Congress in 1999." Opposition ¶ 2. He also maintains that his "breach of contract claims are properly before this Court given that such claims are factually interdependent with the other claims in this lawsuit or, alternatively, it is in the interests of judicial efficiency to exercise ancillary jurisdiction over all of Plaintiff's claims." <u>Id.</u> Plaintiff's arguments are legally baseless.

As demonstrated in Defendants' Motion to Dismiss, and further discussed below, Plaintiff misunderstands applicable law. When it amended the Equal Credit Opportunity Act ("ECOA") in 1992, Congress did not indicate that plaintiffs could file ECOA lawsuits up to fourteen years after the 1999 amendments for violations alleged to have occurred either before the amendments, or shortly thereafter, which is what Plaintiff appears to assert now.

Furthermore, a breach of contract claim regarding an alleged 1998 settlement agreement has nothing to do with any new (but plainly untimely) ECOA claim. Any new ECOA claim would necessarily have to be asserting discrimination in some other credit transaction that occurred, if at all, sometime after the supposed 1998 settlement "contract" arose. Moreover, even if a contract claim and discrimination allegations – different events in different locations and involving different participants – could somehow be deemed "related," judicial efficiency does not trump jurisdiction. Plaintiff must know that this Court cannot adjudicate a contract claim for which jurisdiction in this Court does not exist, let alone to decide whether individuals apparently residing in Alabama , with no contacts here, committed an Alabama constitutional tort for which, under Federal law, they would in any case be immune.

Plaintiff continues to offer no authority for his argument that the "interests of judicial efficiency" (see Opposition at 11) require this Court to allow him to continue litigating claims that do not exist here. Plaintiff concludes that "[t]his Court, by refusing to dismiss any of Plaintiff's claims on the grounds that it lacks subject matter jurisdiction, must find that it is in the interests of judicial efficiency to exercise ancillary jurisdiction over all of Plaintiff's claims." Id. Accepting that argument would turn principles of jurisdiction upside down. Plaintiff's Opposition makes no sense.

**A. Plaintiff's ECOA Claims Are Time-Barred.**

The Farm Service Agency ("FSA") is a component of the USDA. Like its predecessor, the Farmers Home Administration ("FmHA"), the FSA is statutorily authorized to make loans to farmers who cannot obtain credit from commercial institutions. See Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921, et seq. The FSA makes loans for a variety of different

purposes including, inter alia, "farm ownership" loans, which are intended to assist farmers in buying or improving farm property, 7 C.F.R. § 1943.2, and "operating" loans, which provide credit and management assistance to help farmers run their farms, 7 C.F.R. § 1941.2.

Although the FSA's credit and benefit programs are federally funded, until 1999, decisions to approve or deny applications for credit or benefits were made by a combination of farmers elected to local committees and USDA staff. See Pigford v. Glickman, 206 F.3d 1212, 1214 (D.C. Cir. 2000); Dahl v. United States, 695 F.2d 1373, 1378 (Fed. Cir. 1982). FSA decisions denying credit, loan servicing requests, or farm benefits may be appealed to the USDA's National Appeals Division ("NAD"), an entity entirely separate from the FSA. See 7 C.F.R. Part 11.

The ECOA prohibits discrimination in the field of consumer credit and, because the FSA extends credit, the ECOA applies to FSA's conduct. The ECOA makes it "unlawful for a creditor to discriminate against any applicant with respect to any aspect of a credit transaction * * * on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). The Act creates a private right of action against creditors, including the United States, who violate its anti-discrimination provisions, and makes such creditors "liable to the aggrieved applicant for any actual damages sustained by such applicant acting either in an individual capacity or as a member of a class." 15 U.S.C. § 1691e(a). The statute also allows for equitable and declaratory relief under appropriate circumstances. 15 U.S.C. § 1691e(c).

Although ECOA contains a two-year statute of limitations, 15 U.S.C. § 1691e(f), in 1999 Congress enacted legislation that *retroactively* extended the limitations period *for certain claims* against the USDA. Provided a civil action was commenced within two years of the date of the

Case 1:04-cv-00031-RMC Document 21-3 Filed 12/21/2006 Page 4 of 7

amendment (October 21, 1999), Congress allowed individuals who had filed administrative complaints of discrimination with the USDA between January 1, 1981 and July 1, 1997 to sue for discrimination alleged to have occurred between January 1, 1981 and December 31, 1996. See Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1999, Pub. L. No. 105-277, § 741, 112 Stat. 2681 (codified at 7 U.S.C. § 2297 note). Obviously, this civil action was not commenced within two years of October 21, 1999, so the 1999 amendment is irrelevant to this proceeding. The normal two-year statute of limitations under ECOA applies to the ECOA claim or claims brought in this lawsuit.

Plaintiff filed the initial Complaint in this action in 2004, well over four years after the date of the October 1999 amendment and certainly over two years after October 2001, the latest date that any ECOA related conduct is alleged to have occurred. Accordingly, Plaintiff has no proper basis to claim that his ECOA lawsuit is timely filed.

**B. This Court Does Not Have Jurisdiction To Hear Plaintiff's Breach of Contract Claim.**

In his Opposition Plaintiff provides no proper basis for this Court to exercise jurisdiction over his breach of contract claim. Shaffer v. Veneman, 325 F.3d 370 (D.C. Cir. 2003) is directly on point and dispositive here. Plaintiff's argument, that a controlling jurisdictional decision can be distinguished because his "claims against Defendant are 'factually interdependent,'" is both nonsensical, and meaningless. The facts alleged are not similar and the cases are not, in any aspect, interdependent. Those individuals involved in plaintiff's breach of contract claim, which plaintiff asserts arises out of a supposed 1998 settlement agreement in Washington D.C., are not the same as those individuals involved in the alleged ECOA violations that plaintiff asserts arose

in either Tennessee or Alabama and which are, in any event, not timely under ECOA.

**C. Defendants' Other Bases For Dismissing Plaintiff's Claims Remain Unchallenged And Should Be Deemed Conceded.**

In the Motion to Dismiss, Defendants also argued that this Court lacked personal jurisdiction over individually-named Defendants Knouff, Faust, Cooksie and Snyder, that proper service was lacking with respect to several Defendants, and that in any event all Defendants enjoyed immunity from plaintiff's various other claims. (Those claims, according to plaintiff, include only violations of " the Equal Protection and Due Process clauses of the Fifth Amendment, violations of [ECOA], [an] Alabama constitutional tort and [a] breach of contract." Opposition at 1.) In his Opposition, Plaintiff fails even to mention, let alone address, any of these other bases for dismissing his claims. The Court may treat those arguments that the plaintiff failed to address in a timely opposition as conceded. See, e.g., FDIC v. Bender, 127 F.3d 58, 67- 68 (D.C. Cir.1997); Stephenson v. Cox, 223 F. Supp.2d 119, 121-122 (D.D.C. 2002) ("The court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss."). Indeed, in Buggs v. Powell, 293 F. Supp.2d 135 (D.D.C. 2003), this Court recognized that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded[,]" id. at 141, and that in reviewing such dismissals the Court of Appeals has never found the District Court's discretion to have been abused.

Even though plaintiff is represented by counsel, most of Defendant's arguments supporting dismissal remain unchallenged. Plaintiff's invalid claims against both the

government and individually-named employees should no longer be permitted to burden either the Defendants – all of whom have raised timely, supported challenges and defenses – or this Court. Instead, this lawsuit should be dismissed.

**CONCLUSION**

For the reasons stated herein and in the Motion to Dismiss Plaintiff's Amended Complaint, Defendants respectfully requests that this action be dismissed in its entirety and with prejudice.

Respectfully submitted,

_/s/_______________________________
KENNETH L. WAINSTEIN
DC Bar No. 451058
United States Attorney

_/s/_______________________________
R. CRAIG LAWRENCE
DC Bar No. 171538
Assistant United States Attorney

_/s/_______________________________
WILLIAM R. COWDEN
DC Bar No. 426301
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W., Rm E4412
Washington, DC 20530
(202) 307-0258

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing motion, memorandum in support and proposed order has been served by email to plaintiff's counsel of record through the Court's ECF system on this 2nd day of December 2004.

_/s/____________________________________
WILLIAM R. COWDEN
DC Bar No. 426301
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W., Rm E4412
Washington, DC 20530
(202) 307-0258