**No. 05-400C**
**( Judge Allegra)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**MICHAEL W. STOVALL,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S SUPPLEMENTAL BRIEF DISCUSSING THE COURT'S JURISDICTION

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**DEBORAH A. BYNUM**
**Assistant Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**1100 "L" Street, N.W.**
**Attn: Classification Unit, 8th Floor**
**Washington, D.C. 20530**
**Tele: (202) 307-0383**
**Fax: (202) 353-7988**

**OF COUNSEL:**

**RON WALKOW**
**Office of the General Counsel**
**United States Department of Agriculture**
**Washington, D.C.**

**MAY 15, 2006**

**Attorneys For Defendant**

## TABLE OF CONTENTS

**PAGE(S)**

DEFENDANT'S SUPPLEMENTAL BRIEF DISCUSSING THE COURT'S JURISDICTION ........ 1

ARGUMENT ........ 3

I. This Court's Jurisdiction Is Strictly Prescribed ........ 3

II. The Kania Rule Is Not Limited To Agreements That Arise From Criminal Proceedings ........ 6

A. The Resolution Agreement Is Not Proprietary In Nature ........ 6

B. The Resolution Agreement Does Not Contain A Money-Mandating Breach Provision ........ 8

III. This Court Lacks Jurisdiction Over Actions For Breach Of Settlement Agreements When Resolving Disputes That Would Require Review Of The Agreement's Underlying Substantive Issues ........ 10

IV. This Court Must Independently Determine If It Possesses Jurisdiction To Review The Resolution Agreement And Other Settlement Agreements - Decisions From Other Federal Courts Are Not Binding Upon This Court ........ 12

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

American Floor Consultants v. United States,
70 Fed. Cl. 235 (2006) ........ 2, 6

Amin v. Merit Systems Protection Board,
951 F.2d 1247 (Fed. Cir.1991) ........ 14

Awad v. United States,
301 F.3d 1367 (Fed. Cir. 2002) ........ 5

Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel,
97 F.3d 1479 (D.C. Cir. 1996) ........ 13

Bobula v. Dep't of Justice,
970 F.2d 854 (Fed. Cir. 1992) ........ 1, 9, 14

Brown v. United States,
389 F.3d 1296 (D.C. Cir. 2004) ........ 1, 12, 13, 14

Casa De Cambio ComDiv S.A. De C.V., v. United States,
291 F.3d 1356 (Fed. Cir. 2002) ........ 9

Eastport S.S. Corp. v. United States,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) ........ 4, 14

Fausto v. United States,
16 Cl. Ct. 750 (1989) ........ 11

Fisher v. United States,
402 F.3d 1167, 1173 (Fed. Cir.2005) ........ 2

Friedman v United States,
No. 1:02-CV2461-BBM, 2003 WL 22429685 (N.D. Ga. Aug. 6, 2003) ........ 1, 13

Furash & Co. v. United States,
252 F.3d 1336 (Fed. Cir. 2001) ........ 5

Floyd v. United States,
26 Cl. Ct. 889 (1992) ........ 2

Good v. United States,

23 Fed. Cl. 744 (1991) .......... 2

Greco v. Dep't of the Army,
852 F.2d 558 (Fed. Cir.1988) .......... 10

Griswold v. United States,
61 Fed. Cl. 458 (2004) .......... passim

Hall v. United States,
69 Fed Cl 51 .......... 1, 9, 10

Hicks v. United States,
23 Cl. Ct. 647, 653 (1991) .......... 4

John Muir Mem. Hosp., Inc. v. United States,
221 Ct. Cl. 843 (1979) .......... 5

Kania v. United States,
227 Ct. Cl. 458, 650 F.2d 264 cert. denied, 454 U.S. 895 (1981) .......... passim

Kasarsky v. Merit Sys. Prot. Bd.,
296 F.3d 1331 (Fed. Cir.2002) .......... 10

Lee v. United States,
33 Fed. Cl. 374 (1995) .......... 11

Massie v. United States,
166 F.3d 1184 (Fed. Cir. 1999) .......... passim

Massie v. United States,
226 F.3d 1318 (Fed. Cir. 2000) .......... 1, 11, 14

Matson Navigation Co. v. United States,
284 U.S. 352 (1932) .......... 5

McNutt v. Gen. Motors Acceptance Corp. of Ind.,
298 U.S. 178 (1936) .......... 5

Merritt v. United States,
267 U.S. 338 (1925) .......... 5

Mitchell v. United States,
44 Fed. Cl. 437 (1999) .......... 1, 10

Myers Investigative & Sec. Servs., Inc. v. United States,

275 F.3d 1366 (Fed. Cir.2002) .......... 5

Nat'l Med. Enter., Inc. v. United States,
28 Fed. Cl. 540 (1993) .......... 5

New York Life Ins. Co. v. United States,
118 F.3d 1553 (Fed. Cir.1997), cert. denied, 523 U.S. 1094 (1998) .......... 14

Renne v. Geary,
501 U.S. 312 (1991) .......... 5

Sanders v. United States,
252 F.3d 1329 (Fed. Cir. 2001) .......... 5

Schnelle v. United States,
69 Fed. Cl. 463 (2006) .......... 1, 2, 6, 8

Shaffer v. Veneman,
325 F.3d 370 (D.C. Cir.2003) .......... 1, 12, 13, 14

Sun Eagle Corp. v. United States,
23 Cl. Ct. 465 (1991) .......... 9

Taylor v. United States,
54 Fed. Cl. 423 (2002) .......... 10

Trudeau v. United States,
68 Fed. Cl. 121 (2005) .......... 1, 6, 8

United States v. Fausto,
484 U.S. 439 (1988) .......... 5, 14

United States v. King,
395 U.S. 1 (1969) .......... 2

United States v. Mitchell,
445 U.S. 535 (1980) .......... 3

United States v. Testan,
424 U.S. 392 (1976) .......... 3, 4, 7

West Coast General Corp. v. Dalton,
39 F.3d 312 (Fed. Cir. 1994) .......... 9

## STATUTES

15 U.S.C. § 1691(a) .......... 4

15 U.S.C. § 1691e(f) .......... 4

28 U.S.C. § 1346(a)(2) .......... 13

28 U.S.C. § 1491(a)(1) .......... 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF**
**DISCUSSING THE COURT'S JURISDICTION**

Pursuant to the Court's order of May 8, 2006, defendant, the United States, respectfully submits its supplemental brief discussing the issue of "whether the [C]ourt has jurisdiction over the particular type of agreement at issue here."[1]

This Court lacks jurisdiction to entertain Mr. Stovall's claim alleging breach of the Resolution Agreement because "[t]he jurisdiction of the Court of Federal Claims does not extend to contracts entered into by the Government in its sovereign capacity that do not unmistakably subject the United States to damages in the event of breach." Trudeau v. United States, 68 Fed. Cl. 121, 127 (2005). Mr. Stovall's alleged breach claim involves a non-proprietary agreement between him and the United States Department of Agriculture ("USDA" or "Department of Agriculture") where specific monetary liability was not contemplated by the agreement. The Resolution Agreement was not with the Farm Service Agency ("FSA"), the agency within the

---

[1] The Court also asked the parties to address certain cases when rebriefing the jurisdictional issue. The cases: Brown v. United States, 389 F.3d 1296 (D.C. Cir. 2004); Shaffer v. Veneman, 325 F.3d 370 (D.C. Cir. 2003); Massie v. United States, 226 F.3d 1318 (Fed. Cir. 2000); Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999); Bobula v. United States Dept. of Justice, 970 F.2d 854 (Fed. Cir. 1992); Schnelle v. United States, 69 Fed. Cl. 463 (2006); Hall v. United States, 69 Fed. Cl. 51 (2005); Mitchell v. United States, 44 Fed. Cl. 437 (1999), and Friedman v. United States, No. 1:02-CV2461-BBM, 2003 WL 22429685 (N.D. Ga. Aug. 6, 2003), will be discussed at relevant places throughout this motion.

USDA that possesses authority to conduct commercial type activities. Instead, the Resolution Agreement was brokered by the USDA's Office of Civil Rights ("OCR"). The OCR was merely performing its role of ensuring that USDA agencies comply with Federal civil rights laws. It was not performing a business function that is traditionally found in the marketplace. The Resolution Agreement certainly did "not contemplate an enlargement of [Mr. Stovall's] rights; it is, rather, only an acknowledgment of [Mr. Stovall's] existing entitlements." Good v. United States, 23 Fed. Cl. 744, 746 (1991); Floyd v. United States, 26 Cl. Ct. 889, 891 (1992)(language in an agreement that is a restatement of a preexisting legal duty is not consideration).

Furthermore, even if the Resolution Agreement arose out of a commercial endeavor, i.e. the United States had "stepp[ed] off its throne" and was acting in its proprietary capacity, the absence of any money-mandating language in the Resolution Agreement is fatal to Mr. Stovall's claim. American Floor Consultants v. United States, 70 Fed. Cl. 235, 238-39 (2006); see also Griswold v. United States, 61 Fed. Cl. 458, 462 (2004) (to invoke jurisdiction pursuant to the Tucker Act, a plaintiff must identify a separate right to money damages against the United States); Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006)(Court lacked jurisdiction because "[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements."). Accordingly, because "the source [of jurisdiction] as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal-the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." American Floor Consultants v. United States, 70 Fed. Cl. at 39 (citing Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir.2005)); United States v. King, 395 U.S. 1, 3 (1969) (A

plaintiff seeking to invoke the court's jurisdiction must present a claim for "actual, presently due money damages from the United States.").

Even if the Court determines that Mr. Stovall's Resolution Agreement was a contract that was entered into by the USDA in its proprietary role and contained a specific breach provision that authorized presently due monetary damages, it has nevertheless been recognized that a contract will not fall within the purview of the Tucker Act if an alleged breach of the settlement agreement would require review of substantive the issues that form the basis of the Resolution Agreement. Massie v. United States, 166 F.3d 1184, 1189 (Fed. Cir. 1999). Review by this Court of the alleged proprietary arrangement here would certainly require "review of the substantive issues" of the Farm Loan program to determine "the existence and extent of the government's liability," and not, the enforcement of "an express contract embodying" Mr. Stovall's entitlement to breach damages. Massie, 166 F.3d at 1189.

## ARGUMENT

### I. This Court's Jurisdiction Is Strictly Prescribed

The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The statute is purely a jurisdictional one. United States v. Testan, 424 U.S. 392, 398 (1976). "[I]t does not create a[ ] substantive right enforceable against the United States for money damages" but confers jurisdiction upon this court when a claimant establishes that a substantive right of recovery exists. Id.; see also United States v. Mitchell, 445 U.S. 535,

538 (1980) (same); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002, 1007-1009 (1967) (same). To invoke jurisdiction under the Tucker Act, a plaintiff must identify an express or implied contract, a constitutional provision, a statute, or a regulation that provides a separate substantive right to money damages against the United States.

Here, Mr. Stovall, and the transferring district court, rely upon the Resolution Agreement as the source to invoke the jurisdiction of this court.[2] To determine whether the Resolution Agreement "create a[ ] substantive right enforceable against the United States for money damages," Testan, 424 U.S. at 398, the court must examine the Resolution Agreement. Griswold v. United States, 61 Fed. Cl. 458, 462-63 (2005). However, when reviewing the Resolution Agreement to determine if the Court possesses jurisdiction, it must be mindful of the Federal Circuit's holding that "[t]he contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds." Kania v. United States, 227 Ct. Cl.

---

[2] As we explained before, Mr. Stovall's response brief attempts to impermissibly amend his amended complaint to allege a separate basis for this Court's jurisdiction, i.e. the Equal Credit Opportunity Act ("ECOA") is a money-mandating statute that permits this Court to entertain his claim for breach of his Resolution Agreement. Because the Court's order instructed us to focus upon the Resolution Agreement, we will not restate that argument in full, but simply reassert that for the reasons set forth in our reply brief, the ECOA, does not mandate the payment of money. It simply prohibits discriminatory conduct on the basis of race by a creditor against an applicant in credit transactions. 15 U.S.C. § 1691(a). Furthermore, even assuming that the ECOA is a money-mandating statute and claims based upon that statute can be entertained in this Court, the ECOA's statute of limitation requires that an action under ECOA must be filed not more than "two years from the date of occurrence of the violation[.]" 15 U.S.C. § 1691e(f). Mr. Stovall's allegations of error upon the part of the United States pre-date 2001. Thus Mr. Stovall's claims are barred by the statute of limitations. Finally, any claim based upon the ECOA is outside the Court's jurisdictional boundaries because ECOA claims by statute are limited to the Federal district courts. Hicks v. United States, 23 Cl. Ct. 647, 653 (1991).

458, 464, 650 F.2d 264, 268, cert. denied, 454 U.S. 895 (1981).[3] Thus, not all agreements that can be fairly characterized as an express or implied contract with the United States are sufficient to invoke this Court's Tucker Act jurisdiction. See Awad v. United States, 301 F.3d 1367, 1375 (Fed. Cir. 2002); Sanders v. United States, 252 F.3d 1329, 1334 (Fed. Cir. 2001). Furthermore, if Congress has made available a remedy other than a suit in the Court of Federal Claims and has explicitly or implicitly indicated that this remedy is to be exclusive, suit in the Court of Federal Claims will be precluded. Matson Navigation Co. v. United States, 284 U.S. 352, 359-60 (1932); see also United States v. Fausto, 484 U.S. 439, 452-53 (1988); John Muir Mem. Hosp., Inc. v. United States, 221 Ct. Cl. 843, 845-46 (1979); Nat'l Med. Enter., Inc. v. United States, 28 Fed. Cl. 540, 545 (1993).

Finally, it is well-settled that as plaintiff, Mr. Stovall bears the burden of establishing subject matter jurisdiction for his claim. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir.2002). Federal courts are presumed to lack jurisdiction unless the record affirmatively indicates the contrary. Renne v. Geary, 501 U.S. 312, 316 (1991). As explained below, Mr. Stovall has not met this burden for several reasons.

---

[3] It is also worth noting that, as a waiver of sovereign immunity, the Tucker Act has never been interpreted in a sweeping manner. For example, it has long been recognized that the Act does not reach claims based upon contracts implied-in-law, even though the statute does not expressly exempt such claims. See Merritt v. United States, 267 U.S. 338, 341 (1925). Similarly, prior to statutory amendments in 1970, the Court of Claims routinely held that it lacked jurisdiction to entertain contract claims against so-called "non-appropriated fund instrumentalities," even though the Tucker Act did not mention such entities. See Furash & Co. v. United States, 252 F.3d 1336, 1339 (Fed. Cir. 2001).

## II. The *Kania* Rule Is Not Limited To Agreements That Arise From Criminal Proceedings

The Resolution Agreement that Mr. Stovall and the Department of Agriculture entered into is not a settlement agreement over which this Court possesses jurisdiction to entertain. Mr. Stovall's contention that Kania's holdings are limited to agreements that arise "in the criminal context," is not supported by the law. See Pl. Resp.[4] At 11. Indeed, the latest decisions applying central holdings of Kania, i.e. an agreement entered into by the Government in its sovereign capacity, and ones that do not identify a separate right to money damages against the United States, are beyond the jurisdictional reach of this Court, are specifically in the civil context. American Floor Consultants v. United States, 70 Fed. Cl. At 238-39; Schnelle v. United States, 69 Fed. Cl. At 466; Trudeau v. United States, 68 Fed. Cl. At 127; Griswold v. United States, 61 Fed. Cl. At 462.

### A. The Resolution Agreement Is Not Proprietary In Nature

Mr. Stovall's response brief correctly notes that Kania involved a contract related to a criminal matter – i.e., an agreement by the United States not to prosecute Mr. Kania in exchange for his testimony before a grand jury. Beyond that circumstance, however, the Court of Claims did not draw a "civil/criminal" distinction in deciding whether the Tucker Act waived sovereign immunity for Mr. Kania's claim, nor did it focus solely upon the criminal context of the case.

Rather, the court premised its holding upon the venerable principle that the Tucker Act is a waiver of sovereign immunity and, thus, must be strictly construed. See Kania, 227 Ct. Cl. at 466, 650 F.2d at 269 ("The sovereign's consent to be sued cannot be implied but must be

---

[4] "Pl. Resp." or "plaintiff's response" refer to Plaintiff's Response And Brief In Opposition To Defendant's Motion To Dismiss, which was filed on ___.

unequivocally expressed.") (citing United States v. Testan, 424 U.S. 392 (1976)). In this context, the court began its analysis of the jurisdictional issue with the oft-quoted statement that:

> The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds. The Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations also engage in among themselves. . . .

Kania, 227 Ct. Cl. at 464, 650 F.2d at 268. As support for this statement, the court cited examples of sovereign obligations – e.g., public employment, military pay, contracts for disaster relief – that had long been held to fall outside the "consent in the Tucker Act to suits on contracts". Id. The court explained that, although it was possible for such arrangements, which were wholly civil in character, to fall within Tucker Act jurisdiction, the agreement must contain an express, authorized promise by the Government to pay money damages in case of breach. Id.

The court then applied this rationale to an agreement made in the criminal context:

> By the same line of reasoning, we would deem it possible to make a binding contract subject to Tucker Act jurisdiction, creating a liability for breach of a plea bargaining agreement or one to grant immunity for giving testimony, or to protect a witness. But, in such case, the court would look for specific authority in the AUSA to make an agreement obligating the United States to pay money, and spelling out how in such a case the liability of the United States is to be determined.

Id. The court added that, in the criminal context, the need for specificity was "the greater" because the "role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court." Id.

In this light, the Kania Court plainly did not limit its holding to contracts made "in the criminal context". To the contrary, the rationale discussed in Kania originated in civil matters and, "[b]y the same line of reasoning," the Court applied the rationale to a criminal context. Merely because the Court regarded the need for specificity to be "greater" in the criminal context does not mean that the requirement is wholly inapplicable in the civil context, as Mr. Stovall appears to contend. See Trudeau v. United States, 68 Fed. Cl. At 127-128 (rejecting argument that the sovereign capacity doctrine as set forth in Kania applies only in the criminal context).

At bottom, the Resolution Agreement was agreed upon by the Department of Agriculture’s Office of Civil Rights pursuant to its role of enforcing Federal Civil Rights laws. When reviewing the Resolution Agreement, the “relevant question is not whether there is a private counterpart to the specific good or service purchased by the Government, but rather whether the Government has 'step[ped] off the throne . . . ." Trudeau, 68 Fed. Cl. at 130 (quoting Kania, 227 Ct. Cl. at 464, 650 F.2d at 268).

**B. The Resolution Agreement Does Not Contain A Money-Mandating Breach Provision**

The Resolution Agreement does not contain any damages provision. Accordingly, the Resolution Agreement fails regardless of the capacity it was entered into by the Department of Agriculture. Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006)(Court lacked jurisdiction because “[t]he settlement agreements at issue do not mandate the payment of monetary compensation by the government to the plaintiff for a breach of the agreements.”) Mr. Stovall asserts he is entitled to damages for the alleged breach of contract in the amount of $4,500,000.00. Stovall Decl. p. 4. There is no support in his Resolution Agreement that

mandates the payment of monetary damages for a breach of the agreement, let alone monetary damages in the amount of $4,500,000.00.

Indeed, as we demonstrated in our opening and reply briefs, the only monetary claim Mr. Stovall could possibly bring in this Court would be a claim for non-payment of the $145,000.00 the agency agreed to pay Mr. Stovall in consequential damages to settle his civil rights claim. See Resolution Agreement ¶ 1. However, Mr. Stovall admits that he received this money in November 1998. Compl. ¶ 12; Pl. Resp. p. 4. Thus, because Mr. Stovall is not presently due any monetary damages pursuant to the Resolution Agreement, the agreement is not one in which the Court may entertain claims of breach. See Griswold v. United States, 61 Fed. Cl. At 465 (finding that plaintiff's claim for breach of a settlement agreement was outside the Court's jurisdiction because plaintiff was not claiming he did not receive the money the agreement promised him); Bobula v. Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)(Federal Circuit reiterates the well-settled requirement that to establish jurisdiction a plaintiff must possess a concurrent colorable claim for money).

The Court's decision in Hall v. United States, 69 Fed Cl 51, where this Court found jurisdiction over a settlement agreement that appears to be similar to Mr. Stovall's Resolution Agreement should not be followed.[5] Initially, in Hall, the Government filed a partial motion to dismiss, although it did not raise any of the jurisdictional arguments we present here that limit

---

[5] Casa De Cambio ComDiv S.A. De C.V., v. United States, 291 F.3d 1356, 1364 n.1 (Fed. Cir. 2002) ("[P]rior decisions of the Court of Federal Claims . . . are not binding . . . on . . . the Court of Federal Claims."). Accord, West Coast General Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994)("Court of Federal Claims decisions, while persuasive, do not set binding precedent for separate and distinct cases in that court.") See also, Sun Eagle Corp. v. United States, 23 Cl. Ct. 465, 473 (1991)("Claims Court decisions are not binding precedent.")

this Court's jurisdiction to entertain breach claims. Nevertheless, the Court determined it possessed "jurisdiction over the breach of settlement agreements with the United States." Hall, 69 Fed. Cl. 55, citing Kasarsky v. Merit Sys. Prot. Bd., 296 F.3d 1331, 1336 (Fed. Cir.2002); Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir.1988). However, those cases merely stand for the simple proposition that settlement agreements are contracts. They do not state that all contracts are subject to review by this Court pursuant to the Tucker Act. Moreover, the Hall decision also is silent as to the lack of monetary breach damages surrounding Mr. Hall's settlement agreement. Even if the Hall court correctly determined that Mr. Hall's settlement agreement was a contract for Tucker Act purposes, a contract claim fails absent a presently due right to monetary damages.

## III. This Court Lacks Jurisdiction Over Actions For Breach Of Settlement Agreements When Resolving Disputes Would Require Review Of The Agreements's Underlying Substantive Issues

The Federal Circuit has determined that this Court lacked jurisdiction to entertain actions for breach of settlement agreements when the agreements arose from disputes which would require review of a subject matter reserved to another tribunal or require review of substantive issues. Massie v. United States, 166 F.3d at 1189. This Court has ruled several times that it does not possess jurisdiction to entertain claims that the Government breached settlement agreements resulting from Title VII actions where the plaintiff seeks monetary and equitable relief. See Griswold, 61 Fed. Cl. 458 (2004); Taylor v. United States, 54 Fed. Cl. 423 (2002) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included adjustments to annual and sick leave, seniority, entry date, and salary); Mitchell v. United States, 44 Fed. Cl. 437 (1999) (dismissing claim for breach of Title VII settlement

agreement for lack of jurisdiction where relief sought included determination that settlement agreement did not encompass all of plaintiff's Title VII actions, but only encompassed one of them); Lee v. United States, 33 Fed. Cl. 374, 378 (1995)(Title VII is such a comprehensive, precisely-drawn statutory scheme that provides judicial review of Federal employees' discrimination claims in district court); and, Fausto v. United States, 16 Cl. Ct. 750 (1989) (dismissing claim for breach of Title VII settlement agreement for lack of jurisdiction where relief sought included providing plaintiffs with a Form 50 that included the reasons for plaintiff's resignation).

Nevertheless, review by this Court of the Resolution Agreement would certainly require "review of the substantive issues" of the Farm Loan program to determine "the existence and extent of the government's liability," and not, the enforcement of "an express contract embodying" Mr. Stovall's entitlement to breach damages. Massie, 166 F.3d at 1189. The Resolution Agreement is almost entirely concerned with how the FSA and Mr. Stovall will conduct future loan applications. There is nothing in the Resolution Agreement that the agreement between the parties must contain language that is "unambiguously mandatory and says unequivocally that [Mr. Stovall] must receive the payments." Massie, 116 F.3d at 1190; Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000). This is why the Court in Massie determined it could review the agreement in that case and why the Court should refrain from doing so here.

## IV. This Court Must Independently Determine If It Possesses Jurisdiction To Review The Resolution Agreement And other Settlement Agreements – Decisions From Other Federal Courts Are Not Binding Upon This Court

As we noted earlier, in its May 8, 2006 Order, the Court asked the parties to discuss several cases. We discussed most of these cases above. We discuss the remaining cases below.

In Brown v. United States, plaintiff-appellant, Yvonne Brown, a Federal employee, sued the USDA alleging the agency violated a settlement agreement from a previous Title VII race discrimination action, and also asserted a new Title VII claim. However, because Mrs. Brown was seeking damages in excess of $10,000.00 for the alleged breach of her settlement agreement, the United States Court of Appeals for the District of Columbia Court of Appeal found that jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims. Brown v. United States, 389 F.3d 1296, 1297-98 (D.C. Cir. 2004), citing Shaffer v. Veneman, 325 F.3d 370 (D.C. Cir.2003); Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999).

In Shaffer v. United States, 325 F.3d 370 (D.C. Cir. 2003), the plaintiff-appellant, Mr. Shaffer, was an African-American farmer who sued the USDA alleging a breach of a settlement agreement that had ended Mr. Shaffer's participation in a race discrimination class action against USDA.[6] Mr. Shaffer opted out of the Pigford lawsuit, and subsequently entered into a settlement agreement, similar to the one at issue here, in which the USDA agreed, among other things, to "[f]orgive/release/cancel all [his] outstanding indebtedness to the Farm Service Agency;" to provide "priority financial and technical assistance for those USDA programs for which the Shaffers apply;" and to pay Mr. Shaffer a sum of money. Shaffer, 325 F.3d at 371.

[6] Pigford et. al. V. Glickman, Civil Action No. 97-1978 (D.D.C.).

The United States Court of Appeals for the District of Columbia determined that "[t]here appears to be no doubt that the Court of Federal Claims could entertain this case under the Tucker Act, for the purpose of which a settlement agreement is considered a contract." Id. at 372. The Court of Appeals rejected Mr. Shafer's contention that the "district court has subject matter jurisdiction over a settlement agreement that resolves a statutory claim within the jurisdiction of that court." Id. Finding that unlike the settlement agreement in Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, 97 F.3d 1479 (D.C. Cir. 1996), "which 'referred to and reserved the Funds' right to pursue their rights to remedies enumerated and defined in the ERISA law itself,' 97 F.3d at 1485, the Agreement [in Mr. Shaffer's case] does not incorporate any part of either the ECOA or the APA; it merely settles the ECOA and the APA claims in return for certain specified consideration." Id. at 373. The court also noted that the ERISA "statute provides exclusive jurisdiction to enforce its provisions in federal courts, the district court here had federal jurisdiction to enforce the ERISA rights embodied in the settlement agreement." Id.

Similar circumstances were seen in Friedman v United States, No. 1:02-CV2461-BBM, 2003 WL 22429685 (N.D. Ga. Aug. 6, 2003). In Friedman, the claim for damages before the court also exceeded $10,000.00.

Brown, Shafer and Friedman are cases in which the claim for damages alleged by the plaintiffs were clearly greater than $10,000.00. Thus, on their face, these claims were clearly not within the jurisdictional boundaries of the district court. 28 U.S.C. § 1346(a)(2) ("Little Tucker Act"). Furthermore, in those opinions, it does not appear that the Court of Appeals or district court conducted an in-depth review of the agreements at issue and this Court's Tucker Act

jurisprudence. While all three opinions did mention the Federal Circuit's decision in Massie, the Shaffer and Brown panels did not mention the cases cited in Massie that found this Court did not possess jurisdiction to entertain certain settlement agreements. See Massie, 166 F.3d at 1188, citing Amin v. Merit Systems Protection Board, 951 F.2d 1247 (Fed. Cir.1991), and Bobula v. United States Department of Justice, 970 F.2d 854 (Fed. Cir.1992).[7] The Friedman decision mentioned Massie and briefly discussed Amin. Friedman, at *3. However, the Friedman decision regarding Tucker Act jurisdiction appears to be based upon the court's finding that Mr. Friedman's "primary object in this action is the award of money damages," Friedman at *4. However, that is not the test for Tucker Act jurisdiction in this Court. It is well-settled that presently due money damages is what is required. See Massie v. United States, 226 F.3d at 1321 ("[A] plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United States.'"(citations omitted)). Merely requesting money damages, and nothing more, as Mr. Stovall does here, however, does not satisfy the money-mandating criterion. See New York Life Ins. Co. v. United States, 118 F.3d at 1556; Eastport Steamship Corp., 372 F.2d at 1008-09. Finally, none of the cases discuss Kania, or its progeny.

At bottom, these courts dismissed claims because each claimant sought monetary damages in excess of $10,000.00. Moreover, from the cases discussed above, that determination

[7] In Bobula v. United States, 970 F.2d 854, the Federal Circuit determined that Little Tucker Act jurisdiction was lacking, where a breach allegation would require the district court to review an alleged breach of an agreement settling a personnel dispute, which would require the trial court to review the underlying personnel action, which the Federal Circuit found was solely within the integrated scheme provided for by the Civil Service Reform Act. Bobula, 970 F.2d at 858, citing Fausto v. United States, 484 U.S. 439 (1989).

does not appear to be uncommon in Federal district courts where the plaintiff clearly seeks monetary relief in excess of $10,000.00, regardless of whether the claim is based upon contract, statute, or regulation. See Griswold v. United States, 61 Fed. Cl. 458 (case transferred three times).

**CONCLUSION**

For these reasons, and those set forth in our motion to dismiss and reply brief, we respectfully request that the Court dismiss the amended complaint. We do not believe, at this date, that this Court, or any Federal court, possesses jurisdiction to entertain a claim for breach of the Resolution Agreement. If any Court possessed jurisdiction to entertain Mr. Stovall's claims, it would likely have been a Federal district court had a timely claim been filed pursuant to the Equal Credit Opportunity Act.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:
Ron Walkow
Office of the General Counsel
United States Department of Agriculture
Washington, D.C.

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

May 15, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on may 15, 2006, a copy of the foregoing "**DEFENDANT'S SUPPLEMENTAL BRIEF DISCUSSING THE COURT'S JURISDICTION**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle