**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOVALL,** | § | |
| **Plaintiff,** | § | **No. 05-400C** |
| | § | **Judge Allegra** |
| **v.** | § | |
| **THE UNITED STATES,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF DISCUSSING THE COURT'S JURISDICTION OF THE INSTANT MATTER**

Michael Stovall ("Plaintiff") files this response pursuant to the Court's May 8, 2006 order and in opposition to Defendant United States of America's disingenuous effort to deny Plaintiff a remedy for, or even a judicial forum for vindication of, a clearly established right and would show the Court the following:

**I. INTRODUCTORY STATEMENT**

1. With regard to Defendant's extensive and contradictory briefs in this case and numerous other District Court and Court of Claims cases regarding this Court's jurisdiction over intentionally breached USDA/Black Farmer Resolution Agreements, Plaintiff respectfully states, the Defendant - **"THE LADY DOTH PROTEST TOO MUCH, ME THINKS."** -HAMLET, ACT III, SCENE II.

2. In the interest of brevity and judicial economy, Plaintiff incorporates herein by reference his prior filed pleading, Plaintiff's Response and Brief in Opposition to Defendant's Motion to Dismiss. Docket # 11. Plaintiff's pleading at Docket # 11 discusses in detail the jurisdictional issues before this Court except for those matters the

Court directs counsels to discuss in its May 8, 2006 order. Counsel discusses those cases below.

## II. SUMMARY OF OPPOSITION

3. Defendant, as the Claims Court has correctly observed, has totally "mis-framed the jurisdictional issues" in the case at bar. Yet, amazingly, Defendant continues in its re-brief to attempt to defeat this Plaintiff and others like him by doing the following:

(a) espousing contradictory legal positions regarding this Court's jurisdiction over this or similar matters in distinctly different judicial forums for the mere purpose – to win at all costs;

(b) misrepresenting the legal position of the sovereign when it performs certain functions, i.e., acting as a lender of last resort as it does for farmers;

(c) differentiating the functions of the USDA internal agencies relating to program performance, i.e. Office of Civil Rights and the Farm Service Agency, so as to attempt to relieve the USDA from liability; and

(d) remaining insistent on insuring that Plaintiff, and others similarly situated, retain statutory and regulatory rights but not be afforded a remedy in this or any other court, a circumstance which results in a judicial absurdity and absolute injustice.

4. Admittedly, Plaintiff is now astounded that Defendant has apparently misframed and misconstrued the cases directed to be addressed to support their position that this Court lacks jurisdiction over the intentionally breached USDA/Stovall Resolution Agreement.

5. Unquestionably, this Court has jurisdiction over this matter and the legal

authority to decide the issue before it, which is the appropriate damages due Plaintiff because of the government's breach of that very agreement, USDA/Stovall Resolution Agreement. ***Massie v. United States***, 226 F.3d 1318, 1321 (Fed. Cir. 2000)

**III. ARGUMENT**

**A. Jurisdiction**

6. The cases listed in the Court's May 6, 2006 order stand for the proposition that this Court has jurisdiction over contract matters that exceed $10,000 but not contract disputes that are not essentially personnel matters.

7. More specifically, in ***Massie*** I and ***Massie*** II, the Court of Appeals held that jurisdiction was proper in the Claims Court. ***Massie v. United States***, 166 F.3d 1184 (Fed. Cir. 1999) ***Massie v. United States***, 226 F.3d 1318 (Fed. Cir. 2000). Like wise in *Shaffer and Hall,* the District Court and this Court held that jurisdiction over almost exact Resolutions Agreements jurisdiction in this Court was proper. ***Shaffer v. Veneman,*** 325 F.3d 370 (D.C. Cir. 2003); ***Hall v. United States,*** 69 Fed. Cl. 51 (2005).

8. ***Brown v. United States***, 389 F.3d 1296 (D.C. Cir. 2004) makes it clear that settlement agreements disputes above $10,000 are within the exclusive jurisdiction of this Court. (In order for Brown either to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement. And because this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims. *See* *Shaffer v. Veneman*, 325 F.3d 370 (D.C.Cir.2003); *Massie v. United States*, 166 F.3d 1184 (Fed.Cir.1999).)

9. In ***Mitchell, Schnelle and Bobula,*** jurisdiction was declined because these matters were essentially personnel matters which for obvious policy reasons this Court does not have jurisdiction. ***Bobula v. United States Dept. of Justice***, 970 F.2d 854 (Fed. Cir.1992); ***Schnelle v. United States***, 69 Fed. Cl. 463 (2006); ***Mitchell v. United States,*** 44 Fed. Cl. 437 (1999).

10. In ***Friedman v. United States,*** No.1:02-CV2461-BBM, 2003 WL 22429685 (N.D. Ga. Aug. 6, 2003), the Court dismissed the Plaintiffs claims as those claims were based in contract for which the Claims Court had exclusive jurisdiction.

**B. THE SOVERIEGN IS NOT IMMUNE**

11. Defendant has gallantly argued that the government is immune from liability. This issue was put to rest in 1994 when the Department of Justice issued the Dellinger Report, a report detailing how and why the USDA was liable for discrimination pursuant to the ECOA of 1972. The Dellinger Report is attached hereto marked Exhibit 1; same being incorporated here as if fully set forth.

**C. THE COURT CAN FASHION THE REMEDY**

12. Defendant continues to state that Plaintiff is seeking and equitable remedy. That simply is not true. Plaintiff is only seeking the contemplated benefits of his agreement, breach of which has cost him, foreseeable, the damages he presents. ***Massie v. United States***, 226 F.3d 1318, 1321 (Fed. Cir. 2000).

13. Moreover, the injunctive relief provisions of the Resolution Agreement were intended, despite the Defendant's argument to the contrary, to convey an economic benefit upon the Plaintiff. See ***In Re: Warren Sylvester***, a case decided by Constance O'Bryant, HUD ALJ, attached hereto as Exhibit B; same being incorporated here as if

fully set forth.

In conclusion, Plaintiff deserves his day in Court, this Court for if not, he only has a right, but no remedy – that would be a tragedy.

Respectfully submitted,

Law Offices of
James W. Myart, Jr. P.C.
*"The Preston House"*
1104 Denver Blvd.
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815
E-mail: jwmyartlaw@satx.rr.com

By:________________________
James W. Myart, Jr.
Texas Bar No. 14755950

ATTORNEYS FOR PLAINTIFFS