**No. 05-400C**
**( Judge Allegra)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**MICHAEL W. STOVALL,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE BRIEF DISCUSSING THE COURT'S JURISDICTION

---

**PETER D. KEISLER**
**Assistant Attorney General**

**DAVID M. COHEN**
**Director**

**DEBORAH A. BYNUM**
**Assistant Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**1100 "L" Street, N.W.**
**Attn: Classification Unit, 8th Floor**
**Washington, D.C. 20530**
**Tele: (202) 307-0383**
**Fax: (202) 353-7988**

**OF COUNSEL:**

**RICK GIBSON**
**Office of the General Counsel**
**United States Department of Agriculture**
**Washington, D.C.**

**May 26, 2006**

**Attorneys For Defendant**

# TABLE OF CONTENTS

**PAGE(S)**

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE BRIEF DISCUSSING THE COURT'S JURISDICTION .......... 1

ARGUMENT .......... 4

I. Controlling Precedent Mandates Dismissal Of Mr. Stovall's Complaint Because The USDA Was Not Acting In A Proprietary Capacity When It Entered Into The Resolution Agreement With Mr. Stovall .......... 4

II. Controlling Precedent Mandates Dismissal Of Mr. Stovall's Complaint Because The Resolution Agreement Does Not Contain Any Provision Entitling Mr. Stovall To Actual, Presently Due Money Damages From The United States In The Event Of A Breach .......... 6

III. The Dellinger Memo Makes Clear That Mr. Stovall's Remedy For His Discrimination Claims Is In Federal District Court Pursuant To The Equal Credit Opportunity Act .......... 9

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Ace Property & Casualty Ins. Co. v. United States,
60 Fed. Cl. 175 (2004) .......... 5

American Floor Consultants v. United States,
70 Fed. Cl. 235 (2006) .......... 1, 4, 7

Amin v. Merit Systems Protection Board,
951 F.2d 1247 (Fed. Cir.1991) .......... 10

Awad v. United States,
301 F.3d 1367 (Fed. Cir. 2002) .......... 4

Bobula v. United States Department of Justice,
970 F.2d 854 (Fed. Cir.1992) .......... 10

Commonwealth of Kentucky, Natural Res. and Envtl. Protection Cabinet v. United States,
27 Fed. Cl. 173 (1992) .......... 4

Doe v. United States,
37 Fed. Cl. 74 (1996) .......... 4

Drakes v. United States,
28 Fed. Cl. 190 (1993) .......... 4

Eastport Steamship Corp.,
178 Ct. Cl. 599, 372 F.2d 1002 (1967) .......... 7

Farmers & Merchants Bank of Eatonton, Georgia v. United States,
43 Fed. Cl. 38 (1999) .......... 5

Good v. United States,
23 Fed. Cl. 744 (1991) .......... 6

Griswold v. United States,
61 Fed. Cl. at 462 .......... 1, 7

Grundy v. United States,
2 Cl. Ct. 596 (1982) .......... 4

Hall v. United States,
69 Fed. Cl. 51 (2005) .......... 7, 9

Hicks v. United States,
23 Cl. Ct. 647 (1991) .......... 3, 9

Horowitz v. United States,
267 U.S. 458 (1925) .......... 4

James v. Caldera,
159 F.3d 573 (Fed. Cir. 1998) .......... 3, 12

Kanemoto v. Reno,
41 F.3d 641 (Fed. Cir. 1994) .......... 3, 12

Kania v. United States,
227 Ct. Cl. 458, 650 F.2d 264 (Ct. Cl.), cert. denied, 454 U.S. 895 (1981) .......... 1, 2, 4

Lucas v. United States,
25 Cl. Ct. 298 (1992) .......... 11

Massie v. United States,
166 F.3d 1184 (Fed. Cir. 1999) .......... 7, 8

Massie v. United States,
226 F.3d 1318 (Fed. Cir. 2000) .......... 6, 7, 8

Mients v. United States,
50 Fed. Cl. 665 (2001) .......... 3, 10

Moore v. United States,
48 Fed. Cl. 394 (2000) .......... 4, 11

New York Life Ins. Co. v. United States,
118 F.3d 1553 (Fed. Cir.1997), cert. denied, 523 U.S. 1094 (1998) .......... 7

Sadeghi v. United States,
46 Fed. Cl. 660 (2000) .......... 4

Sanders v. United States,
252 F.3d 1329 (Fed. Cir. 2001) .......... 1, 4

Schnelle v. United States,
69 Fed. Cl. 463 (2006) ........ 1

Shaffer v. Veneman,
325 F.3d 370 (D.C. Cir. 2003) ........ 7

Silva v. United States,
51 Fed. Cl. 374 (2002) ........ 4

Stovall v. Veneman,
394 F.Supp. 2d 21 (D.D.C. 2005) ........ 9, 10

Trudeau v. United States,
68 Fed. Cl. 121 (2005) ........ 1, 2, 4, 12

United States v. King,
395 U.S. 1 (1969) ........ 12

United States v. Noland, Trustee,
517 U.S. 535 (1996) ........ 3

In Re: Will Sylvester Warren,
USDA Docket No. 1194 (December 19, 2002) ........ 3, 10, 12

Wheeler v. United States,
11 F.3d 156 (Fed. Cir. 1993) ........ 12

**STATUTES**

7 U.S.C. § 2279 (2000) ........ 3, 5, 9, 10

7 U.S.C. § 6912 ........ 5

7 U.S.C. § 6999 ........ 5

15 U.S.C. §§ 1691, et seq ........ 2

28 U.S.C. § 1491 ........ 3

**REGULATIONS**

7 C.F.R. § 2.25 (2004) ........ 5

7 C.F.R. § 2.89 (1998) ........ 5

7 C.F.R. § 15f (1999) ........ 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF"S RESPONSE[1]**
**BRIEF DISCUSSING THE COURT'S JURISDICTION**

Pursuant to the Court's order dated May 8, 2006, defendant, the United States, respectfully submits this reply to Mr. Stovall's supplemental response brief. In our supplemental brief, we again demonstrated that this Court lacks jurisdiction to entertain Mr. Stovall's claims alleging a breach of the Resolution Agreement because it was entered into by the Government in its sovereign capacity and it does not unmistakably subject the United States to damages in the event of a breach. See Sanders v. United States, 252 F.3d 1329, 1335 (Fed. Cir. 2001); Kania v. United States, 227 Ct. Cl. 458, 464, 650 F.2d 264, 269 (Ct. Cl.), cert. denied, 454 U.S. 895 (1981); American Floor Consultants v. United States, 70 Fed. Cl. 235, 238-39 (2006); Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006); Trudeau v. United States, 68 Fed. Cl. 121, 127 (2005); Griswold v. United States, 61 Fed. Cl. 458, 462 (2004). Mr. Stovall's response fails once again to identify a provision in the Resolution Agreement where the United States Department of Agriculture's ("USDA"), Office of Civil Rights ("OCR"), has "stepped off the throne" and engaged the purchase and sale "goods or services" in settling Mr. Stovall's Equal

[1] Mr. Stovall's response, entitled "Plaintiff's Supplemental Brief In Response To Defendant's Supplemental Brief Discussing The Court's Jurisdiction Of The Instant Matter." will be referred to in this reply as Mr. Stovall's "response" or "Pl. Resp."

Credit Opportunity Act ("ECOA") claim against the Farm Service Agency ("FSA"). Kania, 227 Ct. Cl. at 464, 650 F.2d at 268; Trudeau v. United States, 68 Fed. Cl. at 127-128. Accordingly, Mr. Stovall's complaint fails because the Resolution Agreement at the center of his case was not entered into by the USDA in its proprietary capacity.

Similarly, Mr. Stovall's response has failed to identify a single paragraph in the Resolution Agreement that sets forth a breach remedy that would entail monetary damages. This failure is also fatal to Mr. Stovall's complaint.

Instead, Mr. Stovall's reply is replete with broad, unsupported, conclusions of law regarding this Court's jurisdiction to entertain his complaint. Similarly, Mr. Stovall's claim that Mr. Walter Dellinger's April 18, 1994 memorandum ("Dellinger memo") puts this case "to rest" actually supports our argument that this Court does not possess the ability to entertain a claim for an alleged breach of his Resolution Agreement. Indeed, a close review of the Dellinger memo explains that there was only one statute, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, et seq., that even "partially" waived sovereign immunity for the Secretary of the USDA to award monetary relief.[2]

However, as demonstrated in our reply and supplemental briefs, claims made pursuant to the ECOA are limited to Federal district court, and must be filed within 2 years.[3] See also Hicks

[2] In the Court's May 8, 2006 Order, the Court instructed the United States to "indicate which federal courts, if any, have jurisdiction either to enforce the settlement agreement at issue herein or to award damages upon a breach thereof." We informed the Court that "[i]f any Court possessed jurisdiction to entertain Mr. Stovall's claims, it would likely have been a Federal district court had a timely claim been filed pursuant to the Equal Credit Opportunity Act." Def. Supp. Br. P. 15, Conclusion. Our position here is consistent with the Dellinger memo.

[3] We will also demonstrate in this reply that Mr. Stovall's ECOA-based claim is also outside the very limited time-frame to bring an ECOA based claim to this Court Congress

v. United States, 23 Cl. Ct. 647, 653 (1991). Mr. Stovall missed this filing deadline and now is trying to impermissibly extend the United States "partial" waiver of sovereign immunity noted in the Dellinger memo to cover alleged breach of settlement agreements in discrimination cases.

Finally, Mr. Stovall's reliance upon the administrative decision, In Re: Will Sylvester Warren, USDA Docket No. 1194 (December 19, 2002), does not provide support for this Court's jurisdiction. This decision was based upon a violation of the ECOA, not an alleged breach of contract.[4] Furthermore, "injunctive relief benefits" that Mr. Stovall contends support the Court's jurisdiction, are not supported by Federal Circuit precedent. Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994).

Finally, while Mr. Stovall's closing plea that he "deserves his day in Court" because it would be a "tragedy" if his claims were not heard is emotionally persuasive, that statement does not change the fact that his Resolution Agreement is not a contract whose alleged breach this Court possesses jurisdiction to entertain. Thus, while Mr. Stovall "may or may not have a valid policy argument [regarding this matter]," it is "up to Congress, not this Court, to revise" the requirements of the Tucker Act, 28 U.S.C. § 1491, "if it so chooses." United States v. Noland, Trustee, 517 U.S. 535, 538 n.3 (1996).

---

authorized when it enacted the Act of Oct. 21, 1998, Pub. L. No. 105-277, § 101(a), 112 Stat. 2681-30 (codified as a note to 7 U.S.C. § 2279 (2000)).; Mients v. United States, 50 Fed. Cl. 665, 669-670 (2001).

[4] The decision, In Re: Will Sylvester Warren, was made pursuant to a Section 741 hearing. A Section 741 hearing is the adjudication process for certain civil rights discrimination complaints filed administratively with USDA, as authorized by section 741 of the Agriculture, Rural Development, Food and Drug Administration, and Related Agencies Appropriations Act, 1999, enacted in Division A, section 101(a) of the Omnibus Consolidated and Emergency Supplemental Appropriations Act, 1999, Pub. L. 105–277. See 7 C.F.R. part 15f (1999).

## ARGUMENT

### I. Controlling Precedent Mandates Dismissal Of Mr. Stovall's Complaint Because The USDA Was Not Acting In A Proprietary Capacity When It Entered Into The Resolution Agreement With Mr. Stovall

Mr. Stovall's response fails to address the binding precedence of Kania v. United States and Sanders v. United States, nor does he attempt to distinguish the numerous decisions from this Court that support dismissal of the complaint. It is beyond dispute that the Tucker Act is not a limitless waiver of sovereign immunity for claims based in contract, or that the waiver of sovereign immunity for contract claims is limited to contracts executed by the United States in its proprietary capacity. See Horowitz v. United States, 267 U.S. 458, 461 (1925); Sanders v. United States, 252 F.3d at 1335; Awad v. United States, 301 F.3d 1367, 1375 (Fed. Cir. 2002), Kania v. United States, 227 Ct. Cl. at 464, 650 F.2d at 269; American Floor Consultants v. United States, 70 Fed. Cl. at 238-39; Trudeau v. United States, 68 Fed. Cl. at 127; Silva v. United States, 51 Fed. Cl. 374, 377 (2002); Moore v. United States, 48 Fed. Cl. 394, 397 (2000); Sadeghi v. United States, 46 Fed. Cl. 660 (2000); Doe v. United States, 37 Fed. Cl. 74, 77 (1996); Drakes v. United States, 28 Fed. Cl. 190 (1993); Commonwealth of Kentucky, Natural Res. and Envtl. Protection Cabinet v. United States, 27 Fed. Cl. 173, 179 (1992); Grundy v. United States, 2 Cl. Ct. 596, 598 (1983). Because Mr. Stovall has failed in all four of his filings to identify a provision in the Resolution Agreement where the USDA's OCR has "step[ped] off the throne and engage[d] in purchase and sale of goods, lands, and services, transactions such as private parties, individuals or corporations," his claim fails here. Kania v. United States, 227 Ct. Cl. at 464, 650 F.2d at 268.

Mr. Stovall has also not made any attempt to distinguish the sovereign nature of the actions of the OCR in settling his discrimination claim with those proprietary claims involving the FSA.[5] When the Director of the OCR ("Director") entered into the Resolution Agreement with Mr. Stovall, the Director was tasked to "[p]rovide overall leadership, coordination, and direction for the Department's programs of civil rights, including program delivery compliance and equal employment opportunity . . ." 7 C.F.R. § 2.89(a)(1)(1998).[6] A primary function of the Director was "to enforce related Executive Orders, Congressional mandates, and other laws, rules, and regulations, as appropriate." 7 C.F.R. § 2.89(a)(1)(vi) (1998). Additionally, the Director was granted authority to perform investigations and conduct compliance reviews within the USDA of discrimination complaints. 7 C.F.R. § 2.89(a)(13) (1998). Although there was no specific authority set forth in the USDA's regulations at that time that authorized the Director to enter into agreements like the Resolution Agreement here, that authority was subsequently specifically granted. See 7 C.F.R. § 2.89(a)(30)(2000)(the Director, pursuant to 7 C.F.R. 2.24(a)(4), which cites to 7 U.S.C. § 2279(a), was delegated the authority to "[m]ake final

---

[5] Ironically, if this was not a claim involving alleged discrimination by USDA agencies, this Court would clearly lack jurisdiction to entertain a breach of contract claim involving agencies of the USDA. It is well-settled that claims contesting proprietary aspects of the FSA's farm loan program, including loan denial decisions, are not cognizant in this Court because the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994 (P.L. 103-354) mandates administrative review in such cases by the Department's National Appeals Division and judicial review in a district court. 7 U.S.C. §§ 6912(e), 6999. See Farmers & Merchants Bank of Eatonton, Georgia v. United States, 43 Fed. Cl. 38, 43-44 (1999); see also Ace Property & Casualty Ins. Co. v. United States, 60 Fed. Cl. 175, 182-8 (2004) (holding that the Court lacked jurisdiction to entertain a breach of contract claim brought by crop insurers seeking damages for an alleged breach of standard reinsurance agreements).

[6] The duties and responsibilities of the OCR are now performed by the Assistant Secretary for Civil Rights, and are set forth at 7 C.F.R. § 2.25 (2004).

determinations, or enter into settlement agreements, after legal sufficiency reviews by the Office of the General Counsel, on discrimination complaints in conducted programs subject to the Equal Credit Opportunity Act."),

Clearly, the Director performs these duties in a sovereign capacity because these functions are very similar to those typically performed by law enforcement (investigations) and judicial officers (conflict resolution). Mr. Stovall has not, nor could he, contend that the Director was performing in any other capacity.

At bottom, when the OCR entered into the Resolution Agreement with Mr. Stovall, it was merely performing its role of ensuring that USDA agencies comply with Federal civil rights laws. It was not performing a business function that is traditionally found in the marketplace. As we have demonstrated in our supplemental brief, and Mr. Stovall has not challenged, the Resolution Agreement did "not contemplate an enlargement of [Mr. Stovall's] rights." Good v. United States, 23 Fed. Cl. 744, 746 (1991). The Director was memorializing Mr. Stovall's existing entitlements. Id. As such, this Court lacks jurisdiction to entertain Mr. Stovall's claims of breach of the Resolution Agreement because it was entered into by the Government in its sovereign capacity.

## II. Controlling Precedent Mandates Dismissal Of Mr. Stovall's Complaint Because The Resolution Agreement Does Not Contain Any Provision Entitling Mr. Stovall To Actual, Presently Due Money Damages From The United States In The Event Of A Breach

Mr. Stovall's response also fails to identify which provision of the Resolution Agreement, if breached, would entitle Mr. Stovall to presently due money damages. See Massie v. United States, 226 F.3d at 1321 ("[A] plaintiff who seeks redress in the Court of Federal Claims must present a claim for 'actual, presently due money damages from the United

States.'"(citations omitted)). In his brief, Mr. Stovall fails to address the cases we cite in our reply and supplemental brief.[7] Mr. Stovall merely asserts that in his briefs that he is entitled to $4.5 million.[8] Stovall Decl. P. 4. However, Mr. Stovall has failed to explain where that amount comes from in relation to the plain language of the Resolution Agreement as there is not one provision in the Resolution Agreement that mentions this figure.

At bottom, Mr. Stovall contends that he satisfies this Court's jurisdictional requirements because he states he has a contract with the Government and that he is seeking money damages, and nothing more. It is well-settled however that this does not satisfy the money-mandating criterion. See New York Life Ins. Co. v. United States, 118 F.3d 1553, 1556 (Fed. Cir.1997), cert. denied, 523 U.S. 1094 (1998); Eastport Steamship Corp., 178 Ct. Cl. 599, 372 F.2d 1002, 1008-1009 (1967). Accordingly, as we have demonstrated in all of our filings, this failure by Mr. Stovall to point to a particular provision of the Resolution Agreement that authorizes money damages if breached is also fatal to his complaint. American Floor Consultants, 70 Fed. Cl. At 238-39; Griswold, 61 Fed. Cl. at 462.

Mr. Stovall specifically contends in his response that the following cases "stand for the proposition that the Court has jurisdiction" to entertain his complaint: Massie v. United States, 226 F.3d 1318 (Fed. Cir. 2000)("Massie II"); Massie v. United States, 166 F.3d 1184 (Fed. Cir. 1999)("Massie I"); Shaffer v. Veneman, 325 F.3d 370 (D.C. Cir. 2003); Hall v. United States, 69 Fed. Cl. 51 (2005). Pl. Resp. P. 3. While these cases do state the well-recognized jurisdictional

---

[7] In our reply brief, these cases are set forth on pages 5 through 11. In our supplemental brief, they are discussed on pages 8 though 10.

[8] In his complaint, Mr. Stovall did not quantify his damages, he merely contends his pecuniary and non-pecuniary damages are "almost incalculable." Compl. ¶ 19.

threshold of this Court, i.e., this Court possesses the ability to entertain contract claims seeking $10,000 in damages, as we explained in our supplemental brief, they do not hold that this Court possesses jurisdiction to entertain Mr. Stovall's claims regarding the Resolution Agreement.

Furthermore, the decisions in Massie I and Massie II actually support the Government's position that the Court lacks jurisdiction here because the Resolution Agreement is almost entirely concerned with how the FSA and Mr. Stovall will conduct future loan applications. Unlike the settlement agreement at the center of Massie, which had specific monetary damages provision included in the agreement, there is no language in Mr. Stovall's Resolution Agreement that is "unambiguously mandatory and says unequivocally that [Mr. Stovall] must receive the payments." Massie, 116 F.3d at 1190; Massie v. United States, 226 F.3d at 1321.

Finally, as we will discuss below, unlike Ms. Massie, who did not have judicial recourse to challenge the military's decision regarding her tort claim, Mr. Stovall could have challenged the FSA's handling of his loan agreements in Federal district court pursuant to the ECOA. Mr. Stovall's ability to bring his claims of discrimination to a judicial forum also distinguishes his case from Massie I and Massie II. In Massie I, the Federal Circuit determined this Court possessed jurisdiction to entertain an agreement to pay an Military Claims Act claim because "it is more akin to a procurement contract than a settlement agreement." Massie, 166 F.3d at 1188. The Federal Circuit noted that:

> [b]oth the contracting officer and the Secretary have authority to form contracts with bidders and MCA claimants, respectively. Like the Secretary's decision to pay an MCA claim, the contracting officer's decision to award a contract is discretionary. Like an MCA claimant, a contract bidder has no judicial recourse if the contracting officer declines to enter into a contract with it (assuming legality in the award).

Id. To the contrary, Mr. Stovall could have had "his day in court" in Federal district court, where ECOA based claims that are timely filed are litigated. Hall v. United States, 69 Fed. Cl. 51, 56 (2005)(citing Hicks v. United States, 23 Cl. Ct. 647, 653 (1991).

## III. The Dellinger Memo Makes Clear That Mr. Stovall's Remedy For His Discrimination Claims Is In Federal District Court Pursuant To The Equal Credit Opportunity Act

The Dellinger memo does not state that this Court possesses jurisdiction over discrimination claims arising out of the USDA's farm loan program. Indeed, the Dellinger memo's opinion is that the USDA may only award damages for discrimination claims pursuant to the ECOA. Dellinger memo, pp. 17-20. However, Mr. Stovall's ECOA claim was brought too late in Federal district court, and was dismissed. Stovall v. Veneman, 394 F.Supp. 2d 21, 25 (D.D.C. 2005).

Furthermore, after the Dellinger memo was issued, Congress enacted legislation that demonstrated its intent that Mr. Stovall's claims, which are based upon violations of ECOA, are not to come before this Court now. In 1998, Congress enacted Public Law 105-277. That section provided for a temporary waiver of the established statute of limitations for certain discrimination actions. See Pub. L. 105-277, Div. A, § 101(a). (This provision appears as a note to 7 U.S.C. § 2279). Specifically, Public Law 105-277, Div. A, § 101(a) states, in pertinent part, as follows:

> (a) To the extent permitted by the Constitution, any civil action to obtain relief with respect to the discrimination alleged in an 'eligible complaint,' if commenced not later than 2 years after the date of the enactment of this Act [Oct. 21, 1998], shall not be barred by any statute of limitations.

P.L. 105-277, Div. A, § 101(a). Additionally, for a limited period of time, Public Law 105-277 authorized this Court to entertain these claims. P.L. 105-277, Div. A, § 101(d); Mients v. United States, 50 Fed. Cl. 665, 669-70 (2001).

Mr. Stovall can not rely upon the above statute because his complaint clearly does not satisfy the strict criteria Congress enacted in the statute. Specifically, pursuant to subsection (a), the statute of limitations waiver applies only to an action commenced not later than 2 years after the date of the enactment of this Act," i.e. October 21, 1998. Mr. Stovall's complaint here was filed on April 21, 2005, and his district court complaint was filed in January 2004. Therefore, the waiver provision does not pertain to Mr. Stovall's claim. Stovall v. Veneman, 394 F.Supp. 2d at 25, citing Mients v. United States, 50 Fed. Cl. 665, 669-70 (2001).

Moreover, Congress clearly was aware of the strict limitations regarding the timeliness and available forums for claims based upon the ECOA when it enacted Public Law 105-277. Noteworthy is that Congress only provided for a two-year window to extend the statute of limitations, and did not extend this Court's jurisdiction to entertain these claims beyond that period. P.L. 105-277, Div. A, §§ 101(a); 101(d). The Court should refrain from becoming involved here in what is a late ECOA claim now cloaked as a breach of contract action. See Massie, 166 F.3d at 1189 (noting that review by this Court that would require "review of the substantive issues" of a settlement agreement to determine "the existence and extent of the government's liability," and not, the enforcement of "an express contract embodying" entitlement to breach damages is not within the bounds of Tucker Act review); Amin v. Merit Systems Protection Board, 951 F.2d 1247 (Fed. Cir.1991); Bobula v. United States Department of Justice, 970 F.2d 854 (Fed. Cir.1992).

Similarly, the administrative decision of In Re: Will Sylvester Warren provides no support for this Court's jurisdiction. That settlement was reached pursuant to an admitted ECOA violation. We are not contesting that the Government would be liable for compensatory damages for violating ECOA. Indeed, we believe that is the proper basis for any remedy Mr. Stovall might seek. However, unlike Mr. Warren, Mr. Stovall's complaint here is not alleging a violation of ECOA because he failed to make a timely filing of that matter in Federal district court. Instead, Mr. Stovall's complaint is one seeking breach of contract damages, and as we have demonstrated in all our filings, the plain terms of the Resolution Agreement do not contemplate the award of monetary damages for its breach.[9]

Additionally, Mr. Stovall's admission that "the injunctive relief provisions of the Resolution Agreement were intended . . . to convey an economic benefit upon [Mr. Stovall]" is more evidence that the Resolution Agreement falls outside of the Court's jurisdictional

---

[9] The sole remedy provision was for Mr. Stovall to present allegations of a breach of the Resolution Agreement to the agency in an administrative fashion. The Resolution Agreement's plain terms state that:

> That this matter is resolved through this settlement agreement. If the terms of this agreement are not carried out (other than a result of actions by Mr. Stovall), Mr. Stovall may request specific performance of the terms or reinstatement of his complaints by writing to the Director, Civil Rights, USDA, Room 326-W, Washington, D.C., 20250. This request should be filed as soon as practical but no later than 60 days of the date Mr. Stovall knows or reasonably should have known of the alleged failure to implement the agreement.

Resolution Agreement p. 4, ¶ 8. Mr. Stovall has not shown that he timely requested resolution or demanded specific performance. Thus, this fact also mandates dismissal of his claims. Lucas v. United States, 25 Cl. Ct. 298, 308 (1992)(citations omitted); see also Moore v. United States, 48 Fed. Cl. 394, 399-400 (2000) (dismissing complaint because the terms of the contract must be adhered to and in this case, barred recovery).

boundaries. See Pl. Resp. P. 4. First, this statement is an admission that the Resolution Agreement does not contain a damages provision that " unmistakably subject[s] the United States to damages in the event of breach." Trudeau v. United States, 68 Fed. Cl. at 127. Second, this statement also makes clear that damages in In Re: Will Sylvester Warren were based upon injunctive relief. However, in Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994), the Federal Circuit stated that:

> The Court of Federal Claims is an Article I trial court of limited jurisdiction that was created by Congress as a forum where private parties could sue the government for money claims, other than those sounding in tort, where the claims would otherwise be barred by sovereign immunity. . . . The remedies available in that court extend only to those affording monetary relief; the court cannot entertain claims for injunctive relief or specific performance, except in narrowly defined, statutorily provided circumstances not here pertinent. See, e.g., 28 U.S.C. § 1491(a)(3) (granting the Court of Federal Claims injunctive power in pre-award bid protest cases).

see also United States v. King, 395 U.S. 1, 3 (1969)(Tucker Act did not expand jurisdiction of Court of Federal Claims to equitable matters); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)("Court of Federal Claims has no power to 'grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'")(citations omitted); Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993)(Court of Federal Claims lacks authority to grant injunctive or declaratory relief absent a "concurrent colorable claim for monetary recovery")(citation omitted).

## CONCLUSION

For these reasons, and those set forth in our opening motion to dismiss, reply, and supplemental briefs, we respectfully request that the Court dismiss the amended complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

OF COUNSEL:
RICK GIBSON
Office of the General Counsel
United States Department of Agriculture
Washington, D.C.

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0383
Fax: (202) 353-7988

May 26, 2006

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 26, 2006, a copy of the foregoing "**DEFENDANT'S REPLY TO PLAINTIFF"S RESPONSE BRIEF DISCUSSING THE COURT'S JURISDICTION**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle