**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL,** | ) | |
| | ) | **Electronic Filing** |
| **Plaintiff,** | ) | |
| | ) | **No. 05-400C** |
| **v.** | ) | |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), on behalf of both parties, and with the concurrence of counsel for plaintiff, Michael W. Stovall, the United States respectfully submits the following preliminary status report in response to the questions set forth in paragraph 4 of Appendix A. When necessary, Mr. Stovall and the United States will present their separate views on these subjects.

a. **Does the Court have jurisdiction over this action?**

Plaintiff states that the Court possesses jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. For the reasons stated in its motion to dismiss, which has been denied by the Court, the defendant does not believe that the Court possesses jurisdiction to entertain this action.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **<u>Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?</u>**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **<u>Will a remand or suspension be sought?</u>**

Neither of the parties will seek remand or suspension.

f. **<u>Will additional parties be joined?</u>**

The parties agree that they will not join any additional parties.

g. **<u>Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?</u>**

After discovery has been completed, the United States anticipates submitting a motion for summary judgment pursuant to RCFC 56.

h. **<u>What are the relevant issues?</u>**

1. Whether defendant breached the Resolution Agreement;

2. What mitigation Mr. Stovall undertook for each alleged breach; and

3. What damages Mr. Stovall suffered as a result of each alleged breach.

i. **<u>What is the likelihood of settlement?</u>**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to utilizing an ADR method. Some discovery will be necessary, however, before the parties can realistically engage in settlement discussions, and the parties agree that any ADR methodology should be established at or near the conclusion of the discovery period.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately one week. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in Washington, DC.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

There is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Answer to Complaint | August 31, 2006 |
| Exchange of Initial Disclosures | September 31, 2006 |
| Close of Fact Discovery | March 31, 2007 |
| Plaintiff's Expert Report Due (if any) | June 1, 2007 |
| Defendant's Expert Report Due | July 20, 2007 |
| Deadline for Expert Depositions | August 31, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/James W. Myart, Jr.
JAMES W. MYART, JR.
James W. Myart, Jr., P.C.
The Preston House
1104 Denver Boulevard
Suite 300
San Antonio, Texas 78210
Tel. (210) 533-9461
Fax. (210) 533-4815

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax (202) 514-8624

Attorneys for Defendant

August 7, 2006

**CERTIFICATE OF FILING**

I hereby certify that on August 7, 2006, a copy of the foregoing "**PRELIMINARY STATUS REPORT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK