**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL,** | ) | |
| | ) | **Electronic Filing** |
| **Plaintiff,** | ) | |
| | ) | **No. 05-400C** |
| **v.** | ) | |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

On behalf of both parties, and with the concurrence of counsel for plaintiff, Michael W. Stovall, the United States respectfully submits the following joint status report in response to this Court's August 25, 2006, Order requiring the parties to submit a joint status report setting forth the parties' views about "whether this case would benefit from the use of an ADR process, and if so, in what form." The parties' separate positions are as follows.

**Defendant's Statement**

The United States does not request ADR at this time. As we represented to the Court during the August 25, 2006, telephonic status conference in this case, the parties have attempted to negotiate a settlement. Those negotiations have not been successful. From the defendant's perspective, the major stumbling block has been the plaintiff's failure to provide substantiating documentation for his $4 million claim. The plaintiff has now produced his Rule 26(a)(1) disclosures, but they too fail to substantiate his claim. Defense counsel orally notified plaintiff's counsel of this deficiency, and plaintiff's counsel indicated that he will remedy it.

The United States remains hopeful that the parties will eventually reach an amicable resolution to this case. However, we do not believe that an ADR proceeding at this time would move this case to resolution. Instead, the United States respectfully requests that this case be

allowed to proceed to discovery under the schedule previously set by this Court.

**Plaintiff's Statement**

Your Honor, It is my sincere belief the government, particularly, the USDA, dubbed, the "Last Plantation," does not operate in good faith and wishes only to continue its well documented, racists and discriminatory actions toward Black Farmers, i.e., Pigford v. Veneman; In Re: Warren; Civil Rights Action Team Report, etc., etc. This considered view is based on my 10 years of experience in dealing with the USDA and the DOJ lawyers; and, in this case, specifically, the USDA and DOJ's duplicitous jurisdictional arguments, all done intentionally to the further damage to Mr. Stovall.

Your Honor, as previously stated to the Court, Mediation is appropriate at this stage of the litigation. The Supreme Court and the District Courts, and I presume, the Court of Claims, at the recommendation of the Honorable Supreme Court Justices and the Federal Appellate Judges, have adopted a serious ADR Program and have strongly suggested that the various Bars make good faith efforts by participating in the ADR program.

It has been my experience that government lawyers and their client, government departments, particularly, the USDA, are less likely to participate, and, in fact, resist any and all efforts to mediate cases.

For example, Your Honor, in 1993, four Black Farmers (the very first Black Farmers to do so), with the exact claims as plaintiff here, sued, the USDA.

US District Judge Flannery became so frustrated with the antics of the DOJ lawyers he, above the strenuous objections of the DOJ, like Mr. Wolak, his superiors and the USDA lawyers here, he ordered the cases to mediation.

The results of the Ordered Mediation, despite the DOJ and USDA's vociferous objections before Judge Flannery, follow:

| | | |
|---|---|---|
| a. | Williams v. Glickman, 1:94-cv-00523 (THF) | Successfully settled |
| b. | Long v. Glickman, 1:94-cv-00524 (TAF) | Successfully settled |
| c. | Bowie v. Espy, 1:94-cv-00525 (TAF) | Successfully settled |
| d. | Powell v. Espy, 1:94-cv-00526 (TAF) | Successfully settled |

Mediation is sound, and, of course, such an order is within the complete discretion of this Court.

Plaintiff seeks the Court order this matter to mediation before any other discovery is commenced.

Finally, it is totally incorrect that there has been a settlement negotiation in this matter. Plaintiff submitted a settlement demand to the Defendant over a year ago. Plaintiff received, just two days ago, a one-line letter from the government rejecting the year old offer to settle. Plaintiff does not consider this a settlement negotiation in the least. Plaintiff has attempted numerous times to negotiate with the Defendant both in the US District Court action and the matter before this Court. Defendant did not respond at all to the settlement offer in the District Court proceeding; and Defendant has not attempted settlement negotiations in this Court's proceeding -- notwithstanding its representation to the Court during the hearing on the jurisdictional arguments.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DEBORAH A. BYNUM
Assistant Director

JAMES W. MYART, JR.
James W. Myart, Jr., P.C.
The Preston House
1104 Denver Boulevard
Suite 300
San Antonio, Texas 78210
Tel. (210) 533-9461
Fax. (210) 533-4815

Attorney for Plaintiff

DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax (202) 514-8624

Attorneys for Defendant

October 13, 2006

# CERTIFICATE OF FILING

I hereby certify that on October 13, 2006, a copy of the foregoing "**JOINT STATUS REPORT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK