**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge F. Allegra)** |
| | ) | |
| **THE UNITED STATES OF** | ) | |
| **AMERICA** | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL USA TO ANSWER INTERROGATORIES PRODUCE DOCUMENTS AND TO PRESENT CLYDE THOMPSON FOR DEPOSITION SUBPOENA DUCES TECUM AND FOR SANCTIONS AND FOR EMERGENCY RULING OR HEARING**

Comes now Plaintiff Michael Stovall and files this Plaintiff's Motion to Compel USA to Answer Interrogatories, Produce Documents and to Present Clyde Thompson Subpoena Duces Tecum for Deposition, for Sanctions and for Emergency Ruling or Hearing and would show upon the Court the following:

**FACTUAL BASIS JUSTIFYING THE MOTION**

**AND IMPOSITION OF SANCTIONS**

1. Despite Counsel's reluctant and continued approvals[1] of the USA'S numerous and verifiable requests for extension after extension of time[2] to respond to

**[1] Counsel believes that he has gone far beyond professional courtesy in his lenient approvals of the numerous requests of Mr. Wolack to allow more time to respond to discovery. Counsel further believes that and has bent over backwards in not filing a motion to compel because he was lead to believe that there was good cause to approve the extension requests.**

**[2] The Court is asked to note that discovery in this case has been extended several times. The Court is informed that Plaintiff has agreed with the USA to extend discovery primarily because the USA has been dilatory in responding to discovery and because Counsel was under the mistaken belief that the USA would cooperate in discovery in spite of the USDA's notorious representation in not doing so in the black farmer discrimination cases. Mr. Wolack assured Counsel that it was the Civil Division of the DOJ that was in charge of the case and not the attorneys in the USDA Office of General Counsel. Counsel makes these representations under the penalty of perjury.**

discovery, the USA has delivered discovery nearly five (5) months beyond the discovery delivery date allowed under the rules and brazenly and refused, and continues to refuse, and failed to adequately respond to discovery after Counsel's repeated inquiries as to the deficiencies of interrogatory answers and production of documents.

2. Despite Counsel's vociferous protestations, verbal and e-mail to the USA, and Counsel's repeatedly expressed concerns[3], the USA delivered to Counsel a CD of the discovery documents. Counsel still not receive the documents until three or four days after receiving the CDs, such CDs not being responsive to the attached requests for production, under rules 33 and 34.

3. When Counsel only recently received nearly two full boxes of documents, he discovered that the documents produced did not relate at all in the order in which the requests were made. Counsel can not make heads or tails of which documents were/are responsive to which specifically numbered and individual request(s).

4. On are about July 31, 2007 and after numerous discussions with the USA, all through the months of June and July, about deposition scheduling, Counsel, in accordance with the rules, noticed the depositions subpoena duces tecum of Clyde Thompson, former Assistant Secretary for Civil Rights, Johnny Toles, FSA Director of Office Civil Rights, FSA Deputy Administrator Carolyn Cooksie and Sam Snyder, Assistant to ms. Cooksie. The USA confirmed receipt via e-mail of the notices, and Mr. Wolack said, "The government will produce the witnesses, Mr. Myart." Counsel, based

[3] **Counsel continuously warned Mr. Wolack that the USDA and its internal Counsel that the USDA would not be honest and forthright in its responses to the Justice Department and would not cooperate in good faith in discovery. Counsel further warned Mr. Wolack that if he, as the USA/USDA's counsel, would be ridiculed by the USDA if he insisted upon providing truthful discovery responses. Mr. Wolack may verify this to the Court if asked. Counsel further makes these declarations under the penalty of perjury.**

on the USA'S agreement to product the witnesses, (a) made the logistical arrangements to travel to Washington, (b) to acquire a court reporter and (c) to feverishly prepare for the upcoming depositions. Notices attached.

5. On or about August 19, 2007 and at the eleventh hour, Counsel received from Mr. Wolack a letter stating that the USA/USDA does not intend to produce Mr. Clyde Thompson, now, for his deposition claiming, for the first time, that he does not have to appear at the deposition because he is a top ranking official. The letter includes an affidavit, signed under oath, from Mr. Thompson claiming that he does not know or recall anything regarding Mr. Stovall. The affidavit is made despite the fact that Mr. Stovall has produced documents to the USA/USDA that contain Mr. Thompson's name as c/o addressee regarding the substance of the suit before the Court.

6. The USA/USDA not only agreed to produce Mr. Thompson for his deposition, but also the USA/USDA did not file a motion quash Mr. Thompson's deposition, nor has the USA/USDA filed a protective order motion. This conduct files in the face and spirit of the discovery rules. More, it is indicative of Counsel's admonition to Mr. Wolack that the USDA and its Office of General Counsel would not cooperate with discovery no matter the rules or the authority of the Court[4].

7. More, Counsel has pleaded with the USA/USDA to produce the settlement agreements similar to the Stovall/USDA settlement agreement at issue here. Mr. Wolack has stated that "they (USDA) can not find the agreements," because the USDA is a big organization." Counsel has asked for the agreements and notices from the USDA of other

[4] **See Court's Published Opinion, dated July 5, 2006, Court's description on conduct of USA'S attorneys in this matter, and the Court's apparent consideration of the imposition of sanctions same but decision not to at that time impose sanctions against the USA.**

black farmers of the breaches of those agreements not to prove the facts of the instant matter asserted but rather to show the trier of fact, the Court, the pattern and practice of the USA/USDA in violating the settlement agreements and further discriminating against black farmers, such discrimination being manifested through breach of the very agreements purporting to settle the initial discrimination claims filed by black farmers in the first place.

8. On information and belief, Counsel believes and therefore asserts that the USDA had or may have the agreements and may have either expoliated or hidden them in order to not respond to discovery in direct contravention of the law and the Court's authority.

9. This whole affair has damaged Plaintiff and Counsel specifically and directly. Counsel has (a) expended at least five-ten ten (5-10) hours attempting to make heads and tails of the five-month late production documents; (b) expended time and energy traveling to Washington D.C. for properly noticed depositions of all the noticed USDA employees; spent hours communicating with Mr. Wolack regarding the discovery; and, (c) spent at least three hours preparing this motion, which Counsel considers a terrible waste of resources in view of the fact that a deposition is to start in 45 minutes from this writing.

**SPECIFIC NON-RESPONSIVENESS TO INTEROGATORIES AND REQUEST FOR PRODUCTION**

10. On or about February 27, 2007, Plaintiff propounded, pursuant to FRCP 33 and 34 and the local rules of the Federal Court of Claims, on Defendant USA the

following discovery:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA and PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT UNITED STATES OF AMERICA**

Documents attached as exhibits 1 and 2; same being incorporated herein as if fully stated verbatim.

11.

**USA/USDA NON-RESPONSIVENESS, INCOMPLETE AND POSSIBLE UNTRUE ANSWERS TO INTEROGATORIES**

**INTERROGATORY NO. 7:** Please identify each and every person who has complained of breach of contract by the USDA in connection with any actual and proposed settlement agreements resulting from complaints of discrimination by the USDA against them whether such complaints occurred in programs or employment. (Identify means state the date the action occurred or actions complained of occurred, the identity of the person receiving the complaint, the action taken to investigate the complaint, the persons investigating any such complaints, the persons negotiating any such proposed and/or actual settlement agreements, and detail what the status of any such complaint action was taken and identify each and every witness to the action taken.)

**The USA/USDA answer includes only complaints filed in US District Court and not the administrative complaints. The answer does not include the administrative complaints filed with the Office of Civil Rights that Counsel is directly and expressly aware exists. In fact, Counsel gave Mr. Wolack the names of the specific black farmers. Mr. Wolack recently verbally said, "They (USDA) can not find them." This is outrageous because most if not all of the complaints and resulting settlement agreements contain the exact programmatic relief provisions as are contained in the Stovall/Resolution Agreement**

**INTERROGATORY NO. 8:** Please identify each and every person who participated in the Stovall settlement agreement negotiations that resulted in the USDA/Stovall settlement agreement. Describe each such person's role, title and involvement therein and state what testimony you expect each to give at trial and/or in

affidavit or deposition.

**The answer does not include all the names of the USDA employees who attended the settlement negotiations. Counsel knows this is an untrue answer because Counsel was present at the negotiations for at least five black farmers.**

**<u>INTERROGATORY NO. 10</u>:** Please identify each and every person who was responsible in and for the implementation of the injunctive relief portions of the USDA/Stovall settlement agreement and describe in detail what actions each such identified person took to implement the injunctive relief provisions of the USDA/Stovall settlement agreement.

**On information and belief, the answer given is incomplete**

**<u>USA/USDA NON-RESPONSIVENESS TO PLAINTIFF'S REQUEST FOR PRODUCTION</u>**

12. All of the USA/USDA'S production is unresponsive as Counsel can not tell which documents are responsive to which specifically numbered responses. Specifically, the USA/USDA has wholly failed to produce the settlement agreements of the black farmers who have complained of breach of contract of settlement agreements similar to the Stovall/USDA Resolution Agreement claiming that can not find the. Counsel knows that such documents exist because Counsel represented some of these black farmers making such complaints and, himself, filed such complaints.

13. Counsel provides below just a sample of the plethora of e-mails between Mr. Wolack and Counsel regarding the USA/USDA'S non-responsiveness to discovery:

> Mr. Wolack, I have not received your responses to discovery. According to my calculation (based on my e-mail delivery of the discovery), your time to respond has expired. Of course, all objections have been waived.
>
> Please indicate when the discovery will be delivered. Unfortunately, if I do not receive the discovery by this Friday, I will be forced to file a Motion to Compel.
>
> Once I receive the discovery, we can talk about depositions.
>
> Also, this acknowledges receipt of Defendant's Discovery to Plaintiff.

James Myart

-----Original Message-----
From: Wolak, Devin (CIV) [mailto:Devin.Wolak@usdoj.gov]
Sent: Monday, April 02, 2007 2:59 PM
To: James W Myart Jr.
Subject: Stovall v. US (CFC No. 05-400) Def's Interrogs and RFPs

Please see attached. Original will arrive via U.S. Mail. Please let me know if you have any trouble with this transmission.

Also, counsel at the USDA is still working diligently on responses to your discovery requests and I will have them to you as soon as I can.

Finally, we should speak soon about scheduling depositions. I recall that you had mentioned a number of people that you would like to depose. To make sure everyone's schedules work together, we should begin the process within the next week or so.

Thanks, D

Devin Wolak
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005) Tel. (202) 616-0170 Fax. (202) 514-8624 devin.wolak@usdoj.gov

--------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

--
No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.446 / Virus Database: 268.18.24/741 - Release Date: 3/31/2007 8:54 PM

--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.446 / Virus Database: 268.18.25/745 - Release Date: 4/3/2007 12:48 PM

Mr. Myart,

Thanks for the email, and I assume this subject matter is what your call was about. I was unexpectedly out of the office this morning; that is why I am returning this email at noon.

Thank you for the notice regarding cancelling Mr. Wright's deposition. I will consult with the agency and let you know whether we desire to separately depose Mr. Wright.

Regarding the depositions of the new deponents, I have already begun my attempts to schedule them. However, I am compelled to inform you that this is relatively short notice, and I may not be able to coordinate everyone's schedules in such a short time period. I am not optimistic about obtaining any of the witnesses for their depositions tomorrow, Tuesday June 12, 2007, and I am only slightly more optimistic about being able to coordinate the depositions for Friday, June 15, 2007. I am, however, happy to produce Ms. Cooksie, at least, for her deposition at a time in the near future that accommodates everyone's schedule (assuming we cannot accommodate you this wee due to the short notice).

Regarding Ms. True and Mr. Gibson, those individuals are not listed on our 26(a)(1) witness list, and Ms. True is not listed on yours (though I see that Mr. Gibson is). Would you please let me know what issues you will depose these two individuals upon so that I can better inform others here at the DOJ why they should be deposed? To be clear, I am only asking for clarification at this point; I reiterate my belief that we have had a good working relationship in this case and I wish to maintain the quality of that relationship. It would help me to know the testimony of these two individuals will relate to the alleged breach of Mr. Stovall's 1998 contract.

I will follow this email with a telephone call.

Devin Wolak
(202) 616-0170
devin.wolak@usdoj.gov

Mr. Myart,

The Rules do not provide that the time for responding to discovery (or any other filing or action) runs from the electronic delivery of a courtesy copy, but rather service of the hard copy. Because I didn't receive your discovery until on or about March 9, 2007, I believe I still have some time. Nevertheless, your message arrives at a serendipitous time -- agency counsel forwarded me draft responses to your discovery requests yesterday afternoon, so I am submitting those for review and hope to have them to you by the end of the week, and, if not that, by early next week.

I assure you that we have been working diligently on providing you complete and thorough answers to your discovery requests, and I wish to continue to work cooperatively on this case as we have in the past. In that respect, I do not believe a motion to compel is warranted at this time (or on Friday). Also, just so there is no misunderstanding, it is our position that this email exchange does not fulfill the Rules' meet-and-confer requirement for such motions.

Again, thanks for your attention to this case and I hope to be able to talk to you about scheduling depositions early next week.

Sincerely,

Devin Wolak
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005) Tel. (202) 616-0170 Fax. (202) 514-8624 devin.wolak@usdoj.gov

-----------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

-----Original Message-----
From: James W Myart Jr [mailto:jwmyartlaw@satx.rr.com]
Sent: Wednesday, April 04, 2007 7:36 AM
To: Wolak, Devin (CIV)
Cc: gmyart@satx.rr.com; jamesec3@yahoo.com
Subject: RE: Stovall v. US (CFC No. 05-400) Def's Interrogs and RFPs

Mr. Wolack, I have not received your responses to discovery. According to my calculation (based on my e-mail delivery of the discovery), your time to respond has expired. Of course, all objections have been waived.

Please indicate when the discovery will be delivered. Unfortunately, if I do not receive the discovery by this Friday, I will be forced to file a Motion to Compel.

Once I receive the discovery, we can talk about depositions.

Also, this acknowledges receipt of Defendant's Discovery to Plaintiff.

James Myart

-----Original Message-----
From: Wolak, Devin (CIV) [mailto:Devin.Wolak@usdoj.gov]
Sent: Monday, April 02, 2007 2:59 PM
To: James W Myart Jr.
Subject: Stovall v. US (CFC No. 05-400) Def's Interrogs and RFPs

Please see attached. Original will arrive via U.S. Mail. Please let me know if you have any trouble with this transmission.

Also, counsel at the USDA is still working diligently on responses to your discovery requests and I will have them to you as soon as I can.

Finally, we should speak soon about scheduling depositions. I recall that you had mentioned a number of people that you would like to depose.
To make sure everyone's schedules work together, we should begin the process within the next week or so.

Thanks, D

Devin Wolak
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005) Tel. (202) 616-0170 Fax.
(202) 514-8624 devin.wolak@usdoj.gov

## RELEIF REQUESTED

14. Plaintiff seeks an emergency hearing, via telephone, at the Court's discretion on all matters herein described. Counsel is aware that the Honorable Judge Allegra is on vacation having been told so by an in employee in the chambers of the Honorable Judge Allegra. Counsel, thus, defers complexly to the Honorable Judge Allegra as to how and when he wants to handle this matter.

15. Plaintiff seeks the Court order that Mr. Clyde Thompson be compelled to attend the deposition as noticed or set a time when Mr. Thompson shall be compelled to attend a re-scheduled deposition. The Court is reminded that the deposition is scheduled for today, August 22, 2007 at 1:30 PM. The Court is further reminded that close of discovery is set for August 31, 2007. Counsel is not opposed to taking Mr. Thompson's deposition the first week in September, although Plaintiff will incur approximately $2000 in additional cost for travel, room and board to return to Washington to take the deposition. Plaintiff may avoid the additional cost by the Court compelling Mr. Thompson and Mr. Wolack to travel to Counsel's office in San Antonio, Texas to submit to his deposition.

15. Pursuant to the rules, Plaintiff seeks the Court impose, because of the outrageousness of the USA/USDA violations of the discovery rules and damages to the Plaintiff, any and all sanctions against the USA up to and including but not limited to denying the USA any and all defenses to the instant action.

16. Plaintiff further asks the Court to award sanctions against the USA for reasonable attorney's fees in the amount of $3,500 for preparation of this pleading, $500 for payment of appearance costs associated with arriving for a deposition that may not take place and for the preparation of a Certificate of Non-Appearance.

17. Plaintiff further asks the Court to award any sanctions against the USA it deems appropriate and that are allowed by the rules and the law.

18. Plaintiff further asks the Court to compel the USA to adequately, fully and completely answer all interrogatory questions above-delineated on a date and time certain.

19. Plaintiff further asks the Court to compel the USA/USDA to produce the documents requested by Plaintiff as above delineated on a date and time certain.

20. Plaintiff seeks any and other relief he may show himself entitled.

21. Defendant USA is opposed to this motion.

Respectfully submitted,

James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By:/s/________________________________
James W. Myart, Jr.[5]
State Bar N0. 14755950
Federal Bar No. TX0021
Jwmyartlaw@satx.rr.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon Mr. Devin Wolack, Defendant's Counsel, via facsimile transmission and/or e-mail and/or certified mail return receipt requested to

**Devin Andrew Wolak**
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 616-0170
Fax: (202) 514-8624
Email: devin.wolak@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

.

/s/____________________________
James W. Myart, Jr.

[5] **Counsel apologizes to the Court if this pleading contains errors as Counsel is feverishly working to get the pleading filed. Mr. Thompson's deposition is set for 1:30 PM and Mr. Wolack is waiting Counsel's arrival for the deposition of Sam Snyder.**

**In all good faith, Counsel does not believe that the unscheduled deposition can be done today despite the eleventh hour agreement between Mr. Wolack and Counsel to put another witness on today. Mr. Wolack is informed by this foot note that he will not arrive at the Justice Department for the Thompson noticed and scheduled deposition until 1:30 PM.**