**IN THE UNITED COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES OF AMERICA** | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA**

TO: UNITED STATES OF AMERICA, DEFENDANT
BY AND THROUGH MR. DEVIN WOLACK
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005

Pursuant to Federal Rule of Civil Procedure 33 and Federal Court of Claims Local Rule 33, MICHAEL STOVALL, submits the following interrogatories to Defendant. You are required to answer each interrogatory separately and fully under oath, and to serve a copy of the answers upon counsel for the Defendant within thirty (30) days following the service of these interrogatories.

**INSTRUCTIONS**

1. These interrogatories are direct toward all information known or available to the Plaintiff through personal knowledge or any other person acting or purporting to act on his behalf. These interrogatories also seek information from Plaintiff, derived from documents in its care, custody, or control or available to it upon reasonable inquiry.

Where interrogatories cannot be answered in full, they shall be answered as completely as possible. Incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever, knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered interrogatory.

2. Pursuant to Fed. R. Civ. P. 26 (e), these interrogatories shall be deemed continuing in character such that you are under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the Court or in the following circumstances.

(a) You are under a duty to supplement at appropriate intervals with respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) of Fed. R. Civ. P. 26. This duty extends to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under the Court's Scheduling Order are due.

(b) You are under a duty seasonably to amend a prior response to an interrogatory, request for production, or a request for admission if you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

3. Pursuant to Fed. R. Civ. P. 26 (g)(2), every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name. The attorney's address shall be stated. The signature of the attorney or party constitutes a certification that to the best of

the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

a. Consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

b. Not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation;

c. Not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation;

4. If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party marking the request, response, or objection, and a party shall not be obligated to take any action with respect to it, until it is signed.

5. If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

6. Pursuant to Fed. R. Civ. P. 33 (b)(1), each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

7. Pursuant to Fed. R. Civ. P. 33 (b)(2), the answers are to be signed by the person making them, and the objections signed by the attorney making them.

8. Pursuant to Fed. R. Civ. P. 33 (b)(3), the party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty (30) days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Fed. R. Civ. P. 29.

9. Pursuant to Fed. R. Civ. P. 33 (b)(4), all grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

10. Pursuant to Fed. R. Civ. P. 33 (b)(5), the party submitting the interrogatories may move for an order under Rule 37 (a) with respect to any objection to or other failure to answer an interrogatory.

11. Pursuant to Fed. R. Civ. P. 33 (c), you are hereby notified that these interrogatories may relate to any matters which can be inquired into under Fed. R. Civ. P. 26 (b)(1), and the answers may be used at trial to the extent permitted by the Federal Rules of Evidence.

12. Pursuant to Fed. R. Civ. P. 33 (c), an interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

13. Pursuant to Fed. R. Civ. P. 33 (d), where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and afford to the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

14. Pursuant to Local Rule CV-33 (c)(1)(a), all interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

15. Pursuant to Local Rule CV-33 (c)(1)(b), all answers to interrogatories must be signed by the party except that, if circumstances prevent a party from signing responses to interrogatories, the attorney may file the interrogatories without the party's signature if an affidavit is filed simultaneously stating that properly executed responses to interrogatories will be filed within twenty (20) days. Such time may be extended by order of the Court.

16. Pursuant to Local Rule CV-33 (c)(1)(c), in the event any question cannot be fully answered after the exercise of reasonable diligence, the party shall furnish as complete an answer as he can and explain in detail the reasons why he cannot give a full

answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position. In the event a party opponent fails to answer an interrogatory fully and offers an explanation therefore, the opposing party shall respond to said explanation within ten (10) days after its receipt if he disagrees with the same.

17. Pursuant to Local Rule CV-33 (c)(1)(d), if there is more than one plaintiff or more than one defendant in a case, each interrogatory must be answered separately for each unless the answer is the same for all.

18. Pursuant to Local Rule CV-33 (c)(1)(e), each interrogatory shall be set forth immediately prior to the answer thereto.

19. Pursuant to Fed. R. Civ. P. 26 (b)(5), as to every interrogatory which you fail to answer in whole or in part on the ground that the information sought involves a document or oral communication which you contend to be privileged or otherwise protected from disclosure, state in detail:

a. the portion of the interrogatory to which the response is claimed to be privileged;

b. the identification of the document as defined below;

c. the general subject matter of the document or communication;

d. the author and all recipients of any document and the persons involved in any oral communication;

e. the identity of any other person having knowledge of the document or communication involved;

f. the express nature of the privilege claimed; and

g. every fact on which you base the claim of privilege or that the information need not be disclosed.

## DEFINITIONS

The following definitions shall be applicable to all portions of these interrogatories, including the sections setting forth instructions and definitions:

1. "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34 (a). A draft of a non-identical copy is a separate document within the meaning of this term.

3. "Identify," with respect to persons means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. "Identify," with respect to documents means, to give to the extent known, the type of document, general subject matter of the document, date of document, and author(s), addressee(s), and recipient(s).

5. "Parties" shall be defined to include the terms "Plaintiff' and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party. This definition is not intended to impose a discovery obligation on any person not a party to the litigation.

6. "Person" shall be defined as any natural person or business, legal, or governmental entity or association.

7. "Concerning" shall be defined to mean relating to, referring to, describing, evidencing or constituting.

8. "You" and "your" include the Plaintiff, his agents, investigators, other representatives, or any other person acting or purporting to act on his behalf.

NOTE: As to each of the following interrogatories, there is a duty on your part to supplement the response with any information hereafter acquired, pursuant to Fed. R. Civ. P. 26 (e).

DATE: February 27, 2007

Respectfully submitted,

James W. Myart, Jr., P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9561
Fax: (210) 533-4815

By:______________________

James W. Myart, Jr.
D. C. Bar No. TX 0021
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served upon Mr. Devin Wolack, Defendant's Counsel, via facsimile transmission and/or e-mail and/or certified mail return receipt requested to

**Devin Andrew Wolak**
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 616-0170
Fax: (202) 514-8624
Email: devin.wolak@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

.

______________________________
James W. Myart, Jr.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who you believe have knowledge of relevant facts of the "USDA/Stovall settlement agreement" and the implementation thereof and describe the issues upon which you believe they have knowledge. (Identify means please state the names, addresses, and telephone numbers of the individual(s). Relevant facts include those concerning the incident made the basis of this lawsuit.)

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify all persons that you expect will be called as witnesses during the trial of this case and describe what you believe they will testify to at trial and/or via affidavit.

**ANSWER:**

**INTERROGATORY NO. 3:** Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and identify the documents over which they have possession, custody, or control.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify each person who for the USDA/United States of America (USA) participated in the Office of Civil Rights investigation of the Plaintiff's discrimination complaint which formed the basis of the USDA/USA'S decision to enter into settlement negotiations of the Plaintiff's discrimination complaint.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify each and every document in the Plaintiff's file in the sole custody of the USDA/USA Stovall Farm Service Agency and Office of Civil Rights files up to and including the date of the service hereof.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify each and every person you expect to call as an expert witness at the trial of this case, and as to each expert so identified, state the

subject matter on which each is expected to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion, as well as a brief description of that person's area of expertise and identify all documents reviewed or relied upon by the expert in forming any opinion, diagnosis or conclusion.

ANSWER:

**INTERROGATORY NO. 7:** Please identify each and every person who has complained of breach of contract by the USDA in connection with any actual and proposed settlement agreements resulting from complaints of discrimination by the USDA against them whether such complaints occurred in programs or employment. (Identify means state the date the action occurred or actions complained of occurred, the identity of the person receiving the complaint, the action taken to investigate the complaint, the persons investigating any such complaints, the persons negotiating any such proposed and/or actual settlement agreements, and detail what the status of any such complaint action was taken and identify each and every witness to the action taken.)

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify each and every person who participated in the Stovall settlement agreement negotiations that resulted in the USDA/Stovall settlement agreement. Describe each such person's role, title and involvement therein and state what testimony you expect each to give at trial and/or in affidavit or deposition.

**ANSWER:**

**INTERROGATORY NO. 9:** Describe in detail each element and/or paragraph of the USDA/Stovall Settlement agreement.

**ANSWER:**

**INTERROGATORY NO. 10:** Please identify each and every person who was responsible in and for the implementation of the injunctive relief portions of the USDA/Stovall settlement agreement and describe in detail what actions each such identified person took to implement the injunctive relief provisions of the USDA/Stovall settlement agreement.

**ANSWER:**

**INTERROGATORY NO. 11:** Please identify and describe each and every legal defense the United States has present and will present to the Plaintiff's claim of Breach of Contract of the USDA/Stovall settlement agreement.

**ANSWER:**

**INTERROGATORY NO. 12:** Please identify each and every person who participated, contributed in and/or answered the interrogatories propounded upon the United States of America.

**ANSWER:**

**VERIFICATION**

DISTRICT OF COLUMBIA §
§
UNITED STATES OF AMERICA §

BEFORE ME, the undersigned authority, on this day personally appeared ____________________________ appearing for the United States of America, to me well known to be a credible person and qualified in all respects to make this Verification, who being by me first duly sworn, says that he has read the foregoing Answers to Interrogatories, and states that each and every allegation, denial, and statement maintained therein is true and correct and within his personal knowledge.

________________________________________
UNITED STATES OF AMERICA

SUBSCRIBED AND SWORN TO BEFORE ME this the ____day of _______________, 2007.

________________________________________
Notary Public,
My commission expires:____________________