**IN THE UNITED COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES OF AMERICA** | ) | |

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT UNITED STATES OF AMERICA**

TO: UNITED STATES OF AMERICA, DEFENDANT
BY AND THROUGH MR. DEVIN WOLACK
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005

Plaintiff, MICHAEL STOVALL, hereby requests, pursuant to Fed. R. Civ. P. 34, that Defendant respond within 30 days to this request to produce and permit the Plaintiff to inspect and copy the below-described documents which are in Defendant's possession, custody or control.

**INSTRUCTIONS**

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that

inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

Respectfully submitted,

James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By:/s/________________________________
James W. Myart, Jr.
State Bar N0. 14755950
Federal Bar No. TX0021
Jwmyartlaw@satx.rr.com

ATTORNEY FOR PLAINTIFF

**IN THE UNITED COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES OF AMERICA** | ) | |

**<u>PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT UNITED STATES OF AMERICA</u>**

Plaintiff requests Defendant to respond within thirty days after service hereof to the following request:

That Defendant produces and permit plaintiff to inspect and copy each of the following documents and things as permitted by Rule 34 of the Federal Rules of Civil Procedure:

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents in the file of USDA Farm Service Agency on Plaintiff since the inception of his loan relationship with the USDA to the date hereof.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

5. Any and all applications for loans of any type (documents) by Plaintiff produced in order by year since the inception of Plaintiff's relationship with the USDA.

6. Any and all reports (documents) completed by USDA Office of Civil Rights and the Office of Inspector General reflecting investigation of the USDA for racial discrimination against any civil rights complainants by the USDA.

7. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement whether such communications were done at the USDA National or Alabama State Farm Service Agency Office.

8. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

9. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

10. Any and all statements recorded or written in any manner by any party relating to the allegations contained in the Complaint and Answer in the above-styled lawsuit.

11. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

12. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights. This request includes

all offices of the USDA, including but not limited to the Office of the Inspector General. (All such documents are public information.)

13. Any reports and documents to be relied upon by any expert to be called as an expert witness in the trial of this cause.

14. The resume' and/or vitae of any expert to be called as an expert witness in the trial of this cause.

15. Any and all exhibits to be used in the trial of this cause.

16. Any and all documents identified in your answer to Interrogatory # 5 served simultaneously herewith.

Respectfully submitted,

James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By:/s/________________________________
James W. Myart, Jr.
State Bar N0. 14755950
Federal Bar No. TX0021
Jwmyartlaw@satx.rr.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was served upon Mr. Devin Wolack, Defendant's Counsel, via facsimile transmission and/or e-mail and/or certified mail return receipt requested to

**Devin Andrew Wolak**
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 616-0170
Fax: (202) 514-8624
Email: devin.wolak@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

.

/s/____________________________
James W. Myart, Jr.