FILED
FEB 22 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT WILLIAMS and LAVERNE WILLIAMS<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant | ) 06-124 C |

## COMPLAINT

ROBERT WILLIAMS and LAVERNE WILLIAMS ("PLAINTIFFS") complain of THE UNITED STATES OF AMERICA, by and through its agents, Mike Johanns, Secretary of Agriculture (USDA), Clyde Thompson ("THOMPSON"), Deputy Assistant Secretary for Civil Rights, and Fred Isler ("ISLER") former Assistant Director, USDA Office of Civil Rights ("OCR"), and would show upon the Court the following:

### I. JURISDICTION AND VENUE

1. Jurisdiction and venue lies in the Court of Federal claims pursuant to the Tucker Act, 28 U.S.C. § 1346(a) (2).

### II. PARTIES

2. Plaintiffs ROBERT WILLIAMS and LAVERNE WILLIAMS, husband and wife, are residents of Roscoe, Nolan County, Texas.

3. Defendant THE UNITED STATES OF AMERICA is the sovereign served with

process by the Clerk of this Court via delivery of the Complaint to the United States Attorney General.

## III. PROCEDURAL BACKGROUND

4. On November 3, 2003, Plaintiffs filed suit against Secretary Ann Veneman[1] raising constitutional claims, violations of the Equal Credit Opportunity Act and breach of contract alleging fraud, misrepresentation and interference with the attorney-client relationship. The Original Complaint in said action is attached hereto, marked Exhibit 1; same being incorporated as if fully set forth verbatim. In deference to rights of the Plaintiffs, the undersigned dropped his personal claim of interference of the attorney-client relationship in subsequent filings In an order filed November 3, 2003, the Honorable Judge Collen Collier-Kotelly, presiding, United States District Court for the District of Columbia, dismissed[2] the Plaintiffs' contract claim; and, in so doing, opined

---

[1] ***Williams v. Johanns,*** Civ. Action Number 03-2245 (CKK). The Honorable Mike Johanns is the successor-in-interest to former Secretary Ann Veneman.

[2] Judge Kotelly's opinion with regard to the Plaintiffs' contract claim is included here verbatim because of its significance relating to the illegal contract formation by ISLER and THOMPSON, to wit:

***Contract Law Claims***

To the extent that Plaintiffs are making contract claims against Defendant regarding the 2002 settlement agreement, this Court lacks jurisdiction over such claims. The Tucker Act, 28 U.S.C. § 1346, gives the Court of Federal Claims exclusive jurisdiction over contract claims exceeding $10,000. *Stovall*, 2005 U.S. Dist. LEXIS 5188, at *14-15 (citing 28 U.S.C. § 1346(a) (2), *Mitchell*, 463 U.S. at 215); *see also Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003) ("[C]laims 'exceeding the $10,000 jurisdictional ceiling . . . are within the exclusive jurisdiction of the Court of Claims.'") (Quoting *Goble v. Marsh*, 684 F.2d 12, 15 (D.C. Cir. 1982)).

In this circuit, a settlement agreement is considered a contract for the purposes of the Tucker Act. *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003). Therefore, Plaintiffs claim that Defendants' fraudulently induced them to enter into the 2002 settlement agreement is under the exclusive jurisdiction of the Court of Federal Claims. *Hansson v. Norton*, No. 04-5157, 2005, 11 U.S. App. LEXIS 10799, at *1 (D.C. Cir. June 10, 2005) ("This court generally treats settlement agreements as contracts subject to the exclusive jurisdiction of the Court of Federal Claims."); *see also Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) ("[B]ecause this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims.").

Plaintiffs' claims about allegedly fraudulent behavior by Messrs. Isler or Thompson during the

that (a) such claims should be brought in the Court of Federal Claims because the contract breach complained of exceeded $10,000 (b) the Federal Court of Claims has exclusive jurisdiction hereof; and, (c) ISLER and THOMPSON alleged unconstitutional, fraudulent. misrepresentation, duress and interference with the attorney-client relationship actions in formation and breach of the 2002 Resolution Agreement ("the Agreement") between the Plaintiffs and USDA should be brought in this court. The Agreement, the subject of this action. is attached hereto, marked Exhibit 2; same being incorporated as if fully set forth verbatim.

5. Pursuant to the District Court July 20, 2005 Scheduling Order, on August 15, 2005, Plaintiffs filed a Motion to Reinstate and Transfer Contract Claim to the United States Court of Claims and for Reconsideration of Dismissal of Constitution Claim.

6. On October 24, 2005, the District Court denied the Plaintiffs' Motion to Re-instate and Transfer Contract Claim to the United States Court of Claims and for Reconsideration of Dismissal of Constitution Claim, again, urging Plaintiffs to file the instant claim in the Federal Court of Claims.

7. Plaintiffs. upon instruction of the District Court, now file suit in the Federal Court of Claims seeking the Court administer justice and award damages.

## IV. FACTUAL BACKGROUND

### A. PLAINTIFFS' HISTORY (NIGHTMARE) WITH USDA

---

settlement negotiations could be appropriate in the Court of Federal Claims if the Plaintiffs were challenging the formation of the settlement under a contract claim. Because any potential contract claim would have to be brought before the Court of Federal Claims, Defendants' motion to dismiss Plaintiffs' claims relating to the size of the settlement agreement and Defendants' behavior during negotiations shall be granted.

***Williams v. Johanns,*** Civ. Action Number 03-2245 (CKK), D.C. District Court, Memorandum and Opinion, July 5, 2005

8. Plaintiffs ROBERT WILLIAMS and LAVERNE WILLIAMS operate a small farm in Roscoe, Texas.

9. In 1995, Plaintiffs were the very first black farmers[3] to file suit against the Secretary of Agriculture invoking the Civil Rights Act, Title VI, and Equal Credit Opportunity Act ("ECOA") because of insidious, intentional racial discrimination when Plaintiffs attempted to avail themselves to USDA'S federally assisted and farm loan programs.

10. Despite the settlement of their 1995 lawsuit, Plaintiffs continued to be victimized by USDA. On or about January 15, 2002, Plaintiffs applied for a Farm Service Agency[4] (FSA) farm and home loan to operate their 1000 acre farm. On or about February 8, 2002, Plaintiffs were informed by Don Craduck, the local FSA official in Fisher County, Texas, that their loan application was complete and all procedures for loan approval were complete.

11. Interested in and concerned about the status of their loan, on or about February 22, 2002, Plaintiffs contacted Sam Snyder, a FSA Loan Official in Washington, D.C. The following week, Snyder advised Plaintiff LaVerne Williams that there had been some holdups because of complaints from local white farmers. Plaintiffs were justifiably alarmed considering local white farmers had harassed Plaintiffs for the previous 13 years.

12. On information and belief, Craduck discussed Plaintiffs' farm and home loan

---

[3] The Williams case was the predecessor case to Pigford v. Veneman, _______ and Brewington v. Veneman, ___ _______the class actions law suits in the District of Columbia that yielded millions to approximately 14,000 black farmer class members. It was the Williams matter that ultimately resulted in the US Department of Justice, Office of General Counsel, issuing a legal memorandum, known as the "Dellinger Report" confirming that the ECOA applied to the United States government when functioning as a lender.

[4] The Farm Service Agency is an agency within the USDA legally responsible for the administration of the government's farm loan and subsidy programs.

application with other parties including local white farmers. As a result, the news of Plaintiffs' loan application was brought to the attention of Plaintiffs' creditors causing the creditor to immediately file liens against Plaintiffs' property in an effort to obstruct Plaintiffs' loan application. Plaintiffs were also advised by Craduck that the outcome of their application was delayed as he needed additional information.

13. On or about March 15, 2002, Plaintiffs discovered that Craduck had investigated the existence of liens on Plaintiffs' property on three different occasions. Upon information and belief, Craduck was delaying the application while, on information and belief, he unlawfully recruited opposition to the Williams' loan among local white farmers and other FSA officials.

14. On or about April 10, 2002, Plaintiffs contacted Carolyn Cooksie, FSA Deputy Administrator, to discuss the handling of their loan application. Ms. Cooksie advised Plaintiffs to pay off any liens on the property. Following Ms. Cooksie's advice, Plaintiffs paid off the liens. After Plaintiffs advised Craduck that their liens had been paid off, he told them they needed to show $3,000 in their bank account in order for the farm operation to show cash flow. Out of sheer frustration, Plaintiffs gave up. Every time they complied with FSA instructions, additional obstacles were placed in the way that prevented the processing of their loan application.

15. On or about May 9, 2002, Plaintiffs filed a discrimination complaint with OCR. OCR commenced an investigation. After completing that investigation, Jerome Williams, an OCR investigator, on information and belief, informed USDA that Plaintiffs had been discriminated against with regard to their 2002 application.

16. On or about July 6, 2002, Plaintiffs and at least 40 other black farmers traveled to

Washington, D.C. at the invitation of Secretary Ann Veneman to meet with her to discuss resolution of their discrimination complaints. While in D.C. in July 2002, Plaintiffs spoke directly with Secretary Ann Veneman, ISLER and THOMPSON regarding their case, and they were assured by ISLER and THOMPSON that their case would be settled.

17. Shortly after the meeting, ISLER and THOMPSON expressed an interest to Plaintiffs and their Counsel, the undersigned, in traveling to Texas to interview Plaintiffs and obtain more information regarding their 2002 discrimination complaint.

18. In good faith, Plaintiffs' attorney gave ISLER and THOMPSON permission to meet with Plaintiffs outside his presence for the express purpose of gathering more information regarding their complaint.

19. ISLER and THOMPSON, in fact, traveled, that very weekend, to Texas to meet with Plaintiffs in the presence of the daughters, Gwen Williams and Crystal Goodman.

20. The meeting was by no means an interview for additional evidence or material upon which to make a Final Agency Decision.[5] Instead, ISLER and THOMPSON took advantage of the opportunity to talk to Plaintiffs outside the presence of their attorney to pressure them into settlement of their claims.

21. During the meeting in Texas, ISLER and THOMPSON, using their superior bargaining power, unduly influenced Plaintiffs to terminate their Counsel, James W. Myart, Jr., the undersigned, claiming Plaintiffs' case would not settle at all if Myart continued to represent them. ISLER and THOMPSON then drafted a termination letter to Mr. Myart and prompted Plaintiffs to send the letter, which they did, to Myart. ISLER and THOMPSON told Plaintiffs by terminating Myart the USDA would definitely be

---

[5] Final Agency Decision is the formal device used to render, pursuant to 7 CFR 2.25, et seq., a positive or negative decision that discrimination occurred in violation of federal law.

able to settle their claims.

22. After securing the Plaintiffs' agreement to terminate their counsel during the meeting, ISLER and THOMPSON continued to pressure Plaintiffs into agreeing to a settlement in which they would receive $25,000 for the repair of a tractor and land debt relief of approximately $400,000. The verbal agreement did not provide for payment of compensatory damages as allowed by the ECOA. Several weeks of non-arms-length, intense telephone discussions occurred between Plaintiffs, their daughters and ISLER and THOMPSON.

23. ISLER and THOMPSON drafted the Agreement and sent it to the Plaintiffs. Being assured by ISLER and THOMPSON the Agreement reflected the same verbal agreement made in Texas, the Plaintiffs, without counsel or legal advice, signed the agreement.

24. Myart did not become aware of the verbal agreement or the executed Agreement until sometime after they, the agreements, verbal and express, had been made, executed and paid. The Agreement contained a clause for the payment of his attorney's fees; and, if not filed within thirty (30) days of the Agreements execution, he, Myart, would waive any right to payment of attorney's fees.

25. ISLER and THOMPSON unconscionably and insidiously (a) misrepresented the purpose of their visit to the Plaintiffs; (b) induced, employing duress, the Plaintiffs into terminating their counsel; (c) negotiated, employing duress with the intent to cause emotional distress, a non-arms length agreement with Plaintiffs knowing they had violated the attorney-client relationship; (d) misrepresented the $25,000 payment as funds for the repair of a tractor, yet expressly stated in the Agreement that the $25,000 was for compensatory damages; (e) did so with the intent to conceal and knowing that the

Agreement, ostensibly representing full payment for the Plaintiffs' damages, was valued far less than similar such agreements based on the same type claims, i.e., among others, the ***In Re: Will Sylvester Warren***[6], USDA Docket No. 1194, HUDALJ No.00-19-NA, which provided over six million ($6,000,000) in compensatory damages allowed pursuant to the ECOA. On information and belief, USDA, ISLER and THOMPSON knew of the existence of the Warren decision prior to its issuance on December 19, 2002; and, thereby, they all recognized the USDA'S exposure in the Plaintiffs' claims.

26. On information and belief, the prior knowledge of the USDA'S exposure in Plaintiffs' claims is what motivated the USDA, ISLER and THOMPSON to embark on the above-delineated illegal conduct.

27. After lodging formal complaints regarding the formation and circumstances underlying the Agreement and the manner in which it was obtained, then Secretary Ann Veneman, represented to Plaintiffs that a thorough investigation would be conducted. She also assured Plaintiffs that if their claims were affirmed, immediate relief would be provided.

28. In spite of clear evidence of official misconduct in procuring the Agreement and the Secretary's commitment to the contrary, USDA did not conduct the promised investigation, nor did it provide any form of relief. In fact, neither then Secretary Veneman, nor the USDA, has ever responded to Plaintiffs' formal complaints.

29. Plaintiffs, as afore mentioned, applied for loans subsequent to the Agreement. Those loans are the subject of the ECOA claims pending in the District Court, and they represent a material breach in the Agreement resulting in further injury to Plaintiffs,

[6] ***In Re: Will Sylvester Warren***, USDA Docket No. 1194, HUDALJ No.00-19-NA is attached, hereto, marked Exhibit 3; same being incorporated herein as if fully stated verbatim. (Analyses, in detail, of damages allowed pursuant to the ECOA.)

claim for which is made here.

30. Commencing in January 2003, Plaintiffs, again, attempted to secure loans and services from USDA. The Agreement provided, among other things, "The release of all debt will not be used by USDA or FSA in any negative manner in conjunction with Mr. and Mrs. Williams' application for or participation in, any USDA or FSA program, benefit or activity." Defendant is in total breach of this provision, among others. See Exhibit 1.

31. Plaintiffs are entitled to recover their reasonable attorneys' fees, including paralegals' fees, and expenses associated with the litigation of their claims. Plaintiffs are entitled to recover a sum from Defendants to compensate Plaintiffs a reasonable amount for their attorneys' fees, including paralegals' fees, in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

## V.
## CAUSES OF ACTION

### FRAUD, MISREPRESENTATION AND COERCION IN FORMATION OF SETTLEMENT AGREEMENT/CONTRACT

32. Plaintiffs restate and re-allege paragraphs 1-31, above, as if fully stated herein and would further show the Court as follows:

32. USDA, by and through its agents, ISLER and THOMPSON, forced and coerced, through material misrepresentation and fraud, the 2002 Resolution Agreement upon Plaintiffs. Plaintiffs entered into the contrived Agreement without advice of Counsel. Plaintiffs were placed under duress and were subjected to material misrepresentations in the Agreement, fraud, non-arms length negotiation based on fabrication and with the intent to deceive Plaintiffs to Plaintiffs' detriment and injury as above alleged.

33. Specifically, USDA, by and through its agents, ISLER and THOMPSON, did the following illegal acts:

(a) made a false, material assertion(s) as to the purpose(s) of terminating the Plaintiffs' Counsel and the actual Agreement/contract;

(b) had knowledge of the falsity and/or a high degree of disregard for whether the assertion(s) was correct;

(c) intended the false assertion(s) to induce the Plaintiffs to settle the agreement without the benefit of Counsel knowing the Plaintiffs would rely on the falsity and material assertion(s);

(d) Plaintiffs' justifiably relied the false, material assertion(s) since the actors represented the United States government and had the authority to make a settlement; and,

(e) Plaintiffs were, indeed, damaged as a result of the false, material assertion(s).

34. At the time the material assertions were made, USDA, by and through its agents, was aware of ***In Re: Will Sylvester Warren*** and the potential damages due Plaintiffs pursuant to the legal analysis therein. USDA intentionally with held this information for the express purpose of denying Plaintiffs the value of their claim. Plaintiffs' seek the Agreement be voided and that USDA compensate Plaintiffs based on said damages in accordance with the legal analysis as in ***In Re: Will Sylvester Warren.***

## BREACH OF CONTRACT

35. Plaintiffs restate and re-allege paragraphs 1-31, above, as if fully stated herein and would further show the Court as follows:

36. 34. Even though Plaintiffs claim that the Agreement was fraudulent induced and should be voided as a matter of law, USDA, by and its agents, ISLER and THOMPSON, breached said Agreement with Plaintiffs in, but not limited to, the following ways, each of which proximately caused Plaintiffs' damages, as described above and as follows:

a. Their handling of Plaintiffs' loan applications subsequent to the 2002 Resolution Agreement:

b. Their denial of Plaintiffs' loan application submitted subsequent to the January 2002 Resolution Agreement; and

c. Their misrepresentation of the compensatory damages section of the 2002 Resolution Agreement.

37. Plaintiffs' pecuniary and non-pecuniary damages were consequential and foreseeable by USDA; and. Plaintiffs allege that such actions were in furtherance of the Defendants' discrimination against Plaintiffs.

38. Plaintiffs' loss of income was foreseeable by USDA and Plaintiffs allege that such acts were in furtherance of the Defendants' discrimination against Plaintiffs.

39. Plaintiffs seek recovery of all foreseeable and consequential damages as a result of the Defendant's intentional breach of contract.

40. Plaintiffs are entitled to recover his attorneys' fees from Defendants to compensate Plaintiffs for a reasonable fee for his attorneys' fees and costs in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

**PRAYER**

WHEREFORE, Plaintiffs ROBERT WILLIAMS and LAVERNE WILLIAMS request that Defendant UNITED STATES OF AMERICA be required to appear and answer herein, and that the Court:

Grant Plaintiffs ROBERT WILLIAMS and LAVERNE WILLIAMS'S judgment against the United States for:

(1) Fraud, coercion and misrepresentation in formation of the 2002 Agreement;

(2) Interference with the Plaintiffs' client/attorney contract;

(3) Breach of Contract damages and all forseeable and consequential damages flowing from (a) fraud, coercion and misrepresentation in formation of the 2002 Agreement and (b) interference with the Plaintiffs' client/attorney contract, up to and including $10,000,000; and (c) damages resulting from denial of post 2002 loan applications constituting breach of the 2002 Agreement.

(4) Damages resulting from the breach of agreed injunctive relief not provided pursuant to the 2002 Resolution Agreement;

(5) All injunctive and equitable relief provided under the Resolution Agreement;

(6) Reasonable attorney's fees, costs and expenses;

(7) Costs of suit; and

(8) such other and further relief as appears just and equitable.

Respectfully submitted,

James W. Myart, Jr. P.C.
1104 Denver Blvd, Suite 300
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

By:____________________
James W. Myart, Jr.
Federal Bar No. TX 0021

ATTORNEYS FOR PLAINTIFFS

**Wolak, Devin (CIV)**

**From:** James W Myart Jr. [jwmyartlaw@satx.rr.com]
**Sent:** Friday, August 10, 2007 7:09 AM
**To:** Wolak, Devin (CIV)
**Subject:** Depo Notices:SNYDER, THOMPSON, COOKSIE; TOLES
**Importance:** High
**Attachments:** Cooksie.doc; SAM SNYDER.doc; THOMPSON DEPO NOTICE.doc; Toles.doc

PLEASE SEE BELOW AND ATTACHED NOTICES:

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C (Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF SAM SNYDER

To: **Mr. SAM SNYDER**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 24, 2007 at 9:30 AM. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc.,

Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

# NOTICE

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS. REFUSAL TO PRODUCE THE DOCUMENTS REQUESTED WILL RESULT IN A MOTION FOR CONTEMPT AND A MOTIN FOR SANCTIONS AGAINST THE UNITED STATES, THE SECRETARY OF AGRICULTURE, THE DEPONENT AND ANY OTHER PERSON RESPONSIBLE FOR THE NON-COMPLIANCE, INDIVIDUALLY.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: /S/________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10TH day of August, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of SAM SNYDER was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**

Washington, D.C. 20530

/s/
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge**

**Allegra)** as well as all claims and causes of action asserted in such cause.

7. As used in this request, "inter-agency communications" means documents reflecting communication between FSA, national and state offices, the Office of General Counsel, the Office of Civil Rights and the Alabama

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution and implementation of the USDA/Stovall settlement agreement and regarding the Plaintiff's loans from 1998-present.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the

Office of Civil Rights.

11. Copies of the Farm and Home Plan applications, drafts and final plans on which you, specifically, help to prepare for the plaintiff.

12. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

13. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

14. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

15. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

16. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

17. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

18. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

19. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

20. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

21. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

22. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

23. Any and all written complaints of Breach of Contract by any other black farmers who have complained

that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

24. Any and all documents relating to Stovall's loan applications from 1998-2004.

25. Copies of all travel vouchers relating your trip or trips to Alabama to meet with FSA officials and Plaintiff in connection with his case file.

26. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer who entered into a Resolution Agreement settling any discrimination complaint.

27. Any and all letters, inter-agency communications, reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer with a resolution agreement and all documents related to execution and implementation of the any such agreements regarding the any such agreements 1998-present.

28. The actual Resolution Agreements between the USDA and any black farmer where the USDA settled any black farmers' complaints of discrimination by the USDA; this request includes but is not limited to any such settlement agreements for Matthew Grant, Richard Grant, Robert and Laverne Williams, John Boyd, Howard Coats, Dexter Davis, etc. **ANY AND ALL SUCH AGRREMENTS MEANS EXACTLY THAT.**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **USA** | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CAROLYN COOKSIE

To: **Ms. Carolyn Cooksie**
**c/o Mr. Devin Wolack,** **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 8:30 A.M. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Carolyn Cooksie was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. .

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

   a. The date of the document;

   b. The author of the document;

   c. The recipient of the document;

   d. All persons to whom copies of the document have been furnished;

   e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

**DEFINITIONS**

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of

origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

2. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

3. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

4. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

5. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

6. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

7. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

8. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

9. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

10. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

10. Any and all documents relating to Stovall's loan applications from 1998-2004.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **USA** | ) | |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION SUBPOENA DUCES TECUM OF SAM SNYDER**

To: **Mr. SAM SNYDER**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 24, 2007 at 9:30 AM. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

# NOTICE

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS. REFUSAL TO PRODUCE THE DOCUMENTS REQUESTED WILL RESULT IN A MOTION FOR CONTEMPT AND A MOTIN FOR SANCTIONS AGAINST THE UNITED STATES, THE SECRETARY OF AGRICULTURE, THE DEPONENT AND ANY OTHER PERSON RESPONSIBLE FOR THE NON-COMPLIANCE, INDIVIDUALLY.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: /S/____________________

James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10TH day of August, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of SAM SNYDER was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

/s/______________________
James W. Myart, Jr.

# Exhibit "A"

**INSTRUCTIONS**

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material

information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date

thereof.

**DEFINITIONS**

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying,

referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, “communication” means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. “This Cause” shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

7. As used in this request, “inter-agency communications” means documents reflecting communication between FSA, national and state offices, the Office of General Counsel, the Office of Civil Rights and the Alabama

The terms “documents”, “writings” and “records” are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff’s complaints of racial discrimination against the United States Department Agriculture (“USDA”).

2. Any and all documents related to Plaintiff’s complaints of racial discrimination against the United States Department Agriculture (“USDA”) which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution and implementation of the USDA/Stovall settlement agreement and regarding the Plaintiff's loans from 1998-present.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

11. Copies of the Farm and Home Plan applications, drafts and final plans on which you, specifically, help to prepare for the plaintiff.

12. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture

(“USDA”) which contain your name.

13. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

14. Any and all documents by the FSA’S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

15. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA’S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

16. Any and all documents reflecting the FSA’S implementation of the Stovall/USDA Resolution Agreement.

17. Any and all documents reflecting the FSA’S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

18. Any and all documents reflecting the FSA’S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

19. Any and all documents reflecting the FSA’S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

20. Any and all documents reflecting the FSA’S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall’s farm and operating loan for the years 1998-2004.

21. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

22. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

23. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

24. Any and all documents relating to Stovall's loan applications from 1998-2004.

25. Copies of all travel vouchers relating your trip or trips to Alabama to meet with FSA officials and Plaintiff in connection with his case file.

26. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer who entered into a Resolution Agreement settling any discrimination complaint.

27. Any and all letters, inter-agency communications, reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer with a resolution agreement and all documents related to execution and implementation of the any such agreements regarding the any such agreements 1998-present.

28. The actual Resolution Agreements between the USDA and any black farmer where the USDA settled any black farmers' complaints of discrimination by the USDA;

this request includes but is not limited to any such settlement agreements for Matthew Grant, Richard Grant, Robert and Laverne Williams, John Boyd, Howard Coats, Dexter Davis, etc. **ANY AND ALL SUCH AGRREMENTS MEANS EXACTLY THAT.**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOVALL** | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **USA** | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CLYDE THOMPSON

To: **Mr. Clyde Thompson**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 22, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ______________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Clyde Thompson was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

______________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

   a. The date of the document;

   b. The author of the document;

   c. The recipient of the document;

   d. All persons to whom copies of the document have been furnished;

   e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

**DEFINITIONS**

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers

who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge Allegra)** |
| **USA** | ) | |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION SUBPOENA DUCES TECUM OF JONNY TOLES**

To: **Mr. Johnny Toles**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Johnny Toles was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

**DEFINITIONS**

1. As used in this request, the term “document” has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

5. Any USDA Office of Civil Rights correspondence to the Secretary and/or the Office of General Counsel by Lloyd Wright, former OCR Director, reflecting discontent, complaint or criticism of the Office of General Counsel for its involvement in the OCR complaint, investigation and decision making process, including but not limited to the report of investigation and Final Agencies Decisions process. **(THIS DOCUMENT DOES EXIST.)**

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions

of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

Bynum
Wolack

12039

LAW OFFICES OF
JAMES W. MYART, JR., P.C.
*THE PRESTON HOUSE*
**1104 DENVER BLVD., SUITE 300**
**San Antonio, Texas 78210**
210.533.9461
FAX 210.533.4815

RECEIVED
2007 AUG 21 A 8:04
CASE PROCESSING UNIT
CIVIL DIVISION/OMI

August 10, 2007

Mr. Devin Wolack, Esquire
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005

via CMRRR

Ref: Stovall v. USA, Cause # -05-400C (Judge Allegra): Discovery: DEPOS SUBPOENA DUCES TECUM

Dear Mr. Wolack:

Enclosed, please find PLAINTIFF'S DEPOSITIONS DUCES TECEM for Carolyn Cooksie, Clyde Thompaon, Johnny Toles and Sam Snyder.

Should you have any questions, please do not hesitate contacting me.

With every good wish, I remain

Sincerely yours,

James W. Myart, Jr.

C: Mr. Michael Stovall

154 05-400
CB

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C (Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CAROLYN COOKSIE

To: **Ms. Carolyn Cooksie**
**c/o Mr. Devin Wolack, Trial Attorney**
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 8:30 A.M. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Carolyn Cooksie was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. .

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of

origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

2. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

3. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

4. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

5. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

6. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

7. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

8. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

9. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

10. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

10. Any and all documents relating to Stovall's loan applications from 1998-2004.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C (Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF SAM SNYDER

To: **Mr. SAM SNYDER**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 24, 2007 at 9:30 AM. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

## NOTICE

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS. REFUSAL TO PRODUCE THE DOCUMENTS REQUESTED WILL RESULT IN A MOTION FOR CONTEMPT AND A MOTIN FOR SANCTIONS AGAINST THE UNITED STATES, THE SECRETARY OF AGRICULTURE, THE DEPONENT AND ANY OTHER PERSON RESPONSIBLE FOR THE NON-COMPLIANCE, INDIVIDUALLY.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: /S/_________________

James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 10TH day of August, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of SAM SNYDER was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

/s/______________________
James W. Myart, Jr.

# Exhibit "A"

**INSTRUCTIONS**

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material

information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date

thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying,

referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

7. As used in this request, "inter-agency communications" means documents reflecting communication between FSA, national and state offices, the Office of General Counsel, the Office of Civil Rights and the Alabama

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution and implementation of the USDA/Stovall settlement agreement and regarding the Plaintiff's loans from 1998-present.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

11. Copies of the Farm and Home Plan applications, drafts and final plans on which you, specifically, help to prepare for the plaintiff.

12. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture

("USDA") which contain your name.

13. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

14. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

15. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

16. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

17. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

18. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

19. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

20. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

21. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

22. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

23. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

24. Any and all documents relating to Stovall's loan applications from 1998-2004.

25. Copies of all travel vouchers relating your trip or trips to Alabama to meet with FSA officials and Plaintiff in connection with his case file.

26. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer who entered into a Resolution Agreement settling any discrimination complaint.

27. Any and all letters, inter-agency communications, reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer with a resolution agreement and all documents related to execution and implementation of the any such agreements regarding the any such agreements 1998-present.

28. The actual Resolution Agreements between the USDA and any black farmer where the USDA settled any black farmers' complaints of discrimination by the USDA;

this request includes but is not limited to any such settlement agreements for Matthew Grant, Richard Grant, Robert and Laverne Williams, John Boyd, Howard Coats, Dexter Davis, etc. **ANY AND ALL SUCH AGRREMENTS MEANS EXACTLY THAT.**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C<br>(Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CLYDE THOMPSON

To: **Mr. Clyde Thompson**
**c/o Mr. Devin Wolack, Trial Attorney**
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 22, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Clyde Thompson was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers

who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOVALL<br><br>v.<br><br>USA | No. 05-400C<br>(Judge Allegra) |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION SUBPOENA DUCES TECUM OF JONNY TOLES**

To: Mr. Johnny Toles
c/o Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ______________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Johnny Toles was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

______________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

5. Any USDA Office of Civil Rights correspondence to the Secretary and/or the Office of General Counsel by Lloyd Wright, former OCR Director, reflecting discontent, complaint or criticism of the Office of General Counsel for its involvement in the OCR complaint, investigation and decision making process, including but not limited to the report of investigation and Final Agencies Decisions process. **(THIS DOCUMENT DOES EXIST.)**

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions

of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.