~~Bynum~~ Wolak

LAW OFFICES OF
JAMES W. MYART, JR., P.C.
*THE PRESTON HOUSE*
**1104 DENVER BLVD., SUITE 300**
**San Antonio, Texas 78210**
210.533.9461
FAX 210.533.4815

12039

RECEIVED
2007 AUG 21 A 8:04
CASE PROCESSING UNIT
CIVIL DIVISION/OMI

August 10, 2007

Mr. Devin Wolack, Esquire
U. S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005

via CMRRR

Ref: Stovall v. USA, Cause # -05-400C (Judge Allegra): Discovery: DEPOS SUBPOENA DUCES TECUM

Dear Mr. Wolack:

Enclosed, please find PLAINTIFF'S DEPOSITIONS DUCES TECEM for Carolyn Cooksie, Clyde Thompaon, Johnny Toles and Sam Snyder.

Should you have any questions, please do not hesitate contacting me.

With every good wish, I remain

Sincerely yours,

James W. Myart, Jr.

C: Mr. Michael Stovall

154 05-400
CB

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| | ) | |
| v. | ) | No. 05-400C |
| | ) | (Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CAROLYN COOKSIE

To: **Ms. Carolyn Cooksie**
**c/o Mr. Devin Wolack, Trial Attorney**
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 8:30 A.M. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Carolyn Cooksie was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. .

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of

origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

2. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

3. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

4. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

5. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

6. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

7. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

8. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

9. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

10. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

10. Any and all documents relating to Stovall's loan applications from 1998-2004.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOVALL** | ) | |
| **v.** | ) | **No. 05-400C** (Judge Allegra) |
| **USA** | ) | |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION SUBPOENA DUCES TECUM OF SAM SNYDER**

To: **Mr. SAM SNYDER**
**c/o Mr. Devin Wolack, Trial Attorney**
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 24, 2007 at 9:30 AM. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

## NOTICE

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS. REFUSAL TO PRODUCE THE DOCUMENTS REQUESTED WILL RESULT IN A MOTION FOR CONTEMPT AND A MOTIN FOR SANCTIONS AGAINST THE UNITED STATES, THE SECRETARY OF AGRICULTURE, THE DEPONENT AND ANY OTHER PERSON RESPONSIBLE FOR THE NON-COMPLIANCE, INDIVIDUALLY.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: /S/_________________

James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10TH day of August, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of SAM SNYDER was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

/s/______________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material

information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date

thereof.

**DEFINITIONS**

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying,

referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

7. As used in this request, "inter-agency communications" means documents reflecting communication between FSA, national and state offices, the Office of General Counsel, the Office of Civil Rights and the Alabama

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution and implementation of the USDA/Stovall settlement agreement and regarding the Plaintiff's loans from 1998-present.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

11. Copies of the Farm and Home Plan applications, drafts and final plans on which you, specifically, help to prepare for the plaintiff.

12. Any and all documents, i.e., reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture

("USDA") which contain your name.

13. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

14. Any and all documents by the FSA'S Civil Rights Office where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

15. Any and all reports, memoranda, notes, message pads, phone bill statements and, letters whether written or computer generated, reflecting the USDA/FSA'S written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

16. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement.

17. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given priority loan consideration for the years 1998-2004.

18. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to availability of inventory land for the years 1998-2004.

19. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to being given technical assistance for the years 1998-2004.

20. Any and all documents reflecting the FSA'S implementation of the Stovall/USDA Resolution Agreement in regard to national monitoring of Stovall's farm and operating loan for the years 1998-2004.

21. Any and all policies, procedures or guides utilized by the USDA to instruct USDA/FSA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed, generally and with regard, specifically, to the Stovall/USDA Resolution Agreement.

22. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

23. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA, FSA or the USA have breached a settlement agreement entered into on behalf of the USDA.

24. Any and all documents relating to Stovall's loan applications from 1998-2004.

25. Copies of all travel vouchers relating your trip or trips to Alabama to meet with FSA officials and Plaintiff in connection with his case file.

26. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer who entered into a Resolution Agreement settling any discrimination complaint.

27. Any and all letters, inter-agency communications, reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with any black farmer with a resolution agreement and all documents related to execution and implementation of the any such agreements regarding the any such agreements 1998-present.

28. The actual Resolution Agreements between the USDA and any black farmer where the USDA settled any black farmers' complaints of discrimination by the USDA;

this request includes but is not limited to any such settlement agreements for Matthew Grant, Richard Grant, Robert and Laverne Williams, John Boyd, Howard Coats, Dexter Davis, etc. **ANY AND ALL SUCH AGRREMENTS MEANS EXACTLY THAT.**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C<br>(Judge Allegra) |
| USA | ) | |

## NOTICE OF INTENTION TO TAKE ORAL DEPOSITION SUBPOENA DUCES TECUM OF CLYDE THOMPSON

To: **Mr. Clyde Thompson**
**c/o Mr. Devin Wolack, Trial Attorney**
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 22, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ______________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Clyde Thompson was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

______________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall settlement agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers

who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOVALL | ) | |
| v. | ) | No. 05-400C<br>(Judge Allegra) |
| USA | ) | |

**NOTICE OF INTENTION TO TAKE**
**ORAL DEPOSITION SUBPOENA DUCES TECUM OF JONNY TOLES**

To: **Mr. Johnny Toles**
**c/o Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

Pursuant to Federal Discovery Rules, Rule and Local Rules of the Federal Court of Claims, please be advised that you are hereby required to show and give testimony in the above cited cause on August 23, 2007 at 1:30 P.M. at the office of the following:

Mr. Devin Wolack, **Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

This deposition will be taken before an officer authorized by law to take depositions and will continue from day to day until completed. The court reporting services will be performed by Neal R. Gross & Co., Inc., Court Reporters and Transcribers their phone number is (202)234-4433.

You are further notified that you are required to bring with you to the above address on the above date all documents in your possession or within your access by law or in fact set forth in Exhibit "A", attached to this notice and incorporated herein by reference for all purposes and permit Plaintiff to inspect and copy each of those documents.

**NOTICE**

**FAILURE TO COMPLY WITH THIS ORAL DEPOSITION DUCES TECUM MAY RESULT IN A FINDING OF CONTEMPT OF COURT, AND/OR THE ISSUANCE OF A WRIT OF ATTACHMENT FOR THE WITNESS.**

JAMES W. MYART, JR., P.C.

*The Preston House*
1104 Denver Boulevard, Suite 300
San Antonio, Texas 78210
(210) 533-9461
(210) 533-4815 fax

By: ____________________
James W. Myart, Jr.

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 31st day of July, 2007, the foregoing Notice of Intention To Take Oral Deposition Duces Tecum of Johnny Toles was forwarded via facsimile transmission:

**Mr. Devin Wolack, Trial Attorney**
**U.S. Department of Justice**
**Civil Division**
**1100 L Street, N.W.**
**Washington, D.C. 20530**

____________________
James W. Myart, Jr.

# Exhibit "A"

## INSTRUCTIONS

1. Unless otherwise set forth in a specific document request, the documents requested include all documents ever created through the date of this request.

2. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request. Fed. R. Civ. P. 34(b).

3. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. Fed. R. Civ. P. 34(b).

4. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

5. If any document is withheld for any reason, including, but not limited to, any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

a. The date of the document;

b. The author of the document;

c. The recipient of the document;

d. All persons to whom copies of the document have been furnished;

e. The subject matter of the document;

f. The file in which the document is kept in the normal course of business;

g. The current custodian of the document; and

h. The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

6. If any document responsive to this request was, but is no longer, in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. As used in this request, the term "document" has the same meaning as in Fed. R. Civ. P. 34(a) and includes, but is not limited to, all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or

conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, any electronic mail messages or other electronic data, and all other writings and recordings of any kind.

2. As used in this request, the term "persons" means any natural person or business, legal or governmental entity or association.

3. As used in this request, the terms "you" or "your" mean the Plaintiff, his agents, or any other person acting on his behalf or purporting to act on its behalf.

4. As used in this request, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to that subject.

5. As used in this request, "communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

6. "This Cause" shall mean Civil Action No. **No. 05-400C, Federal Court of Claims (Judge Allegra)** as well as all claims and causes of action asserted in such cause.

The terms "documents", "writings" and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical

process or written or produced by hand; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy.

1. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA").

2. Any and all documents related to Plaintiff's complaints of racial discrimination against the United States Department Agriculture ("USDA") which contain your name.

3. Any and all settlement agreements (documents) between the USDA and Plaintiff resulting from any complaints of discrimination filed by Plaintiff.

4. Any and all documents by the Office of Civil Rights where there is reflected an investigation of and/or finding of discrimination against Plaintiff by the USDA Office of Civil Rights.

5. Any USDA Office of Civil Rights correspondence to the Secretary and/or the Office of General Counsel by Lloyd Wright, former OCR Director, reflecting discontent, complaint or criticism of the Office of General Counsel for its involvement in the OCR complaint, investigation and decision making process, including but not limited to the report of investigation and Final Agencies Decisions process. **(THIS DOCUMENT DOES EXIST.)**

6. Any and all reports, memoranda, notes, message pads, phone bill statements, whether written or computer generated, reflecting the USDA's written and or verbal communications with Plaintiff subsequent to execution of the USDA/Stovall settlement agreement.

7. Any and all policies, procedures or guides utilized by the USDA to instruct USDA officers in procedures to be followed in insuring that the injunctive relief portions

of USDA black farmer settlement agreements are carried out or executed.

8. Any and all correspondence, policies and procedures used to implement the injunctive relief portions of the USDA/Stovall Resolution Agreement.

9. Any and all lawsuit complaints and answers in any law suit filed against the USA and the USDA for breach of any USDA/Black Farmer settlement agreement.

10. Any and all written complaints of Breach of Contract by any other black farmers who have complained that the USDA or the USA have breached a settlement agreement entered into on behalf of the USDA by the Office of Civil Rights.