# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge F. Allegra)** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF MICHAEL STOVALL'S BRIEF AND MEMORANDUM OF LAW ON DEFENDANT USA'S PATTERN AND PRACTICE OF BREACHING OTHER SETTLEMENT AGREEMENTS SIMILAR TO CONTRACT ISSUE BEFORE THE COURT**

**TO THE HONORABLE JUDGE FRANCIS ALLEGRA:**

NOW COMES Plaintiff Michael Stovall in the above styled and numbered cause and through counsel files Plaintiff Michael Stovall's Brief and Memorandum of Law on Defendant USA'S Pattern and Practice of Breaching Other Settlement Agreements Similar to Contract at Issue Before the Court and would respectfully show upon the Court the following:

## ORDER OF THE COURT

1. On August 28, 2007, Honorable Judge Francis Allegra filed and issued an order which, in part, states the following:

> **On or before September 14, 2007, Plaintiff's counsel shall file a brief memorandum, not to exceed five (5) pages, directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to breach of the contract at issue[1].**

2. Plaintiff via Counsel here complies with the Order of the Court.

[1] **The Plaintiff's obligation to file the ordered memorandum brief was extended to November 12, 2007, by the Court, to wit:**

| | | |
|---|---|---|
| 09/28/2007 | 59 | ORDER granting 58 Motion to Continue.Plaintiff brief memorandum and declaration or affidavit due by 11/12/07. Signed by Judge Francis M. Allegra. (si1, ) (Entered: 09/28/2007) |

## INTRODUCTION AND FACTUAL RECITATION

3. In 1993, Plaintiff, a lifelong Alabama black farmer, attempted to apply for farm loans through the FSA office in Lawrence County, Alabama, but was denied even an application. In 1994, he received an application form and submitted requests for an ownership loan and farm operating loan, both of which were denied by the FSA office. Plaintiff pursued an administrative appeal, after which the application for the operating loan was approved.

4. After failing in other attempts to obtain loans, Plaintiff, in January 1996, filed a complaint with the USDA's Office of Civil Rights (OCR), charging FSA with racial discrimination. OCR ruled in his favor, finding that the FSA discriminated against him in denying the 1994 farm ownership loan and a 1995 farm operating loan.

5. On February 27, 1998, Plaintiff and OCR settled his administrative complaint, memorializing the settlement in a "Resolution Agreement.[2]" The agreement provided, in part, Mr. Stovall priority consideration on future loan applications, the opportunity to purchase inventory property, et al and required specific actions of the FSA and the USDA Office of Civil Rights. Id.

6. In early 1998, Plaintiff purchased farm land and filed a new application for a farm ownership and operating loan from FSA, this time obtaining the assistance of several USDA employees, including Carolyn Cooksie and Sam Snyder. The loans were approved in March 1998, and Plaintiff, after numerous delays[3] received these funds in November 1998. In April 1999, Plaintiff applied for additional funds to build two chicken houses. In December 1999, FSA approved an additional $35,000 loan to build those houses. However, following a meeting with a contractor and local FSA employee, Richard Knouff, it became apparent that additional funds were necessary to construct the projects. Plaintiff requested these funds from Mr. Knouff, who

---

**[2] It is well settled that the "Resolution Agreement is a contract for the purposes of the Tucker Act and for this Court." See Docket # 36, Published Opinion: Judge Francis Allegra. The Resolution Agreement is attached hereto marked, Exhibit 1; same being incorporated here as if fully stated verbatim.**

**[3] A circumstance constituting one of Mr. Stovall's original civil rights complaints, pursuant to the Equal Credit Opportunity Act of 1972, which lead to the 1998 Resolution Agreement.**

responded that Plaintiff had reached his loan limit with the FSA. Plaintiff alleges that Mr. Knouff controlled the construction distributions to the project's failure and then told the contractor to terminate the project.

7. Plaintiff contacted Ms. Cooksie and Mr. Snyder. Mr. Snyder developed a "Farm and Home Plan" to assess the commercial viability of the chicken houses. According to Plaintiff, Mr. Snyder and other USDA employees purposely set up the plan so that he could not demonstrate adequate cash flow, causing his request for additional loans or loan restructuring to be denied by the FSA in October of 2001. Plaintiff alleges this was a collective ploy to force him out of business. In October of 2001, Mr. Knouff again notified Mr. Stovall that FSA could not consider additional loans or loan restructuring.

8. Through properly pounded interrogatories and request for production, Plaintiff has sought Defendant USA answer questions and produce documents, specifically named Resolution Agreements of which Plaintiff and Counsel have knowledge between other similarly situated black farmers and the USDA in order that Plaintiff, in accordance with the Federal Rules of Evidence, can present to the Court and prove that the conduct of Defendant USA on the particular occasion of this alleged breach was in conformity with the habit or routine practice of the Defendant USA via the USDA to breach similar such contracts and settlement agreements. See Plaintiff's Motion to Compel herein, pp 4-6, Docket # 49. The Court conducted hearing on this matter and ordered this memorandum brief. Docket #s 55 and 59.

## ARGUMENT AND AUTHORITY

9. There is a dearth of case law responsive to the Court's Order to Plaintiff **"directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to breach of the contract at issue."** This circumstance may not be so surprising particularly because this case is one of first impression. It is the first of its kind filed in this Court as far as can be determined through diligent research.

10. After careful research, the issue before the Court appears to be an evidentiary one in this contract breach case. The USA'S actions in this breach are subject to review and evidence of those actions is discoverable. The matter appears to turn on whether Plaintiff Stovall may (a) discover certain evidence, similar contract agreements and breaches by USA to prove its pattern and practice of violating such contracts in conformity with this practice, (b) present this evidence to the Court for that purpose and (c) whether the Court may consider such evidence of Defendant USA'S habit, pattern and practice of violating contracts similar to the Stovall Settlement Contract.

11. The absence of case law does not appear to defeat Plaintiff's right to discover relevant evidence nor does it appear to prevent Plaintiff from presenting this evidence to the Court and the Court considering admissible evidence of Defendant USA'S habit, pattern and practice of breaching such contracts. F. R. Civ. Evid. 406(a). Fed. R. Civ. Evid. 406 provides as follows:

> **Rule 406. Habit; Routine Practice.**
>
> **(a) Admissibility.** Evidence of the habit of an individual or of the routine practice of a person other than an individual, whether corroborated or not and regardless of the presence of eyewitnesses, ***is relevant to prove that the conduct of the individual or other person on a particular occasion was in conformity with the habit or routine practice.***
>
> **(b) Method of proof.** Habit or routine practice may be proved by testimony in the form of an opinion or ***by specific instances of conduct sufficient in number to warrant a finding that the habit existed or that the practice was routine. (Emphasis added)***

**Id.**[4]

12. Various Courts have issued rulings (a) allowing the plaintiffs like the Plaintiff herein to present habit, pattern and practice evidence and (b) interpreting Rule 406. See ***Vanalt***

---

**[4] See also 1 McCormick on Evid. § 195 (6th ed.), *McCormick on Evidence*; 64 A.L.R.4th 567 (Rule 406 of the Uniform Rules of Evidence provides that evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.) John P. Ludington, LL.B.**

***Elec. Const. Inc. v. Selco Mfg. Corp.***, 233 Fed.Appx. 105, 2007 WL 1340912, C.A.3 (Pa.), May 08, 2007 (NO. 05-5239, 06-1434)(Fed.R.Evid. 406. Here, the testimony of Selco's employees regarding Selco's routine practice is relevant evidence that Selco acted in conformity with that practice by transmitting to Vanalt the document containing the limitation on liability); *See* ***Envirex, Inc. v. Ecological Recovery Assocs., Inc.,*** 454 F.Supp. 1329, 1333 (M.D.Pa.1978), *aff'd* 601 F.2d 574 (3d Cir.1979)(concluding that evidence of routine business practice was relevant to show that a document was part of a contract.); ***Simplex, Inc. v. Diversified Energy Systems, Inc.,*** 847 F.2d 1290, 1293 (C.A.7.Ill.,1988)(Before court may admit evidence of habit, offering party must establish degree of specificity and frequency of uniform response that ensures more than mere tendency to act in given manner, but rather, conduct that is semiautomatic in nature.)[5]

13. Plaintiff believes and therefore asserts that Defendant USA has admitted that additional settlement agreements similar to the Plaintiff Stovall's agreement exist. Defendant discussed said agreements in the telephonic hearing before this Court on August 27, 2007.

[5] ***Cunard S S Co v. Kelley,*** **115 F. 678, 686 (C.A.1.Mass.,1902);** ***Mobil Exploration and Producing U.S., Inc. v. Cajun Const. Services, Inc.,*** **45 F.3d 96, 99 (C.A.5.La.,1995)(To obtain an inference of routine practice of a business, for purposes of permitting admission of evidence of routine practice of an organization, plaintiff must show a sufficient number of specific instances of conduct to support that inference; evidence of defendant's actions on only a few occasions or in relation to plaintiff are not enough but, rather, plaintiff must show regularity over substantially all occasions or with substantially all other parties with whom defendant has had similar business transactions.):** ***Williams v. Security Nat. Bank of Sioux City, Iowa,*** **2005 WL 535343 (N.D.Iowa.W.Div.,2005) (Although there is no precise formula for determining when conduct is so consistent as to become "habit," adequacy of sampling and uniformity of response are controlling considerations.);*****U.S. v. Davis,*** **261 F.3d 1, 33 (C.A.1.R.I.,2001)(Once routine practice evidence has been admitted, the rule of evidence relating to evidence of routine practice does not limit the district court's consideration of such evidence, or the weight that it may be given. Fed.Rules Evid.Rule 406, 28 U.S.C.A.);** ***Central States, Southeast and Southwest Areas Pension Fund v. Melody Farms, Inc.,*** **969 F.Supp. 1034, 1042 (E.D.Mich.S.Div.,1997)(In order to be probative, evidence of routine or habit must be shown with degree of specificity and frequency of uniform response that ensures more than mere tendency to act in given manner, but, rather, conduct that is semiautomatic in nature; in addition, party offering such evidence must show sufficient number of specific instances of such conduct. 53 American Law Reports, Federal 703 (1981), Admissibility of evidence of habit or routine practice under Rule 406, Federal Rules of Evidence; 64 American Law Reports 4th 567 (1988) (Habit or routine practice evidence under Uniform Evidence Rule Admissibility. . .); 36 American Law Reports 4th 598 (1985); 29 Am. Jur. 2d Evidence § § 301-657; 29A Am. Jur. 2d Evidence § § 708-753**

Counsel has previously indicated to Mr. Wolak the names of black farmers with similar, nearly exactly the same Resolution Agreements Counsel was aware actually exists.[6]

14. More, Mr. Lloyd Wright, former Director, USDA Office of Civil Rights, states that to the best of his recollection, that he negotiated and executed approximately six such Resolution Agreements containing programmatic relief provisions with black farmers about the same time the instant Resolution Agreement was executed and subsequently intentionally breached by USDA officials. The Lloyd Wright Affidavit is attached hereto, marked Exhibit 2; same being incorporated herein as if fully stated verbatim. The USA'S consistency here and the numbers of such agreements are easily ascertainable. Only a very few such agreements exist and they are the subject of litigation and allegations of breach by the USA as well.

**CONCLUSION**

15. The Federal Rules of Evidence and cases interpreting Rule 406 clearly indicated that the evidence of habit, pattern and practice are admissible and **"relevant to prove that the conduct of the individual or other person on a particular occasion was in conformity with the habit or routine practice."** Thus, Defendant USA'S refusal to simply comply with discovery and provide the other, similar Resolution Agreements is at a minimum disingenuous and at most a direct attempt to keep the Court from seeing the very habit, pattern and practice of breach of the civil rights discrimination settlements in conformity with its established pattern.

Respectfully submitted,
James W. Myart, Jr. P.C.
1104 Denver Blvd
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815

[6] **Richard Grant (2); Matthew Grant; Dexter Davis; Robert and Laverne Williams; Howard Coats; See also the Affidavits of Laverne Williams, Dexter Davis and Michael Stovall attached to AFFIDAVITS OF PERSONAL KNOWLEDGE REGARDING MR. CLYDE THOMPSON'S INVOLVEMENT, CATEGORICALLY OR SPECIFICALLY IN BREACH OF STOVALL SETTLEMENT AGREEMENT AND SIMILAR SUCH RESOLUTION AGREEMENTS filed contemporaneously herewith; same being incorporated herein as if fully set forth verbatim.**

By:/S/ ______ ____________
James W. Myart, Jr.
SBN 14755950

**CERTIFICATE OF SERVICE**

I, hereby, certify that a true and correct copy of the foregoing pleading has been delivered ECF to Mr. Devin Wolak on November _____, 2007.

/S/______________________
James W. Myart, Jr.