COPY

copy

# UNITED STATES DEPARTMENT OF AGRICULTURE

## RESOLUTION AGREEMENT – Dexter and Phyllis Davis

This agreement is by and between the complainants, Dexter and Phyllis Davis, and the United States Department of Agriculture (USDA). Dexter and Phyllis Davis are represented by attorney James W. Myart, Jr. of 306 Preston Avenue, San Antonio, Texas, 78210. Except as set forth below, this agreement constitutes a settlement of all claims for relief raised in Mr. and Mrs. Davis' November 13, 1995, discrimination complaint submitted to USDA. This agreement is authorized by USDA regulations and civil rights statutes.

The parties wish to set forth the terms of the agreement in writing. The agreement is entered into for the purpose of resolving Mr. and Mrs. Davis' discrimination claims for relief in a mutually acceptable voluntary agreement. The Farm Service Agency (FSA) reserves the right to follow-up on any information developed as a result of the complaint and to take corrective action concerning FSA employees or policies as appropriate.

**USDA AGREES:**

1. To pay Mr. Dexter and Mrs. Phyllis Davis the sum of $114,000 in compensatory damages. A check in the amount jointly payable to Mr. and Mrs. Davis and James W. Myart, Jr. of 306 Preston Avenue, San Antonio, Texas 78210, will be issued as soon as practicable but no later than 30 calender days after this agreement has been signed by all parties, reviewed by the Department of Justice (DOJ), and, if DOJ approval is required, approved by DOJ.

2. USDA and FSA will forever release, declare null and void, and hold harmless the complainants from liability for their outstanding debt to USDA. This release will be executed, to the extent permissible under the law, so as to make it a tax-free transaction. This loan release will be completed as soon as practicable but no later than 15 calendar days after this agreement has been signed by all parties. The release of all debt to USDA will not be used by USDA or FSA in any negative manner in conjunction with Mr. and Mrs. Davis' application for, or participation in, any USDA or FSA program, benefit, or activity. This release will not trigger the statutory provisions found at Section 648 of the Federal Agriculture Improvement and Reform Act of 1996 that preclude an individual who has received debt forgiveness from obtaining future farm loans from USDA or from obtaining future debt forgiveness.

03 2309

FILED
NOV 17 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. To provide Mr. and Mrs. Davis with the following programmatic relief:

a. Mr. and Mrs. Davis will be given priority consideration on one farm ownership loan at their election. Such election must be made within the next five years. The term "priority consideration" as used in this agreement means that an application will be given first priority as to processing and as to the availability of funds available for the type of loan at issue. At the time of making such election, Mr. and Mrs. Davis must notify FSA that they are exercising their right under this agreement to receive priority consideration on their application, but they must make this election within five years after the date this agreement has been signed by all parties.

b. Mr. and Mrs. Davis will be given priority consideration on any direct farm operating loan they apply for in a maximum of three separate years; however, no priority consideration will be provided to Mr. and Mrs. Davis on any application for a farm operating loan five years after the date this agreement has been signed by all parties. At the time of making such election, Mr. and Mrs. Davis must notify FSA that they are exercising their right under this agreement to receive priority consideration on the application, but they must make this election within five years after the date this agreement has been signed by all parties.

c. Any application for a farm ownership or operating loan submitted by Mr. and Mrs. Davis within five years after this settlement agreement has been signed by all parties (not just those applications in which they seek priority consideration) will be viewed in a light most favorable to Mr. and Mrs. Davis, and the amount and terms of the loan will be the most favorable under the law so long as this is consistent with the applicable statutes. Mr. and Mrs. Davis will have to meet eligibility requirements for either the direct or guaranteed ownership or operating loans as set forth in 7 C.F.R. §§ 1941 and 1943.

d. Mr. and Mrs. Davis will be given priority consideration for the purchase, lease, or other acquisition of any inventory property from USDA at the best purchase price for Mr. and Mrs. Davis available under the law. The term "priority consideration" in this paragraph means that Mr. and Mrs. Davis' application for inventory property will be given first priority above all other applicants listed in 7 C.F.R. § 1955.107(f)(1).

e. In conjunction with any application for a farm ownership or operating loan or inventory property, the national office of FSA will provide or obtain reasonable technical assistance for Mr. and Mrs. Davis in submitting such application, including the preparation of a farm and home plan.

f. Final approval or disapproval of any application for a USDA loan will be completed under the auspices of the national office of FSA. In addition, the national office of FSA will monitor all assistance provided to Mr. and Mrs. Davis for the next five years.

g. The Office of Civil Rights will monitor FSA's compliance with the programmatic remedies set forth in this section.

h. USDA will notify the appropriate credit bureaus (as provided by Mr. and Mrs. Davis) that Mr. and Mrs. Davis no longer have any indebtedness to USDA.

4. To pay reasonable attorney fees upon submission of a bill of particulars. A check in the amount determined, payable to James W. Myart, Jr. of San Antonio, Texas, will be issued as soon as practicable, but no later than 30 calendar days after such submission.

**MR. DEXTER AND MRS. PHYLLIS DAVIS AGREE:**

5. That this settlement agreement constitutes a withdrawal of their November 13, 1995, program discrimination complaint with USDA and that they will not file any new administrative complaint relating to the issues involved in this complaint that have been resolved through this settlement agreement, specifically their claims for relief for the years 1995 through 1998.

6. To accept the above payment of compensatory damages and other relief set forth above as a full, final, and complete settlement of all claims for relief for the years 1995 through 1998 that were raised in their November 13, 1995, discrimination complaint with USDA. This settlement is also in complete and full satisfaction of any and all claims Mr. and Mrs. Davis may have against USDA based on facts occurring prior to the date of this agreement, except for those events between the years 1988 and 1994 that were raised in Mr. and Mrs. Davis' November 13, 1995, discrimination complaint, of which Mr. and Mrs. Davis know and reasonably should know.

7. To waive and release any and all claims or complaints of any kind arising out of the events between the years 1995 through 1998 that were the subject of the complainants' November 13, 1995, discrimination complaint with USDA, against USDA, the United States of America, any other agency of the United States of America, or any officer, employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity.

**BOTH PARTIES AGREE:**

8. That this settlement is subject to review by DOJ. Upon review of this agreement, DOJ may determine that DOJ approval of the agreement is required. In the event that DOJ does not approve this agreement, neither party is under any obligation to carry out the terms of the agreement and Mr. and Mrs. Davis may have reinstated the complaint that is the subject of the agreement.

9. That this settlement is only a settlement of Mr. and Mrs. Davis' claims for relief for the years 1995 through 1998 that were raised in Mr. and Mrs. Davis' November 13, 1995, discrimination complaint. The parties further agree that this agreement does not waive Mr. and Mrs. Davis' right to file an action for compensatory damages against USDA as to events between the years 1988 through 1994 that were the subject of their November 13, 1995, discrimination complaint. Accordingly, USDA agrees that it will not use this agreement to defend such an action by Mr. and Mrs. Davis concerning the events between the years 1988 through 1994 that were the subject of their November 13, 1995, discrimination complaint; however, USDA reserves the right to raise any and all other affirmative defenses available to it in such a court action against USDA, the United States of America, any other agency of the United States of America, or any officer, employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity. Mr. and Mrs. Davis agree that they cannot recover any damages resulting from events between the years 1995 through 1998 that were the subject of their November 13, 1995, discrimination complaint. This paragraph is intended only to reserve Mr. and Mrs. Davis' right to file an action for compensatory damages against USDA for events between the years 1988 and 1994 that were the subject of their November 13, 1995, discrimination complaint. Nothing in this paragraph may be construed to reserve Mr. and Mrs. Davis' right to file an action for compensatory damages against any officer, employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity.

10. That the purpose of the programmatic relief set forth in paragraph 3 of this agreement is to provide Mr. and Mrs. Davis the ability to efficiently and quickly reestablish themselves as full-time farmers. Therefore, USDA shall administer such programmatic relief so as to ensure that Mr. and Mrs. Davis are given a full opportunity, and provided with adequate technical assistance, to so reestablish themselves.

11. To respect the privacy rights of Mr. and Mrs. Davis and all other individuals involved in this matter. The fact that the matter was voluntarily resolved in a manner acceptable to both sides may be communicated by either party to any person. However, except as otherwise required by law, the explicit terms of this agreement will not be disclosed by either party, without the express permission and consent of the other party, to any person not a party except as necessary for that party to perform official government duties, to implement the agreement, or to defend themselves against any claim or cause of action.

12. That this matter is resolved through this settlement agreement. If the terms of this agreement are not carried out (other than a result of actions by Mr. and Mrs. Davis), Mr. and Mrs. Davis may request specific enforcement of the terms or reinstatement of their complaint by writing to the Director, Office of Civil Rights, USDA, Room 326-W, Washington, D.C., 20250. This request should be filed as soon as practicable but no later than 60 days of the date Mr. and Mrs. Davis know or reasonably should have known of the alleged failure to implement the agreement.

13. See attachment, marked Exhibit A, and same is incorporated herein as set forth verbatim.

Lloyd E. Wright, Director
Office of Civil Rights

3-4-98
DATE

Dexter Davis
Complainant

Phyllis Davis
Complainant

James W. Myart, Jr.
Attorney for the Complainant