**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVIS, et. al,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) |
| | ) **Cv. Act. No. 03-CV-02309 (RWD)** |
| **JOHANNS, et. al,** | ) |
| **Defendants.** | ) |

**PLAINTIFF DEXTER DAVIS' MOTION TO TRANSFER CASE TO FEDERAL COURT OF CLAIMS PURSUANT TO 28 U.S.C. § 1631 AND/OR ALTER JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 60(b), TO ACCOMPLISH TRANSFER**

Plaintiff Dexter Davis ("Davis") files this pleading, Motion to Transfer Case to Federal Court of Claims Pursuant to 28 U.S.C. § 1631 and/or Alter Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b), to Accomplish Transfer, in the interest of justice and would show upon the Court the following:

**PROCEDURAL HISTORY AND SUMMARY OF MOTION**

1. Subsequent to the Court's dismissal of this action on July 17, 2006, this case laid dormant for one year and a few days. The Court dismissed Davis' 15 U.S.C. § 1691e, Equal Credit Opportunity Act of 1972 ("ECOA"), claim as untimely because it was not brought within the applicable limitations period.

2. The Court, further, opined that it lacked jurisdiction over Davis' Breach of Contract claim which was based on that certain Resolution Agreement settling the

Defendant Johanns' (USDA Office of Civil Rights) admitted discrimination against Davis on the basis of his race, Black. See Exhibit, Resolution Agreement. The Court, however, as readily reviewed in its judgment, did not transfer Davis' remaining Breach of Contract Claim to the Federal Court of Claims as required by **28 U.S.C. § 1631, Transfer to Cure Want of Jurisdiction**.

3. This motion is respectfully filed to **(a)** cure this Court's lack of jurisdiction over Davis' Breach of Contract Claim; **(b)** insure the appropriate transfer to the Federal Claims Court **(c)** and to insure that a manifest injustice is avoided. Davis believes, and prays the Court agrees, that the Court has the authority to accomplish this pursuant to 28 U.S.C. § 1631 and, if necessary, Federal Rules of Civil Procedure, Rule 60(b) and applicable precedent.

## ARGUMENT AND AUTHORITIES

### A. FEDERAL COURT OF CLAIMS VESTED WITH JURISDICTION OF BREACH OF CONTRACT CLAIM, "The Tucker Act); 28 U.S.C. § 1631, TRANSFER TO CURE WANT OF JURISDICTION, DIRECTS TRANSFER BY DISTRICT COURT.

4. In Defendant Johanns' Renewed Motion to Dismiss Davis' case, (Docket # 20), he vigorously argues two (2) points: that this Court should dismiss the case because **(a)** the Equal Credit Opportunity Act claim was time-barred, and **(b)** it lacked jurisdiction to entertain Davis' Breach of Contract Claim and that jurisdiction of the

claim was vested in the Federal Court of Claims.[1] The Court and the Plaintiff agreed. See Docket #s 34 and 35. However, the Court did not transfer the case, Breach of Contract

---

[1] **DEFENDANT'S ARGUMENT** ***(Footnotes included in text)***

**IV. Any Claim For Breach Of The 1998 Settlement Agreement Would Have To Be Brought Before The Court Of Federal Claims.**

**While not clear, plaintiffs may be attempting to assert a claim for breach of the 1998 settlement agreement based on their novel theory that the language of the agreement excepting any claim for the years 1988 through 1995 imposed an obligation on USDA to compensate them for these years – notwithstanding plaintiffs' failure to file a timely ECOA claim, and notwithstanding their burden under ECOA to prove that the USDA unlawfully discriminated against them in a credit transaction.9 This Court does not have jurisdiction over a claim against the government sounding in contract. The Tucker Act waives the sovereign immunity of the United States for contract claims, but rests exclusive jurisdiction over those claims in the United 10 The Little Tucker Act creates concurrent jurisdiction in federal district courts for contract claims against the United States for less than $10,000. *See* 28 U.S.C. § 1346(a)(2). Here, however, plaintiffs' claims are far in excess of the Little Tucker Act's cap. In the initial complaint, Plaintiffs indicated they were seeking thirty-five million dollars in damages. That language appears to have been dropped, although plaintiffs do assert that as a result of USDA's "breach of contract" they "have suffered almost incalculable damages[.]" Complaint ¶ 32. To the extent plaintiffs intend to assert that they are still owed money under the 1998 settlement agreement, they must limit their claim to less than $10,000 or they will have pled that claim out of this Court. States Court of Federal Claims.10 *See* 28 U.S.C. §1491(a)(1). *See also United States v. Mitchell*, 463 U.S. 206, 215 (1983); *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003). A settlement agreement is a contract, and a lawsuit based on a settlement agreement is a contract claim. *See Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003) ("[U]nder the Tucker Act … a settlement agreement is considered a contract."); *Presidential Gardens Associates v. United States*, 175 F.3d 132, 141 (2d Cir. 1999) (similar). As a result, any cause of action alleging a breach of the 1998 settlement agreement between the plaintiffs and USDA can be brought only in the Court of Claims.**

Claim, to the Federal Court of Claims despite the clear language and authority of 28 U.S.C. § 1631.

5. 28 U.S.C. § 1631 states the following:

> **Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, *the court shall*, if it is in the interest of justice, *transfer such action* or appeal to *any other such court* in which the action or appeal *could have been brought at the time it was filed or noticed*, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred. *(Emphasis added)***

28 U.S.C. § 1631

6. The District of Columbia District Court precedent is applicable and appears binding in the case at bar. In ***Stovall v. Veneman***, DC 04-cv-00319, the Honorable District Judge Rosemary Collier, pursuant to 28 U.S.C. § 1631, transferred Mr. Stovall's Breach of Contract Claim to the Federal Court of Claims. (See Docket #s 25 and 26.) Judge Collier's opinion on the instant issue is clear.[2] Judge Collier's opinion

[2] ***C. Breach of the 1998 Resolution Agreement***

**The Amended Complaint makes it clear that Mr. Stovall is also advancing a claim for breach of the 1998 Resolution Agreement. Compl. ¶¶ 43, 44. This Court does not have jurisdiction over this claim because Mr. Stovall is seeking damages in excess of $10,000.9 The Tucker Act, 28 U.S.C. § 1346(a)(2), waives the sovereign immunity of the United States for contract claims, *United States v. Mitchell,* 463 U.S. 206, 215 (1983), and provides that the district courts share original jurisdiction with the Court of Federal Claims over any civil action or claim against the United States, not exceeding $10,000 in amount, founded either**

and law cited therein is incorporated herein by reference as if fully stated verbatim. The Court is asked to note that the ***Stovall v. Veneman*** (2-26-04) and the case (11-07-03) at bar were filed within two and one-half (2 1/2) months of each other.

---

**upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction over any civil action or claim against the United States founded upon any express or implied contract with the United States not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1), [41 U.S.C. §§ 607(g)(1), 609(a)(1)], of the Contract Disputes Act of 1978. 28 U.S.C. § 1346(a)(2). A plain reading of this provision indicates that district courts do not have jurisdiction over contractual claims exceeding $10,000. Rather, such claims must be brought in the Court of Federal Claims. *Waters v. Rumsfeld*, 320 F.3d 265, 270 (D.C. Cir. 2003) (under the (Big) Tucker Act," claims in excess of the $10,000 jurisdictional ceiling are within the exclusive jurisdiction of the Court of Claims).**

**A claim for breach of the 1998 Resolution Agreement must be brought in the Court of Federal Claims because, "under the Tucker Act . . .[,] a settlement agreement is considered a contract," *Shaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003), and "jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims." *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004). Mr. Stovall nevertheless asks the Court to "assert ancillary jurisdiction" over his breach-of-contract claims because it would be in the interest of judicial efficiency. Pltf.'s Opp. ¶ 23. Because his other claims are not justiciable, the breach-of-contract claim is not "ancillary" to any claim remaining before this Court and must be transferred. *Kokkonen*, 511 U.S. at 380 (ancillary jurisdiction is only appropriate for matters that are incidental to other claims properly before the court).**

7. The Court is informed that Mr. Stovall's Federal Claims Court case, ***STOVALL v. USA et al***, **1:05-cv-00400-FMA**, Francis M. Allegra, presiding, is proceeding.[3]

**B. THE COURT IS AUTHORIZED AND MAY AMEND THE JUDGMENT TO PURSUANT TO FEDERAL RULES PF CIVIL PROCEDURE, RULE 60(b)**

8. The Court's July 17, 2006, Judgment of Dismissal, is a final order. Respectfully and succinctly stated, the judgment constitutes a manifest injustice upon the Plaintiff if the Breach of Contract Claim is not transferred to the Federal Court of Claims. Pursuant to Rule 60(b) and case law, this Court, in its discretion, may prevent such a manifest injustice by reinstating this case and insuring that Davis has the opportunity for his day in Court to redress his viable claim.

9. Rule 60(b) states, in applicable part, the following:

> **On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) . . .the judgment. . . is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . and the procedure for obtaining**

---

**[3] Counsel is here providing Judge Allegra's opinion and order in connection with the Defendant's dismissal motion in the Federal Court of Claims only because Judge Allegra ordered that the opinion be forwarded to the District Court. See Exhibit.**

**any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. (Emphasis added)**

F.R.C.P 60(b)

10. It is settled law that the Court has a "large measure of discretion" to alter the judgment herein to insure transfer of Davis' Breach of Contract Claim to the Federal Court of Claims and to insure justice for Davis. ***Browder v. Director*,** 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). Rule 60(b) provides that "upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding" for any of several specified reasons. Regardless of the particular reason for providing such relief, however, under Rule 60(b), the trial judge must strike a " 'delicate balance between the sanctity of final judgments ... and the incessant command of a court's conscience that justice be done in light of *all* the facts.' " ***Good Luck Nursing Home, Inc. v. Harris,*** 636 F.2d 572, 577 (D.C.Cir.1980) (quoting ***Bankers Mortgage Co. v. United States,*** 423 F.2d 73, 77 (5th Cir.1970). Consequently, the district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion. *See* ***Browder v. Director*,** 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); ***Randall v. Merrill Lynch,*** 820 F.2d 1317, 1320 (D.C.Cir.1987); **11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil*** § 2872 (1973).

11. In accordance with the local rules, Counsel has conferred with Defendants' Counsel, and the government is opposed to this motion.

12. Davis, therefore, prays the Court transfers his Breach of Contract Claim to the Federal Court of Claims and for other relief to which he may show himself entitled.

Respectfully submitted,

James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815
By: /s/ ________________

James W. Myart, Jr.
Federal Bar No. TX0021
Jwmyartlaw@satx.rr.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served under Rule 5 of the Federal Rules of Civil Procedure this 24th day of July, 2007 to the following:

John C. Truong, Esq.
United States Department of Justice
Civil Division, Room 7340
20 Massachusetts Avenue, NW
Washington, D.C. 20530

/s/________________________
James W. Myart, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVIS, et. al,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) Cv. Act. No. 03-CV-02309 (RWD) |
| **JOHANNS, et. al,** | ) |
| **Defendants.** | ) |

**PROPOSED ORDER**

The Court is of the opinion that Mr. Davis' Motion to Transfer Case to Federal Court of Claims Pursuant to 28 U.S.C. § 1631 and/or Alter Judgment Pursuant to Federal Rules of Civil Procedure, Rule 60(b), to Accomplish Transfer is meritorious.

The Court **FINDS** that the proper jurisdiction of Mr. Davis' Breach of Contract Claim is the Federal Court of Claims.

**IT IS, THEREFORE, ORDERED** that this case is transferred to the Federal Court of Claims on Mr. Davis' Breach of Contract Claim.

**OR**

**IT IS, THEREFORE, ORDERED** that the judgment herein is altered to reflect that this case is transferred to the Federal Court of Claims on Mr. Davis' Breach of Contract Claim.

**AND**

**IT IS FURTHER ORDERED** that the Clerk is to transfer this case to the Federal Court of Claims.

______________________________
**UNITED STATES DISTRICT JUDGE**