# UNITED STATES DEPARTMENT OF AGRICULTURE

## FINAL RESOLUTION AGREEMENT – Matthew Grant

This agreement is by and between the complainant, Matthew Grant, and the United States Department of Agriculture (USDA). Matthew Grant is represented by attorney James W. Myart, Jr. of 306 Preston Avenue, San Antonio, Texas 78210. This agreement constitutes a full, complete, and final settlement of all claims for relief for the years 1994 through 1998 raised in Mr. Grant's December 6, 1995, discrimination complaint submitted to USDA. This agreement is authorized by civil rights statutes and USDA regulations.

The parties wish to set forth the terms of the agreement in writing. The agreement is entered into for the purpose of resolving Mr. Grant's discrimination claims for relief in a mutually acceptable voluntary agreement. The Farm Service Agency (FSA) reserves the right to follow-up on any information developed as a result of the complaint and to take corrective action concerning FSA employees or policies as appropriate. This agreement is intended as the final resolution agreement entered into by the parties and sets forth specifically the settlement terms reached on February 24, 1998. The February 24, 1998, document signed by all the parties constituted a general statement of settlement between the parties and is intended to be superceded by this agreement.

USDA AGREES:

1. To pay Mr. Grant the sum of $312,000 in compensatory damages. A check in the amount payable to Mr. Grant and James W. Myart, Jr. of 306 Preston Avenue, San Antonio, Texas 78210, will be issued as soon as practicable but no later than 30 calender days after this agreement has been signed by all parties, reviewed by the Department of Justice (DOJ), and, if DOJ approval is required, approved by DOJ.

2. To pay all of Mr. Grant's unpaid outstanding debt owed to FSA. USDA and FSA will forever discharge and hold harmless the complainant from liability for such debt. This discharge will be executed, to the extent permissible under the law, so as to make it a free transaction. This loan discharge will be completed as soon as practicable but n than 15 calendar days after this agreement has been signed by all parties. The disc of all debt to USDA will not be used by USDA or FSA in any negative manner in conjunction with Mr. Grant's application for, or participation in, any USDA or F program, benefit, or activity.

FILED
NOV - 7
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. To provide Mr. Grant with programmatic relief as follows:

a. USDA will convey to Mr. Grant any property previously owned by him that is now in USDA inventory property. Mr. Grant will be given free and clear title to such land with no liens or encumbrances held by USDA.

b. USDA will release all liens held by USDA on property currently owned by Mr. Grant such that the property will be free from all liens or encumbrances held by USDA.

c. Mr. Grant will be given priority consideration on one farm ownership loan at his election. Such election must be made within the next five years. The term "priority consideration" as used in this agreement means that an application will be given first priority as to processing and as to the availability of funds available for the type of loan at issue. At the time of making such election, Mr. Grant must notify FSA that he is exercising his right under this agreement to receive priority consideration on his application, but he must make this election within five years after the date this agreement has been signed by all parties.

d. Mr. Grant will be given priority consideration on any direct farm operating loan he applies for in a maximum of three separate years; however, no priority consideration will be provided to Mr. Grant on any application for a farm operating loan five years after the date this agreement has been signed by all parties. At the time of making such election, Mr. Grant must notify FSA that he is exercising his right under this agreement to receive priority consideration on his application, but he must make this election within five years after the date this agreement has been signed by all parties.

e. If a private lending institution approves Mr. Grant for a farm loan, USDA will process any application for a guaranteed loan from USDA in a manner most favorable to Mr. Grant.

f. Any application for a farm operating loan submitted by Mr. Grant within five years after this settlement agreement has been signed by all parties (not just those applications in which he seeks priority consideration) will be viewed in a light most favorable to Mr. Grant, and the amount and terms of the loan will be the most favorable under the law so long as this is consistent with the applicable statutes. In making a determination on such a loan application, FSA will not take into account the sum paid under paragraph 1 of this agreement. Mr. Grant will have to meet eligibility requirements for either the direct or guaranteed ownership or operating loans as set forth in 7 C.F.R. §§ 1941 and 1943.

g. Mr. Grant will be given priority consideration for the purchase, lease, or other acquisition of any inventory property from USDA at the best purchase price for

Mr. Grant available under the law. The term "priority consideration" in this paragraph means that Mr. Grant's application for inventory property will be given first priority above all other applicants listed in 7 C.F.R. § 1955.107(f)(1).

h. In conjunction with any application for a farm ownership or operating loan or inventory property, the national office of FSA will provide or obtain reasonable technical assistance for Mr. Grant in submitting such application, including the preparation of a farm and home plan.

i. Final approval or disapproval of any application for a USDA loan will be completed under the auspices of the national office of FSA. In addition, the national office of FSA will monitor all assistance provided to Mr. Grant for the next five years.

j. The Office of Civil Rights will monitor FSA's compliance with the programmatic remedies set forth in this section.

4. To pay reasonable attorney fees and costs upon submission of a bill of particulars. A check in the amount determined, payable to James W. Myart, Jr. of San Antonio, Texas, will be issued as soon as practicable, but no later than 30 calendar days after such submission.

**MR. GRANT AGREES:**

5. That this settlement agreement constitutes a withdrawal of his December 6, 1995, program discrimination complaint with USDA and that he will not file any new administrative complaint relating to the issues involved in this complaint that have been resolved through this settlement agreement, specifically his claims for relief for the years 1994 through 1998.

6. To accept the above payment of compensatory damages and other relief set forth above as a full, final, and complete settlement of all claims for relief for the years 1994 through 1998 that were raised in his December 6, 1995, discrimination complaint with USDA. This settlement is also in complete and full satisfaction of any and all claims Mr. Grant may have against USDA based on facts occurring prior to the date of this agreement, except for those events between the years 1972 and 1993 that were raised in Mr. Grant's December 6, 1995, discrimination complaint, of which Mr. Grant knows and reasonably should know.

7. To waive and release any and all claims or complaints of any kind arising out of the events between the years 1994 through 1998 that were the subject of the complainant's December 6, 1995, discrimination complaint with USDA, against USDA, the United States of America, any other agency of the United States of America, or any officer,

employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity.

**BOTH PARTIES AGREE:**

8. That this settlement is subject to review by DOJ. Upon review of this agreement, DOJ may determine that DOJ approval of the agreement is required. In the event that DOJ does not approve this agreement, neither party is under any obligation to carry out the terms of the agreement and Mr. Grant may have reinstated the complaint that is the subject of the agreement.

9. That this settlement is only a settlement of Mr. Grant's claims for relief for the years 1994 through 1998 that were raised in Mr. Grant's December 6, 1995, discrimination complaint. The parties further agree that this agreement does not waive Mr. Grant's right to file an action for compensatory damages against USDA as to events between the years 1972 through 1993 that were the subject of his December 6, 1995, discrimination complaint. Accordingly, USDA agrees that it will not use this agreement to defend such an action by Mr. Grant against USDA concerning the events between the years 1972 through 1993 that were the subject of his December 6, 1995, discrimination complaint; however, USDA reserves the right to raise any and all other affirmative defenses available to it in such a court action against USDA, the United States of America, any other agency of the United States, or any officer, employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity. Mr. Grant agrees that he cannot recover any damages resulting from events between the years 1994 through 1998 that were the subject of his December 6, 1995, discrimination complaint. This paragraph is intended only to reserve Mr. Grant's right to file an action for compensatory damages against USDA for events between the years 1972 and 1993 that were the subject of his December 6, 1995, discrimination complaint. Nothing in this paragraph may be construed to reserve Mr. Grant's right to file an action for compensatory damages against any officer, employee, or agent of USDA or of the United States of America, in either his or her official or individual capacity.

10. That the purpose of the programmatic relief set forth in paragraph 3 of this agreement is to provide Mr. Grant the ability to efficiently and quickly reestablish himself as a full-time farmer. Therefore, USDA shall administer such programmatic relief so as to ensure that Mr. Grant is given a full opportunity, and provided with adequate technical assistance, to so reestablish himself.

11. To respect the privacy rights of Mr. Grant and all other individuals involved in this matter. The fact that the matter was voluntarily resolved in a manner acceptable to both sides may be communicated by either party to any person. However, except as otherwise required by law, the explicit terms of this agreement will not be disclosed by either party,

without the express permission and consent of the other party, to any person not a party except as necessary for that party to perform official government duties, to implement the agreement, or to defend themselves against any claim or cause of action.

12. That this matter is resolved through this settlement agreement. If the terms of this agreement are not carried out (other than a result of actions by Mr. Grant), Mr. Grant may request specific enforcement of the terms or reinstatement of his complaints by writing to the Director, Office of Civil Rights, USDA, Room 326-W, Washington, D.C., 20250. This request should be filed as soon as practicable but no later than 60 days of the date Mr. Grant knows or reasonably should have known of the alleged failure to implement the agreement.

13. See attachment, marked Exhibit A, and same is incorporated herein as set forth verbatim.

March 2, 1998

Lloyd E. Wright, Director
Office of Civil Rights

Matthew Grant
Complainant

James M. Myart, Jr.
Attorney for the Complainant

# EXHIBIT E