**U.S. Department of Justice**

Civil Division

JED:DAB:DAWolak
154-05-400

Telephone: (202) 616-0170
Facsimile: (202) 514-8624

*Washington, DC 20530*

September 7, 2007

VIA ELECTRONIC MAIL

**CONFIDENTIAL COMMUNICATION**

**SUBJECT TO F.R.E. 408**

Mr. James W. Myart, Jr.
James W. Myart, Jr., P.C.
The Preston House
1104 Denver Boulevard
Suite 300
San Antonio, Texas 78210

Re: *Michael W. Stovall v. United States*, CFC No. 05-400
Your August 28, 2007 request for ADR

Dear Mr. Myart:

I am in receipt of your email dated August 28, 2007, in which you (a) offered to waive any right your client has to depose Mr. Clyde Thompson in exchange for our agreement to re-produce Mr. Sam Snyder for deposition at a mutually agreeable time and location; (b) requested that we agree to participate in a mediation proceeding for this case and begin to negotiate the parameters of that proceeding; and (c) requested that we begin to draft our post-discovery joint status report. I responded to items (a) and (c) under separate cover; this is my response to your request for ADR. This is a confidential settlement communication subject to Federal Rule of Evidence 408, and I expect that you will treat it as such.

As I have repeatedly informed you during our oral discussions in the past, and as our initial joint preliminary status report indicates, the Government will consider specific alternative dispute resolution procedures as appropriate time, namely, at or near the close of discovery. However, because your recent motion to compel has suspended the scheduling order and indefinitely extended discovery, we are not presently considering ADR in this case. Additionally, although we always remain open to the possibility of resolving this case short of trial, several factors militate against ADR at this time. Those factors include, but are not limited to, the broad gap between the parties' respective valuations of this case, as well as your own demonstrated difficulty with attending previously scheduled events in this case (here I refer you not only to your failure to attend Mr. Snyder's deposition, but also your tardiness and scheduled early departure for Mr. Stovall's deposition).

We feel that it would be more productive to devote our energies to completing discovery and engaging in motion practice so that we can further refine the legal issues in this case. Without going through this process, we feel that the parties are so far apart in their assessment of both the relevant legal issues and the value of the case, that any attempt at mediation would not produce a final resolution of the case. We therefore cannot recommend mediation at this time.

Sincerely,

DA Wolak

Devin A. Wolak
Trial Attorney
Commercial Litigation Branch