# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge F. Allegra)** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |

**AMENDED MOTION TO RE-OPEN DISCOVERY AS TO CLYDE THOMPSON, FREDERICK ISLER, SAM SNYDER, CAROLYN COOKSIE AND DR. JOHN SWIGER AND REQUEST FOR EXPEDITED RULING**

**TO THE HONORABLE JUDGE FRANCIS ALLEGRA:**

NOW COMES Plaintiff Michael Stovall in the above styled and numbered cause and respectfully files this Amended[1] Motion to Re-Open Discovery as to Clyde Thompson, Frederick Isler, Sam Snyder, Carolyn Cooksie and Dr. John Swiger and Request for Expedited Ruling and would show upon the Court the following:

1. The discovery in this matter and from a practical standpoint Counsel believes is closed. Counsel does stand to be corrected.

2. Pending before the Court are Counsel's submissions as ordered by the Court, to wit:

| | | |
|---|---|---|
| 11/10/2007 | 61 | MEMORANDUM re: 55 Order, filed by MICHAEL W. STOVALL. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 |

[1] **THE ONLY PURPOSE OF THIS AMENDED MOTION IS TO INCLUDE AS AN EXHIBIT COUNSEL'S NOVEMBER 6, 2007 LETTER TO MR. WOLACK, Ref: *Stovall v. USA*, Cause # -05-400C (Judge Allegra): Offer on Discovery: ADR Preparation; Motion to Set a Trial Date, WHICH WAS INADVERTANTLY NOT FILED IN THE ORIGINAL MOTION.**

| | | |
|---|---|---|
| | | Exhibit)(Myart, James) (Entered: 11/10/2007) |
| 11/10/2007 | 60 | MEMORANDUM re: 55 Order, filed by MICHAEL W. STOVALL. (Attachments: # 1 Exhibit # 2 Exhibit)(Myart, James) (Entered: 11/10/2007) |

3. This motion, of course, may be impacted by the Court's rulings as to Clyde Thompson, Sam Snyder and Frederick Isler as discussed in the above delineated submissions.

4. However, the same can not be true for Ms. Cooksie as her deposition has already been taken. Counsel, however, has discovered new and possibly pejorative information in connection with Ms. Cooksie which Counsel believes bears directly on the case and which appear clearly relevant to the fundamental issue in the case, the alleged breach of contract, such breach being predicated upon deplorable continuing discrimination against and in retaliation to Plaintiff Stovall.

5. As a proffer to the Court and to support Plaintiff's request to re-depose Ms. Cooksie, the Court is informed that Ms. Cooksie is presently, on information and belief, subject to a USDA Office of Inspector investigation for an e-mail she sent to USDA employees lobbying them to oppose legislation considered by the Congress that will, if enacted, provide thousands of black farmers relief from the USDA'S admitted discrimination against them in violation of the Equal Credit Opportunity Act.

6. The letter, attached hereto as Exhibit 1; same being incorporated herein as if fully set forth verbatim, was sent to former USDA Secretary of Agriculture Mike Johanns by Rep. E. Towns, Chairman, Subcommittee on Government Management, Organization and Procurement. Copies of Rep. Towns letter was also copied to Rep. Bilbary, Waxman and Tom Davis. Id. The letter contains copies of the alleged e-mail sent to USDA employees by Ms. Cooksie, Deputy Administrator, FSA Federal Programs.

7. Counsel believes and, therefore, assets that this new ***"Cooksie Affair"*** goes directly to motive for the breach of the Stovall settlement agreement and retaliation. Ms. Cooksie, in her official capacity, is in charge of the FSA'S Loan Program and is charged with the responsibility of enforcing the programmatic relief provisions of the USDA/Stovall Settlement Agreement (and similar agreements[2]) which Plaintiff Stovall has continuously complained was been breached and breached for discriminatory reasons and retaliation.

8. Plaintiff believes that Plaintiff's brief and legal authority therein cited, Docket # [61], PLAINTIFF MICHAEL STOVALL'S BRIEF AND MEMORANDUM OF LAW ON DEFENDANT USA'S PATTERN AND PRACTICE OF BREACHING OTHER SETTLEMENT AGREEMENTS SIMILAR TO CONTRACT ISSUE BEFORE THE COURT, justifies his effort to re-depose Ms. Cooksie. Plaintiff relies on the cited legal authority herein and, thus, incorporates said argument and authority as if fully stated verbatim.

9. Thus, Plaintiff respectfully requests the Court authorize him to re-depose Ms. Cooksie on a strictly limited basis as to the content of the above cited letter by Congressman Towns. Plaintiff believes that this limited purpose deposition will take no more than three (3) hours if that long.

10. Counsel has conferred with Mr. Wolak on this matter in several e-mail and telephone conferences. That correspondence and the government's response are attached here and incorporated as if fully stated verbatim.

---

[2] **Counsel has provided the Court numerous examples of other settlement agreements which, too, have been allegedly breached by Ms. Cookise, FSA and USDA. See docket #s [61] and [60]. On information and belief, Ms. Cooksie had direct responsibility of enforcing all such settlement agreements.**

11. Respectfully, the Court is asked to note that Counsel, by direction of the Court, wrote to Mr. Wolak on November 6 and 9, 2007, respectively. Mr. Wolak responded to Counsel's attempt to confer on November 30, 2007, 24 and 21 days later. Counsel believes the amount of time to respond to discussions regarding discovery given the fact that Plaintiff is suffering damages daily, is unreasonable and unfair. Counsel believes he has been more than courteous with the government on discovery matters, but now believes that the delay has gone too far.

12. As a practical matter, Counsel is deeply concerned that the government is not interested in completing swiftly discovery in this matter. Counsel has attempted to get agreement to conduct discovery outside of the close date as Counsel is of the belief can be done if the parties agree. Counsel, again, stands to be corrected. The government has rebuffed all such efforts. In fact, this date Counsel attempted to provide Dr. Swiger a date for this month for deposition as requested by Mr. Wolak. When Counsel said he was willing to produce Dr. Swiger before Christmas, Mr. Wolak said, "Oh, sometimes in the beginning of the new year."

13. Counsel is not at a loss as to why the government (USDA) appears to want to prolong this case even while the Plaintiff suffers daily as a result of the breached contract. Counsel does not ascribe bad conduct to Mr. Wolak or the USDOJ. Counsel believes it is Mr. Wolak's client, the USDA, which is intentionally stalling this matter. On information and belief, the USDA has a history of these kinds of delay tactics in all matters concerning black farmers. It is quite unfortunate and injurious to the thousands of black farmers, including this Plaintiff, who suffer daily at the hands of the USDA.

14. The Court is informed that Mr. Stovall is working feverishly to mitigate his damages by attempting to acquire yet another poultry producer contract similar to the one lost as a result of the breach here alleged. He is inhibited in doing so while the instant matter is pending. If the government would simply agree to move along, this matter may be concluded and he may move on with his effort to rebuild his farming operation and his life.

15. Should the Court grant the Plaintiff the right to take the additional depositions listed in this request, Counsel is confident that the depositions can be completed by the end of the year and that the required post-discovery conference can be held at the very beginning of the year. All of this, of course, is dependent on the Honorable Court's rulings and the Court's docket schedule. Plaintiff is very mindful of the Court's docket in connection with this respectful request.

16. The Court may want to consider a brief telephonic status conference.

WHEREFORE, premises considered, Plaintiff prays the Court grant the requested relief herein and general relief to which he may be entitled.

Respectfully submitted,

James W. Myart, Jr. P.C.
1104 Denver Blvd
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815
By:/S/ ______ _____________
James W. Myart, Jr.
SBN 14755950

**CERTIFICATE OF SERVICE**

I, hereby, certify that a true and correct copy of the foregoing pleading has been delivered ECF to Mr. Devin Wolak on December 5, 2007.

/S/______________________
James W. Myart, Jr.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge F. Allegra)** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |

## PROPOSED ORDER

The Court is of the opinion that Plaintiff's motion is meritorious.

**IT IS THERFORE ORDERED** that Plaintiff shall take the depositions of Clyde Thompson, Frederick Isler and Sam Snyder. Defendant shall produce these witnesses for depositions prior to the end of December;

**IT IS FURTHER ORDERED** that Plaintiff is authorized to take the deposition of Carolyn Cooksie only foe the purposes requested. The Cooksie deposition shall be limited to three (3) hours;

**IT IS FURTHER ORDERED** that Counsel in this matter shall confer and agree on deposition dates by December 10, 2007.

**IT IS FURTHER ORDERED** that the deposition of Dr. John Swiger shall be taken by December 30, 2007.

**IT IS FURTHER ORDERED** that discovery shall close on December 31, 2007.

**IT IS FURTHER ORDERED** that the post-discovery conference shall be set for ____________________, 2008.

______________________________
**JUDGE FRANCIS ALLEGRA**