**U.S. Department of Justice**

Civil Division

JED:DAB:DAWolak
154-05-400

Telephone: (202) 616-0170
Facsimile: (202) 514-8624

***Washington, DC 20530***

November 30, 2007

VIA ELECTRONIC MAIL

Mr. James W. Myart, Jr.
James W. Myart, Jr., P.C.
The Preston House
1104 Denver Boulevard
Suite 300
San Antonio, Texas 78210

Re: *Michael W. Stovall v. United States*, CFC No. 05-400
Your November 5, 2007 correspondence

Dear Mr. Myart:

I am in receipt of your email dated November 5, 2007, in which you requested (a) that we agree you should be excused from responding to part 1 of the Court's August 28, 2007 order; (b) informed us that you intend to comply with part 2 of the Court's August 28, 2007 order, and that you will seek leave to depose Messrs. Clyde Thompson and Clarence Snyder; (c) requested our position upon your proposed motion to set a trial date; and (d) requested our consent to submit this case to alternative dispute resolution ("ADR"). Additionally, in the course of our telephone conversations during the week of November 5, you indicated that you will also be seeking leave to depose Mr. Fred Isler, and you requested our consent to that as well. I address each point in turn.

**(a) Part 1 of the Court's August 28, 2007 Order.** In your email, you asked that we permit you to forego filing the brief ordered by the Court in its August 28 order because, according to you, Federal Rule of Evidence 406 plainly permits your client to discover the other settlement agreements that are the subject of your pending motion to compel. We disagree with your position. We further note that the Court's order requires you to "file a brief . . . directing the Court to any breach of contract ***cases*** wherein the defendant's 'pattern and practice' of breaching other, similar agreements was considered relevant to the breach of contract at issue." (emphasis added). Federal Rule of Evidence, standing alone, is not the collection of breach of contract cases the Court has requested. You have not provided citations to any such cases, and our own preliminary research suggests that none exist. Accordingly, we see no reason to excuse

you from the Court's order, and we will await your brief and the Court's order.

**(b) Depositions.** With respect to your request that we make Messrs. Thompson and Snyder available for deposition without you first complying with part 2 of the Court's August 28 order, our position is the same as it is with respect to part 1 of the order. We will await your submissions and the Court's decision.

With respect to the proposed deposition of Mr. Isler, we note that his deposition is not one of the discovery items you sought in your still-pending motion to compel, nor is it something you have ever requested in the course of this litigation. You have been well aware of Mr. Isler's existence and potential relevance to this case since at least October 2, 2006, the day you served your first Rule 26(a)(1) disclosures with Mr. Isler listed as the fifth individual likely to possess discoverable information. Except for the limited discovery that is the subject of your motion to compel, discovery is closed. Accordingly, you have waived Mr. Isler's deposition and we will not make him available.

**(c) Your Proposed Motion To Set A Trial Date.** We will not consent to any motion by the plaintiff to set a trial date. Appendix A to the Rules of the Court of Federal Claims provides a clear mechanism for pretrial procedures, including setting the trial date. We intend to follow those rules, and a motion to set a trial date is not necessary. We also note that, until your pending motion to compel is resolved, discovery remains open for limited purposes, and seeking a trial date would be premature. We have also consistently informed you that we intend to engage in at least one round of dispositive motion practice prior to submitting this case for trial. All of these considerations militate against setting an immediate trial date.

**(d) Alternative Dispute Resolution.** You made a nearly identical request for ADR in early September, to which we responded, on September 7, 2007, as follows:

> As I have repeatedly informed you during our oral discussions in the past, and as our initial joint preliminary status report indicates, the Government will consider specific alternative dispute resolution procedures as appropriate time, namely, at or near the close of discovery. However, because your recent motion to compel has suspended the scheduling order and indefinitely extended discovery, we are not presently considering ADR in this case. Additionally, although we always remain open to the possibility of resolving this case short of trial, several factors militate against ADR at this time. Those factors include, but are not limited to, the broad gap between the parties' respective valuations of this case, as well as your own demonstrated difficulty with attending previously scheduled events in this case (here I refer you not only to your failure to attend Mr. Snyder's deposition, but also your tardiness and scheduled early departure

for Mr. Stovall's deposition).

> We feel that it would be more productive to devote our energies to completing discovery and engaging in motion practice so that we can further refine the legal issues in this case. Without going through this process, we feel that the parties are so far apart in their assessment of both the relevant legal issues and the value of the case, that any attempt at mediation would not produce a final resolution of the case. We therefore cannot recommend mediation at this time.

Since that time, you successfully sought both an enlargement of time to respond to the Court's August 28 order, and a stay of this case in the wake of your medical issues that arose on September 21, 2007. Other than that, nothing has happened in this case. Accordingly, there is no basis upon which we can change our position. We will not recommend any form of ADR at this time.

**Deposition Dates For Dr. Swiger.** Finally, as you are aware, the Court has permitted the United States to depose your expert, Dr. Swiger. In our correspondence dated September 7, 2007, we requested his availability. You never responded. Therefore, we renew our request: please provide dates when your expert, Dr. Swiger, can be made available for his deposition. If you do not provide Dr. Swiger's availability by December 21, 2007, we will notice his deposition at a time and place convenient for the Government.

Sincerely,

DAWolak

Devin A. Wolak
Trial Attorney
Commercial Litigation Branch