# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 05-400C** |
| | ) | **(Judge F. Allegra)** |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED MOTION TO RE-OPEN DISCOVERY AS TO CLYDE THOMPSON, FREDERICK ISLER, SAM SNYDER, CAROLYN COOKSIE AND DR. JOHN SWIGER AND REQUEST FOR EXPEDITED RULING AND REQUEST TO STRIKE CERTAIN DOCUMENTS

**TO THE HONORABLE JUDGE FRANCIS ALLEGRA:**

NOW COMES Plaintiff Michael Stovall in the above styled and numbered cause and respectfully files this Reply to Defendant's Response to Plaintiff's Amended Motion to Re-Open Discovery as to Clyde Thompson, Frederick Isler, Sam Snyder, Carolyn Cooksie and Dr. John Swiger and Request for Expedited Ruling and Request to Strike Certain Document and would show upon the Court the following:

1. Plaintiff has no illusions as to why Defendant and its agency, USDA, are vigorously opposed to the limited re-opening of discovery in this matter. Defendant complains, disingenuously, that Plaintiff is attempting, based on the Court's discovery orders, to go beyond or outside the discovery rules and Court imposed deadlines to gather relevant evidence that go directly to the issue before the Court. Def's. Rsp. Defendant argues that the parties have agreed twice to extend discovery without informing the Court

that it was Defendant who requested each time that Plaintiff agree to extend discovery. As the Court may be aware, Plaintiff has been quite gracious, perhaps to his own detriment, in giving the Defendant extension after extension on the delivery of discovery.

2. Plaintiff, in his motion and amended motion to re-open discovery, has attempted to make it abundantly clear to the Court why the depositions of Mr. Clyde Thompson, Mr. Frederick Isler and Mr. San Synder are critical to the issues before the Court. More, Plaintiff explained to the Court in hearing as to why these depositions, save Mr. Isler, were imperative. The Court ordered Plaintiff to submit certain information regarding same. Plaintiff has complied with the orders of the Court.

3. Defendant initially agreed to produce Mr. Thompson for deposition and then, at thee very last minute before the day and time of his noticed deposition, Defendant chose not to produce Mr. Thompson. Instead, Defendant submitted an affidavit from Mr. Thompson in which Mr. Thompson denied that he had any knowledge of the Stovall matter, let along the alleged breach of the settlement agreement. Subsequently, Plaintiff adduced evidence via the affidavits of Plaintiff Stovall, Mr. Dexter Davis and Ms. Laverne Williams that Mr. Thompson indeed, as well as Mr. Frederick Isler, a direct subordinate to Mr. Thompson, was intricately involved in the whole discrimination/contract breach affair not just as to Mr. Stovall but also to other black farmers.

4. Thus, Plaintiff respectfully requests the Court authorize depose Mr. Thompson and Mr. Isler. Plaintiff believes that these depositions will take no more than four (4) hours each.

5. Further, Plaintiff has explained to the Court in hearing as to why the deposition of Mr. Sam Synder was not taken at the time re-scheduled by Defendant. Counsel, again, was not prepared for the deposition and was briefing the Court as to the Defendant's last minute refusal to produce Mr. Thompson for his deposition. The deposition of Mr. Snyder will take no more than four (4) hours.

6. Plaintiff believes and therefore asserts that the re-taking of Ms. Cooksie's deposition on a limited basis is essential on the issue of the breach of contract. This is so particularly in light of the evidence presented to the Court regarding the Office the USDA Inspector General's investigation resulting from the letter sent to the Secretary of Agriculture by the Honorable Adolphus Towns. The issue of the investigation, of course, regards the possible illegal lobbying by USDA officials of members of Congress against the passage of the 2007 Farm Bill[1] which contains substantial relief to black famers

---

[1] ***Sense of the Senate*** **The 2007 Farm Bill passed by the United States Senate on December 14, 2007 contains a *"Sense of the Senate"* related to claims of discrimination filed by socially disadvantaged farmers against the USDA/USA. Of particular relevance and significance to matter at bar is page 745, Section 5403 [file 6 of 12] of the 2007 Farm Bill:**

**1 SEC.5403 SENSE OF THE SENATE**

**RELATING TO CLAIMS**

**2 BROUGHT BY SOCIALLY DISADVANTAGED**

**3 FARMERS OF RANCHERS.**

**4 It is the sense of the senate that the Secretary should**
**5 Resolve all claims and class actions brought against the**
**6 Department of Agriculture by socially disadvantaged**
**7 Farmers or Ranchers (as defined in section 355(e) of the**
**8 Consolidated Farm and Rural Development Act (7U.S.C.**
**9 2003(e), including Native American, Hispanic, and fe-**
**10 male farmers or ranchers, based on racial, ethnic, or gen-**
**11 der discrimination in farm program participation in an ex-**
**12 peditious and just manner.**

**Plaintiff recognizes that his claims before this Court are for Breach of Contract. The Contract, however, resulted from the exact same type minority farmers' claims to which the Senate refers:**

discriminated against by the USDA. These very USDA officials were and are responsible for the implementation of the settlement agreement at issue before the Court.

7. Thus, Plaintiff respectfully requests the Court authorize him to re-depose Ms. Cooksie on a strictly limited basis as to the content of the above cited letter by Congressman Towns. Plaintiff believes that this limited purpose deposition will take no more than two (2) hours if that long.

8. The deposition of Dr. John Swiger has never been at issue. In fact, Dr. Swiger stands ready to submit to deposition in January although Mr. Wolak seeks a date in mid-February. Plaintiff, again, is distressed at the Defendant's delays in completing the discovery.

## ARGUMENT AND AUTHORITY

9. As a general matter, Rule 26(b)(1) of the Rules of the Court of Federal Claims ("RCFC") provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. ***Wolfchild v. U.S.***, 68 Fed.Cl. 779, 797, (Fed.Cl.,2005.) at FN25. The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, (1978)( Rule 26 (b)(1) is to be construed broadly and discoverable matters encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in this case) (citing ***Hickman v. Taylor,*** 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.")); *see also* ***Vons Cos. v. United*** *States*, 51 Fed.Cl. 1 (2001); Fed.R.Civ.P. 26 advisory committee note (1983 amend.)

---

**Discrimination against socially disadvantaged farmers in the extension of credit governed by the Equal Credit Opportunity Act of 1972.**

10. Plaintiff only attempts to provide the Court, the Trier of fact and law, the essential evidence in the case and to prove his case via the Court's established discovery rules. Frankly, Defendant's opposition is based primarily on its desire that the Court not see all the evidence in the case. Plaintiff is mindful of the discovery rules and has attempted to abide by same in the prosecution of this matter. Plaintiff, further, asserts that the limited discovery requested can be completed quickly and that same would not place Defendant at a disadvantage.

**REQUEST TO STRIKE CERTAIN DOCUMENTS**

11. In its response, Defendant attaches as an exhibit a document, October 30, 2007 Memorandum Opinion, issued by Judge Collen Kollar-Kotelly in yet another black farmer discrimination case, ***Williams v. Johanns***, 03-2245 (CKK), USDC, District of Columbia. This document is completely and wholly irrelevant to the issues before the Court.

12. Plaintiff surmises that the only plausible purpose of Defendant to attach this document is the Defendant's not so subtle effort attempt to prejudice Plaintiff and Counsel and to raise the ire of this Court against Counsel and Plaintiff Stovall. Subsequent to the filing of its Response, Counsel discussed with Mr. Wolak the Defendant's inclusion of this document in the Stovall matter. Counsel explained to Mr. Wolak his belief as to why the document was included and that it was a "low blow."

13. Counsel suggested to Mr. Wolak that his client, USA/USDA, was still smarting from this Court's denial of Defendant's jurisdictional motion to dismiss the Stovall. Counsel specifically was referring to this Court's ruling which, in part, states the following:

> **Nonetheless, having the United States take inconsistent positions before sister courts is hardly a trifling matter, particularly, where the integrity of the judicial system is implicated, and especially, where the case involves serious claims of racial discrimination.**
>
> **This court will not paint the lily. For the reasons previously stated, defendant's motion to dismiss must be denied. The Clerk is ordered to mail a copy of this opinion to the district court judge who handled this matter in the United States District Court for the District of Columbia.**

MEMORANDUM OPINION, Docket # 36, July 5, 2006

Mr. Wolak did not respond.

14. Counsel further questioned Mr. Wolak as to why he had not informed this Court that the Memorandum Opinion was the subject of extensive pleading, MOTION TO CORRECT AND/OR AMEND FINDINGS IN COURT'S OCTOBER 30, 2007 AMENDED MEMORANDUM OPINION AND REQUEST FOR HEARING filed on November 28, 2007, which provides incontrovertible evidence that the opinion was based on clearly erroneous material. Mr. Wolak did not respond to Counsel's explanation other than to say, "I wanted to inform the Court of what was going on."

15. Counsel was required to file Notices in three USDC DC District Court cases of Defendant USA's improper and irrelevant filing of the Memorandum Opinion in this matter and, conversely will be required to file this pleading in those same cases. The Notices are attached hereto, marked Exhibit 1; same being incorporated here as if fully set forth verbatim.

16. To insure completeness and as sincere explanation, Plaintiff is obliged to include here the MOTION TO CORRECT AND/OR AMEND FINDINGS IN COURT'S OCTOBER 30, 2007 AMENDED MEMORANDUM OPINION AND REQUEST FOR

HEARING and two of its attachments as Exhibit 2, 3 and 4; same being incorporated here as if fully stated verbatim.

17. Plaintiff, however, seeks to have the October 30, 2007 Memorandum Opinion stricken from the record here, an act which would necessarily require that the MOTION TO CORRECT AND/OR AMEND FINDINGS IN COURT'S OCTOBER 30, 2007 AMENDED MEMORANDUM OPINION AND REQUEST FOR HEARING and the three notices be stricken as well.

WHEREFORE, premises considered, Plaintiff prays the Court grant the requested relief herein and general relief to which he may be entitled.

Respectfully submitted,

James W. Myart, Jr. P.C.
1104 Denver Blvd
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax: (210) 533-4815
By:/S/ ______ ____________
James W. Myart, Jr.
SBN 14755950

**CERTIFICATE OF SERVICE**

I, hereby, certify that a true and correct copy of the foregoing pleading has been delivered ECF to Mr. Devin Wolak on January 2, 2008

/S/______________________
James W. Myart, Jr.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MICHAEL W. STOVALL** | **)** | |
| | **)** | |
| | **)** | |
| **v.** | **)** | **No. 05-400C** |
| | **)** | **(Judge F. Allegra)** |
| | **)** | |
| **THE UNITED STATES OF AMERICA** | **)** | |
| | **)** | |

**PROPOSED ORDER**

Plaintiff's motion and amended motions to re-open discovery are meritorious.

**IT IS THEREORE ORDERED** that discovery is re-opened for the limited purposes of Plaintiff deposing Clyde Thompson, Frederick Isler and Sam Snyder. Each deposition shall be limited to four (4) hours only.

**IT IS FURTHER ORDERED** that Ms. Carolyn Cooksie shall re-submit to deposition for a period not to exceed two (2) hours on the limited issue raised in the letter to Secretary Mike Johanns from Congressman Aldolphus Towns.

**IT IS FURTHER ORDERED** that all matters related to the Memorandum Opinion issued in the ***Williams v. Johanns*** matter are stricken from the record herein.

______________________________

**Judge Francis Allegra**