11-27-07

Mr. J.W. Myart, Esq
ROOM 12403

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WILLIAMS, et al.,** | § | |
| **Plaintiffs.** | § | |
| **v.** | § | **Civ. No. 03-2245 (CKK) (JMF)** |
| **JOHANNS, et al.,** | § | |
| **Defendants.** | § | |

**DECLARATION OF CAROL GRANT**

~~Before me was CAROL GRANT who was deposed and said the following:~~

"My name is CAROL GRANT. I am over 18 years old and I am capable of making this Delcaration. I have personal knowledge of the facts stated herein and these facts are stated to the best of my recollection and ability. I make this ~~affidavit~~ declaration under the penalty and understanding of perjury.

I know James W. Myart, Jr. as the attorney for the Plaintiffs in this case. I know this because Mr. Myart contacted Pro Typist on ~~or about~~ August ~~8, 9 or 10,~~ 8-15 2007 to order transcripts of hearings conducted by Magistrate Judge John Facciola in the Williams case. He called to find out how to order the transcripts. I explained to him what he needed to do. He called back and gave me the dates he wanted.

I have spoken with Mr. Myart at least four times since the Court issued its order dated October 30, 2007.

In my recent conversations with Mr. Myart, Mr. Myart told me that he had flown to Washington DC to find out why he had not received the transcripts ordered in August and repeatedly expressed alarm that somehow it had been reported to the Court that he had not ordered the transcripts.

Mr. Myart also expressed fear and desperation that the information given to the Court was used by the Court to suggest he had made a material misrepresentation to the Court that he had in fact not ordered the transcripts in August. Mr. Myart further expressed that such a finding by a Court could get him in deep trouble and that if such a material representation was true that he could be disciplined by the Court and perhaps even disbarred and prosecuted for perjury for lying to a federal judge.

I am deeply concerned that the Court was given incorrect information or that there is confusion as to what Mr. Myart did or did not do about ordering the transcripts as he reported to the Court in August.

I have read that portion of the Court's October 30, 2007 Order describing Pro-Typists involvement in this matter.

I am truly sorry that there has been this confusion and I apologized to Mr. Myart for the error. I had received a call from a young man who identified himself as Jarred, Hosid, Judge Facciola's new law clerk.

I also informed Jarred ~~(last name not known)~~ Hosid that Mr. Myart had in fact ordered the transcripts as he said he did and that it was not his fault that he had not received the transcripts that he in fact ordered.

In order to inform the Court of the true facts, I have reproduced the statements of the Court's Order below, and I have made truthful comments to hopefully correct them.

> **The Office Manager informed the Court that Mr. Myart never ordered any transcripts.**

This statement is incorrect. I am not exactly sure where the Court got this information or how my telephone conference with a representative of the Court was so interpreted. Mr. Myart did order the transcripts that he represented to the Court that he had ordered. The confusion may have occurred because Mr. Myart gave me the dates the transcripts were entered into the record. He gave me the docket numbers where the transcripts were entered into the record. Mr. Myart told me he was giving me the dates of entry of the transcripts in the record. I later found out the actual dates of the hearings, the information we needed to acquire the transcripts. I later got the dates of the hearings. But, Mr. Myart ordered the transcripts.

> **While it appears that Mr. Myart called to inquire about ordering transcripts, he said he would call back another day to place an order. He apparently never called back.**

This statement, too, is incorrect. Mr. Myart ordered the transcripts.

> **The Office Manager also informed the Court that transcripts are never prepared without first having obtained an order from a customer backed by a credit card or check.**

This statement is correct. Pro Typist does not process orders for transcripts without first getting a credit card number to which to charge for reproduction of the transcripts.

**There is no record of Mr. Myart ever having given a credit card number or other form of payment to Pro-Typist to obtain transcripts in the instant proceedings.**

This statement is wholly incorrect. At the time Mr. Myart ordered the transcripts, he was asked for a credit card number and the expiration date in order that Pro Typist could charge him for the transcripts. Mr. Myart gave me the requested information at the time he ordered the transcripts.

In fact, I processed the order on Friday, November 9, 2007 without having to ask Mr. Myart for his credit card information again because I had it on file since he ordered the transcripts in early August.

Five (5) transcripts were sent via-email to Mr. Myart on Friday, November 9, 2007 by Mr. Paul Cutter of Pro Typist. I faxed one (1) transcript to Mr. Myart at his hotel at BWI Airport.

Mr. Myart's credit card was charged a total of approximately $92.00. Again, I already had the credit card information.

Mr. Myart on the same day told me that it was a must that the Court be informed of the error. He called me again and said he was deeply distressed over this whole thing and that he had to respond to the Court's order with an explanation of what had happened.

I hope that this ~~affidavit~~ declaration is considered by the Court as it explains what happened and that Mr. Myart ordered the transcripts when he told the Court he had done so.

DECLARANT SAYETH FURTHER NOT.

DATED: November 27, 2007

Carol Grant