# In The United States Court of Federal Claims

No. 05-400C

(Filed: January 9, 2008)

MICHAEL W. STOVALL,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

Pending before the court are two motions filed by plaintiff: (i) a Motion to Compel various forms of discovery filed on August 22, 2007; and (ii) a Motion to Re-Open Discovery filed on December 4, 2007. Both motions are opposed by defendant. For the reasons that follow, the court **DENIES** the Motion to Compel and **GRANTS**, in part, and **DENIES**, in part, the Motion to Re-Open Discovery.

## I. BACKGROUND

Michael Stovall (plaintiff) is an African-American farmer in Alabama. He brings suit against the United States for breach of contract. Initially, plaintiff filed an administrative complaint with the U.S. Department of Agriculture alleging that the Farm Service Agency (FSA) racially discriminated against him in connection with farm loan applications. On February 27, 1998, plaintiff entered into a settlement agreement with the FSA, pursuant to which the FSA agreed to give plaintiff "priority consideration" for inventory property and farm ownership loans. In the operative Second Amended Complaint (SAC), plaintiff alleges the FSA failed to abide by this agreement in the years 1998, 1999, 2000 and ongoing to the present.[1]

Discovery in this case closed August 31, 2007. On August 22, 2007, plaintiff filed a motion to compel: (i) the deposition of Mr. Clyde Thompson, Deputy Administrator for

[1] The present claim for breach of contract was originally part of a broader lawsuit filed in the District Court for the District of Columbia. The district court dismissed all claims save the breach of contract claim and, at the government's urging, transferred the breach of contract claim here. The government moved this court to dismiss under Rule 12(b)(1) for lack of jurisdiction. This court denied that motion. *See Stovall v. United States*, 71 Fed. Cl. 696, 697 (2006).

Operations and Management of Rural Development, Department of Agriculture; and (ii) the production of settlement agreements similar to the Stovall/USDA settlement agreement at issue here which plaintiff contended would show a pattern and practice of USA/USDA violating settlement agreements and further discriminating against black farmers. Plaintiff also sought sanctions in the form of $3,500 in attorney's fees and $500 in costs.

On August 27, 2007, the court held a telephonic hearing on this motion. On August 28, 2007, pursuant to discussions during that hearing, the court ordered plaintiff's counsel, on or before September 14, 2007, to file a brief memorandum directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to the breach of the contract at issue. The court also instructed counsel to file a declaration or affidavit setting forth his personal knowledge regarding Mr. Clyde Thompson's involvement, categorically or specifically, in the drafting, negotiation, or alleged breach of the Stovall settlement agreement. Plaintiff requested and obtained a continuance to file these documents on or before November 12, 2007.

On November 10, 2007, plaintiff filed the memorandum with 17 attached exhibits. Plaintiff related that "[t]here is a dearth of case law responsive to Court's order . . . 'directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to breach of the contract at issue.'" In the absence of any supporting case law, plaintiff argued that the USDA has a habitual pattern of breaching agreements with African-American farmers – making such agreements admissible evidence of habit under Federal Rule of Evidence 406. Plaintiff's counsel attached a declaration stating, *inter alia*, that he has "had direct in person, phone conversations and mail communication with Mr. Thompson and Mr. Isler regarding the Michael Stovall settlement agreement as well as the discrimination claims and settlements of other black farmers above delineated." Plaintiff's counsel asserts that he had conversations and mail communications with Mr. Thompson regarding Mr. Stovall's settlement agreement and related discrimination claims. He also indicates that Mr. Thompson and Mr. Isler were on panels at public hearings that heard testimony from African-American farmers, including Mr. Stovall, regarding claimed discrimination and breaches of settlement agreements.

On December 6, 2007, plaintiff filed a "motion to re-open discovery," which asked the court to compel the depositions of Clyde Thompson, Sam Snyder, Frederick Isler, to re-open the deposition of Carolyn Cooksie, and to order defendant to depose plaintiff's expert Dr. John Swiger by December 30, 2007. Defendant filed its response on December 21, 2007. It objected to the deposition of Clyde Thompson on the ground that he possesses no relevant information, to Sam Snyder on the ground that plaintiff waived the deposition by failing to attend it on the previously-scheduled date, to Frederick Isler on the ground that plaintiff failed to request it during discovery despite naming Mr. Isler in his initial disclosures under RCFC 26, and to Carolyn Cooksie on the ground that no new evidence provided good cause for re-opening her deposition.

## II. DISCUSSION

Before turning to the specific merits of the pending motions, it is important to emphasize what this case is not. It is neither a class action, nor a civil rights action, nor a suit seeking broad injunctive relief against the Department of Agriculture to cure a pattern and practice of conduct. It is, for better or worse, a contract action, filed under the Tucker Act, 28 U.S.C. § 1491, in which the primary question is whether the settlement agreement at issue was breached. Discovery in this action has been – and will be – limited to what is relevant to that question. In particular, this court will not allow this case to become a vehicle for plaintiff to conduct a broad-ranging inquiry into the practices of the Department of Agriculture regarding African-American farmers. While that topic undoubtedly is important, it is not a topic in this case. Rather, the focus here is on what happened to Mr. Stovall and it is only information that is relevant to the alleged breach of his settlement agreement that is within the proper scope of discovery.

Indeed, many of the disputes at issue hinge on the relevancy of the information requested or sought. Consistent with the goal of promoting the "just and complete resolution of disputes," the Federal Circuit has stated, "[r]elevancy for purposes of Rule 26 is broadly construed." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *see also Centurion Indus., Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 190-91 (2005). Moreover, as RCFC 26(b)(1) further emphasizes, relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantic Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *see also Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 903 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017 (1982); *Evergreen Trading, LLC ex rel. Nussdorf v. United States*, 2007 WL 4553061 (Fed. Cl. Dec. 21, 2007); *JZ Buckingham Investments, LLC v. United States*, 78 Fed. Cl. 15, 19 (2007). Nonetheless, the concept of relevancy is not limitless. *See Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995); *Avianca v. Corriea*, 705 F. Supp. 666, 677 (D.D.C. 1989); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985).

Although given ample opportunity to do so, plaintiff has not shown – nor has this court found – any case in which evidence regarding an agency's breach of certain agreement was held to be relevant in determining whether a similar, yet separate, agreement was breached. Indeed, the only cases to consider this issue in private contract actions have rejected the admissibility of such evidence. *See Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988) (evidence regarding supplier's conduct with respect to other contracts was not admissible in breach of contract action); *G.M. Brod & Co., Inc. v. United States Home Corp.*, 759 F.2d 1526, 1533 (11th Cir. 1985) (in breach of contract action, testimony of another contractor that a developer had breached five contracts with him and breached contracts with other contractors was not admissible). Contrary to plaintiff's arguments, there is no indication that evidence regarding breaches of like agreements by the Department of Agriculture would be admissible as evidence of "the routine practice of an organization" within the meaning of Rule 406 of the Federal Rules of Evidence. According to advisory committee, such routine practices involve a "regular practice of meeting a particular type of situation with a specific type of conduct." Rule 406, Federal Rules of Evidence advisory comm. notes (1972) (quoting 1 McCormick on

Evidence § 162 at 340 (6th ed. 2006). At the least, differences in the experiences of thousands of other African-American farmers in dealing with the Department of Agriculture renders this rule inapplicable. Moreover, the cases holding that evidence of other contract breaches may not be admitted as evidence of the breach of a contract under review have specifically held that Rule 406 was inapplicable. *See Simplex*, 847 F.2d at 1294; *G.M, Brod. & Co.*, 759 F.2d at 1533.

As such, there is no apparent factual or legal basis upon which to allow plaintiff to engage in discovery designed to determine how the Department of Agriculture acted specifically with respect to other similar settlement agreements.[2] Based on this conclusion, the court must deny plaintiff's motion to compel discovery to the extent that is seeks: (i) copies of settlement agreements similar to that entered into by Mr. Stovall and any documentation associated with the claimed breach of those agreements, including complaints of breach filed with the Department of Agriculture (Document Production 12); and (ii) the identity of others persons who have complained to the Department of Agriculture regarding the breach of such agreements (Interrogatory 7).[3]

Plaintiff's motion to compel, in tandem with his motion to re-open discovery, seeks leave to allow the depositions of five individuals, which requests the court will consider *seriatim*:

***Clyde Thompson***. In his motion to compel, as well as his motion to reopen discovery, plaintiff seeks to depose Clyde Thompson, Deputy Administrator for Operations and Management of Rural Development, Department of Agriculture. Defendant originally agreed to allow Mr. Thompson to be deposed, subject to its receiving copies of any written communications between Mr. Thompson and plaintiff's counsel or Mr. Stovall. Believing that those communications had not been fully provided, defendant ultimately declined to produce Mr. Thompson. At the argument regarding the pending motions, plaintiff's counsel clarified that defendant has received all the communications that were sent to by Mr. Stovall or his counsel to Mr. Thompson and that there were no written communications sent by Mr. Thompson to either Mr. Stovall or his counsel. Moreover, the declaration of Mr. Stovall's counsel asserts (albeit without much detail) that he had personal communications with Mr. Thompson regarding Mr. Stovall's situation and that Mr. Thompson had, on at least one occasion, directly interacted with Mr. Stovall regarding the subject of this case.

---

[2] Plaintiff's counsel, indeed, admits that he possesses copies of at least some of these settlement agreements, as well as documentation regarding alleged breaches of those agreements. This admission makes plaintiff's failure to demonstrate more support for his claim that there was a pattern and practice of breaching settlements agreements at the Department of Agriculture all the more conspicuous.

[3] Moreover, plaintiff admits that, prior to filing his motion to compel, he did not, in good faith, confer or attempt to confer with defendant regarding his Interrogatories 8 and 10. Because of this, he has withdrawn his motion to compel answers to those interrogatories. *See* RCFC 37(a)(2)(B).

In the court's view, plaintiff has established adequate grounds to conduct a limited deposition of Mr. Thompson, but only to probe his personal knowledge regarding Mr. Stovall's situation or with respect to agency policies, practices or other positions that directly impacted Mr. Stovall's situation. Consistent with the ruling above, Mr. Thompson's deposition shall not extend to questions involving the specific settlement agreements the Department of Agriculture had with other African-American farmers or to specific claims of breach or discrimination with respect thereto.

***Frederick Isler***. In his motion to reopen discovery, plaintiff seeks to conduct the deposition of Frederick Isler, another official at the Department of Agriculture. Although plaintiff apparently was aware that Mr. Isler was a potential witness in this case, he did not notice his deposition prior to closing of the original discovery period herein. Plaintiff has not adequately explained his failure to notice this deposition and the court, therefore, concludes that his motion to reopen discovery to allow the deposition of this potential witness is not well-taken. *See Southwest Intelecom Inc. v. Compass Bank*, 2007 WL 3268467, at *3 (5th Cir. Nov. 6, 2007); *Lee v. City of Redwood City*, 2007 WL 1813657, at *2 (N.D. Cal. Jun. 22, 2007).

***Carolyn Cooksie***. In his motion to reopen discovery, plaintiff also seeks to redepose Carolyn Cooksie, Deputy Administrator for Farm Loan Programs, Department of Agriculture. Plaintiff attached to his memorandum in support of this motion a letter from Congressman Edolphus Towns to Secretary of Agriculture Mike Johanns, to which is attached an e-mail. The letter refers to Ms. Cooksie, but does not indicate that she is the author of the e-mail; the e-mail itself does not reveal its authorship. Yet, in his motion, plaintiff boldly represents that "Ms. Cooksie is presently, on information and belief, subject to a USDA Office of Inspector [General] investigation for an e-mail she sent to USDA employees lobbying them to oppose legislation considered by the Congress that will, if enacted, provide thousands of black farms relief from USDA's admitted discrimination against them in violation of the Equal Credit Opportunity Act." Plaintiff claims that the e-mail and the circumstances surrounding it "go[] directively to motive for the breach of the Stovall settlement agreement and retaliation," and relates to the Department of Agriculture's "pattern and practice of breach other similar agreements similar to [sic] contract issue before the court." (Emphasis omitted).

In the court's view, plaintiff has not provided an adequate basis to conduct further deposition of Ms. Cooksie. In particular, plaintiff makes representations that are not borne out by the documents attached to his memorandum, most importantly, the assertion that Ms. Cooksie is the author of the e-mail in question and that she had been accused of retaliating against African-American farmers. If plaintiff or his counsel were aware of additional facts that supported their request to redepose Ms. Cooksie, they should have provided them in the form of a declaration (particularly since the court had ordered plaintiff to file a declaration in support of his motion to compel). But, they did not. *See Bowden ex. rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("[T]he opinions, allegations, and conclusory statements of counsel do not substitute for evidence."); *Park v. United States*, 10 Cl. Ct. 790, 792 (1986) ("Argument in brief does not substitute for an affidavit."). Indeed, it bears noting that the e-mail in question was apparently circulated in 2007 – the August 21, 2007, letter from Congressman Towns refers to the e-mail as having been "recently circulated." Accordingly, the

court does not believe that plaintiff has demonstrated that the subject matter on which he seeks to redepose Ms. Cooksie is relevant to the activities that occurred in the time period between 1998 and 2002.

***Sam Snyder***. Mr. Stovall's counsel failed to appear at the noticed deposition of Sam Snyder, an employee of the Department of Agriculture who apparently directly interacted with Mr. Stovall. Plaintiff's counsel asserts, *inter alia*, that he did not attend deposition because he was preparing the motion to compel that was filed on August 22, 2007. While the court has concerns regarding the reasons given by plaintiff's counsel for missing this deposition, it, nonetheless, will allow plaintiff to depose Mr. Snyder during an extension of the discovery period herein. That deposition will be conducted at a location selected by defendant, with each party to bear its own costs.

***Dr. John Swiger***. Plaintiff designated Dr. John Swiger as an expert witness several weeks before the close of discovery. Defendant was unable to conduct a deposition of this witness prior to the expiration of the original discovery period. Plaintiff has agreed to allow this deposition to proceed if there is an extension of the discovery period herein – and the court will so order.

Finally, it should be noted that plaintiff's motions were accompanied by various requests for sanctions under RCFC 37. Because the court has denied significant portions of the motions in question and because at least some of the problems that occurred here were the result of plaintiff's failure to adhere to this court's rules, the court sees no basis upon which to impose sanctions against the defendant in this matter.

## III. CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's Motion to Compel and **GRANTS**, in part, and **DENIES**, in part, plaintiff's Motion to Re-Open Discovery. Consistent with the instructions given above, in this regard:

1. The period for conducting discovery in this case shall be extended to and including March 14, 2008.

2. The discovery to occur during this extended period shall be limited to the following:

    a. The deposition of Clyde Thompson, but only to the extent that he has personal knowledge regarding Mr. Stovall's situation or with respect to agency policies, practices or other positions that directly impacted Mr. Stovall's situation;

b. The deposition of Sam Snyder; and

c. The deposition of Dr. John Swiger.

3. The parties shall cooperate in the scheduling of these depositions; the failure to cooperate may lead to the imposition of sanctions.

4. On or before March 28, 2008, the parties shall file a joint status report indicating how this case should proceed, with a proposed schedule, as appropriate.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge