IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MICHAEL W. STOVALL, Plaintiff, | ) | Electronic Filing |
| v. | ) | No. 05-400C |
| THE UNITED STATES, Defendant. | ) | (Judge Allegra) |

**DEFENDANT'S STATUS REPORT**

Pursuant to the Court's order dated January 8, 2008, the defendant, the United States, respectfully submits the following status report regarding the status of discovery in this case and suggestions for how this case should proceed.

I. Discovery Permitted Under The Court's Order

On January 9, 2008, the Court entered an order resolving the plaintiff's then-pending discovery related motions. The order directed the parties to conduct limited fact discovery as follows:

1. The period for conducting discovery in this case shall be extended to and including March 14, 2008.

2. The discovery to occur during this extended period shall be limited to the following:

   a. The deposition of Clyde Thompson, but only to the extent that he has personal knowledge regarding Mr. Stovall's situation or with respect to agency policies, practices or other positions that directly impacted Mr. Stovall's situation;

   b. The deposition of Sam Snyder; and

   c. The deposition of Dr. John Swiger.

3. The parties shall cooperate in the scheduling of these depositions; the failure to cooperate may lead to the imposition of sanctions.

4. On or before March 28, 2008, the parties shall file a joint status report indicating how this case should proceed, with a proposed schedule, as appropriate.

II. The Parties Efforts To Conduct The Permitted Discovery

A. Scheduling Depositions

The parties cooperated in setting a schedule for the permitted depositions. Dr. Swiger's deposition was scheduled for February 12, 2008, at the San Antonio, Texas, office of James Myart, Jr., plaintiff's counsel. The depositions of Messrs. Snyder and Thompson were scheduled for February 27 and 28, 2008, respectively, to be held at defendant's counsel's office in Washington, D.C. Defendant's counsel and agency counsel individually met with Messrs. Snyder and Thompson to prepare them for their depositions well in advance of their deposition dates.

B. Deposition Of Dr. Swiger

Dr. Swiger's deposition took place as scheduled. Defendant's counsel, plaintiff's counsel, the court reporter, and Dr. Swiger attended.

C. Depositions Of Messrs. Snyder And Thompson

The depositions of Messrs. Snyder and Thompson did not take place as scheduled. At 8:17 a.m. the morning of Mr. Snyder's deposition (which was to begin at 9:00 a.m.), defense counsel received an e-mail message from Mr. Myart cancelling both depositions. The message did not explain why the depositions had to be cancelled.

As described more fully in the declaration attached as Exhibit 1, Mr. Myart stopped

returning telephone calls, e-mail messages, and facsimile transmissions in mid-February 2008. After February 25, 2008, it appeared that Mr. Myart's telephone service (both cellular and office lines) had been disconnected. The plaintiff, Michael Stovall, began telephoning defendant's counsel and asking if defendant's counsel knew where Mr. Myart could be located. To avoid the appearance of committing any ethical violations regarding contact with represented parties, defendant's counsel quickly but politely ended these conversations without providing any substantive responses, stating only that, because Mr. Stovall was represented and defendant's counsel was the representative of his opponent in litigation, he should not be talking to defendant's counsel. Except for the e-mail message on the morning of Mr. Snyder's deposition, defendant's counsel has not had any contact with Mr. Myart at all.

III. Michael Stovall's Attempts To Hire Another Attorney

Michael Stovall has attempted to contact defendant's counsel upon several occasions in the last month. Defendant's counsel has been careful to avoid speaking with Mr. Stovall whenever possible.

On March 13, 2008, Mr. Stovall filed a motion to have Mr. Myart withdrawn as his attorney, and also requested time to locate and hire new representation. The defendant filed a response on March 14, 2008, taking no position upon Mr. Stovall's motion.

IV. Proposed Schedule

The defendant had intended to propose a briefing schedule for a dispositive motion at this time. However, in light of recent circumstances, we feel that further proceedings should be stayed until the plaintiff has had an opportunity to resolve the obvious problems he is having with his attorney. Also, if Mr. Stovall does obtain new counsel, we feel that this fact alone may

present an opportunity to resolve this case without motion practice or trial, depending upon counsel's view of the case.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum (by P. McCarthy)
DEBORAH A. BYNUM
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax (202) 514-8624

March 27, 2008

Attorneys for Defendant

# Exhibit 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL W. STOVALL, Plaintiff, | ) | Electronic Filing |
| v. | ) | No. 05-400C |
| THE UNITED STATES, Defendant. | ) | (Judge Allegra) |

**DECLARATION OF DEVIN A. WOLAK**

Devin A. Wolak, under penalty of perjury, states as follows:

(1) I am a trial attorney employed by the United States Department of Justice, Civil Division, National Courts Section, Commercial Litigation Branch. My office is located at 1100 L Street N.W., Washington D.C., 20530.

(2) I am assigned to represent the United States in this action, and I noticed my appearance in this case on July 14, 2006.

(3) Pursuant to the order entered in this case on January 9, 2008, I discussed with Mr. James Myart, Jr., plaintiff's counsel, scheduling the depositions of Clarence "Sam" Snyder, Clyde Thompson, and Dr. John Swiger. See Exhibit A (order). We generally agreed that the depositions should take place before the end of February 2008 so that we would be able to comply with the Court's March 14, 2008 deadline for the close of fact discovery.

(4) By February 4, 2008, we had agreed upon a deposition schedule. See Exhibit B. I would travel to San Antonio, to Mr. Myart's office, to depose Dr. Swiger on February 12, 2008. Mr. Myart would travel to Washington, D.C., to my office, to depose Messrs. Snyder and Thompson, on February 27 and 28, 2008, respectively.

(5) Dr. Swiger's deposition took place in San Antonio as scheduled. At the

conclusion of Dr. Swiger's deposition, I orally confirmed with Mr. Myart the deposition dates for Messrs. Snyder and Thompson.

(6) On February 13, 2008, I met with agency counsel and Mr. Snyder, at Mr. Snyder's office, to prepare him for his upcoming deposition. The meeting lasted approximately one hour.

(7) On February 19, 2008, I met with agency counsel and Mr. Thompson, at Mr. Thompson's office, to prepare him for his upcoming deposition. The meeting lasted approximately one hour.

(8) On February 21, 2008, I sent an e-mail message to Mr. Myart to confirm the upcoming deposition dates. See Exhibit C. My e-mail system received a notice that my message was received by Mr. Myart's e-mail host, though I cannot discern whether Mr. Myart actually read the message. Id. I have not received a response to this e-mail.

(9) On February 25, 2008, I received a telephone call from Michael Stovall, the plaintiff in this case. This was not the first time I have received a call directly from Mr. Stovall, and I informed him, as I have on every occasion in the past, that he should not be contacting me. He said that he understood that he was not supposed to contact me, but was hoping I could help him find Mr. Myart, who was not returning Mr. Stovall's telephone calls. Mr. Stovall also indicated that Mr. Myart's cellular telephone had been "turned off." I immediately wrote a letter to Mr. Myart, informing him of Mr. Stovall's call, relaying Mr. Stovall's message, and asking Mr. Myart to confirm the upcoming deposition dates. See Exhibit D. I have not received a response to my letter.

(10) On February 26, 2008, not having received any contacts from Mr. Myart, I

telephoned Mr. Myart's cellular telephone, because that has been his preferred method of communicating with me. When the phone picked up, an automated answer stated that the line had been temporarily disconnected.

(11) On February 26, 2008, immediately after hanging up with Mr. Myart's cellular telephone, I received a telephone call from the court reporter scheduled to attend Mr. Snyder's deposition on February 27, 2008. She stated that she, too, had been trying to contact Mr. Myart to confirm the deposition, but had been unable to reach him. She stated that she also received the disconnection message at Mr. Myart's cellular telephone. She further indicated that nobody answered the line at Mr. Myart's office number.

(12) On February 26, 2008, immediately after hanging up with the court reporter, I telephone Mr. Myart's office line. The office line rang several times (perhaps more than a dozen, I did not count), and when it finally picked up, there were three or four short beeps followed by silence. Assuming an answering machine had picked up, I left a message asking Mr. Myart to return my phone call. He has not returned my call.

(13) On February 26, 2008, I also sent Mr. Myart a facsimile transmission, to the number registered with this Court. The transmission confirmation indicated that the message had successfully gone through. <u>See</u> Exhibit E. I have not received a response to this facsimile transmission.

(14) On February 26, 2008, I also asked one of our paralegals to contact various San Antonio hospitals and jails to see if Mr. Myart could be located. I did this because, in this case and in others, Mr. Myart has an established history of health problems and altercations with law enforcement. We were unable to locate Mr. Myart at any of these institutions.

(15) On February 26, 2008, I telephoned Dr. Leo Edwards, the physician who submitted a doctor's note on behalf of Mr. Myart in connection with Mr. Myart's September 27, 2007 motion for a continuance of the case. See Dkt. No. 58. Dr. Edwards stated that he had not seen or heard from Mr. Myart in some time, and did not know his current whereabouts.

(16) On February 27, 2008, I, Mr. Snyder, agency counsel, and the court reporter all appeared at 1100 L Street, N.W., Washington D.C., for Mr. Snyder's deposition, which was scheduled to begin at 9:00 a.m. The court reporter arrived at approximately 8:00 a.m. Mr. Snyder arrived at approximately 8:10 a.m. Agency counsel arrived at approximately 8:30 a.m. At 8:17 a.m., I received an e-mail message from Mr. Myart that stated "Devin, I regret informing you that I must cancel the depositions." See Exhibit F. Mr. Myart did not appear, and he did not take Mr. Snyder's deposition.

(17) In the afternoon of February 27, 2008, I e-mailed Mr. Myart and asked for an explanation of his non-appearance. I have not received a response. I made no effort to reschedule the depositions of Messrs. Snyder or Thompson.

(18) Beginning on February 29, 2008, and continuing for several days afterward, I began receiving frequent telephone calls from the plaintiff, Michael Stovall. Each time Mr. Stovall called, I reminded him that he is represented by counsel, that I should not be speaking to him, and he should not be speaking to me. Mr. Stovall always acknowledged that we should not be speaking, but then he spoke to me nonetheless. In the early telephone calls, he asked if I had spoken to Mr. Myart, or knew where Mr. Myart was. In the later telephone calls, he stated that he was going to try and hire a new attorney. After Mr. Stovall made his statements, I always politely excused myself, ended the conversation, and hung up. After I learned to recognized Mr.

Stovall's telephone number on my caller-ID screen, I would not answer the telephone when he would call. Mr. Stovall has left me telephone messages on at least three occasions. I deleted each of them as soon he identified himself, which was within the first five words of his message; thus, I did not listen to the substance of his messages.

(19) At some point during the first week of March 2008, I received a telephone call from a member of the office of the Clerk. I do not recall, nor did I make a note of, this person's name. The individual explained that the Clerk's office had been receiving numerous telephone calls from Michael Stovall, who had indicated that he would like to hire a new attorney to replace Mr. Myart. The individual from the Clerk's office asked me if I knew anything about this, and if I had any suggestions as to what to do. I said that I was generally familiar with Mr. Stovall's situation vis a vis Mr. Myart, that Mr. Stovall had been calling me as well, and that I had not been able to contact Mr. Myart for some time. I also said that fact discovery would be closing on March 14 and that the parties had been ordered to submit a joint status report on March 28; therefore, if the issue still existed by the end of the month, the Court would be aware of it. I also said that, as the attorney for his opponent in litigation, I was not comfortable making any suggestions about what Mr. Stovall should do, and I declined to make any.

(20) At some point during the week of March 17, 2008, I received a telephone call from an attorney located in Alabama. I did not make a note of his name. The attorney asked me if Michael Stovall was represented in this case. I informed him that he was. The attorney thanked me for my time and ended the telephone call.

(21) On March 19, 2008, I prepared a first draft of the joint status report required by the Court's January 9, 2008 order. I e-mailed it and faxed it to Mr. Myart. See Exhibit G. I

have not received a response to either message.

(22) On March 26, 2008, I attempted to contact Mr. Myart at his cellular and office telephone lines. The cellular telephone rang once, and an automated message stated, "the telephone number you have dialed is temporarily disconnected." The office line rang once, and an automated message informed me that the "call cannot be completed as entered." I tried the telephone number listed on the Court's PACER website for this case ((210) 533-9461) three more times; each time I received the same message. I tried once more from my own cellular telephone; this time, the message stated, "you have reached a nonworking number."

DATED: March 27, 2008

Devin Wolak

# Exhibit A

# In The United States Court of Federal Claims

No. 05-400C

(Filed: January 9, 2008)

MICHAEL W. STOVALL,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

Pending before the court are two motions filed by plaintiff: (i) a Motion to Compel various forms of discovery filed on August 22, 2007; and (ii) a Motion to Re-Open Discovery filed on December 4, 2007. Both motions are opposed by defendant. For the reasons that follow, the court **DENIES** the Motion to Compel and **GRANTS**, in part, and **DENIES**, in part, the Motion to Re-Open Discovery.

## I. BACKGROUND

Michael Stovall (plaintiff) is an African-American farmer in Alabama. He brings suit against the United States for breach of contract. Initially, plaintiff filed an administrative complaint with the U.S. Department of Agriculture alleging that the Farm Service Agency (FSA) racially discriminated against him in connection with farm loan applications. On February 27, 1998, plaintiff entered into a settlement agreement with the FSA, pursuant to which the FSA agreed to give plaintiff "priority consideration" for inventory property and farm ownership loans. In the operative Second Amended Complaint (SAC), plaintiff alleges the FSA failed to abide by this agreement in the years 1998, 1999, 2000 and ongoing to the present.[1]

Discovery in this case closed August 31, 2007. On August 22, 2007, plaintiff filed a motion to compel: (i) the deposition of Mr. Clyde Thompson, Deputy Administrator for

[1] The present claim for breach of contract was originally part of a broader lawsuit filed in the District Court for the District of Columbia. The district court dismissed all claims save the breach of contract claim and, at the government's urging, transferred the breach of contract claim here. The government moved this court to dismiss under Rule 12(b)(1) for lack of jurisdiction. This court denied that motion. *See Stovall v. United States*, 71 Fed. Cl. 696, 697 (2006).

Case 1:05-cv-00040-FMA Document 162 Filed 03/27/2008 Page 14 of 37

Operations and Management of Rural Development, Department of Agriculture; and (ii) the production of settlement agreements similar to the Stovall/USDA settlement agreement at issue here which plaintiff contended would show a pattern and practice of USA/USDA violating settlement agreements and further discriminating against black farmers. Plaintiff also sought sanctions in the form of $3,500 in attorney's fees and $500 in costs.

On August 27, 2007, the court held a telephonic hearing on this motion. On August 28, 2007, pursuant to discussions during that hearing, the court ordered plaintiff's counsel, on or before September 14, 2007, to file a brief memorandum directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to the breach of the contract at issue. The court also instructed counsel to file a declaration or affidavit setting forth his personal knowledge regarding Mr. Clyde Thompson's involvement, categorically or specifically, in the drafting, negotiation, or alleged breach of the Stovall settlement agreement. Plaintiff requested and obtained a continuance to file these documents on or before November 12, 2007.

On November 10, 2007, plaintiff filed the memorandum with 17 attached exhibits. Plaintiff related that "[t]here is a dearth of case law responsive to Court's order . . . 'directing the court to any breach of contract cases wherein the defendant's "pattern and practice" of breaching other, similar agreements was considered relevant to breach of the contract at issue.'" In the absence of any supporting case law, plaintiff argued that the USDA has a habitual pattern of breaching agreements with African-American farmers – making such agreements admissible evidence of habit under Federal Rule of Evidence 406. Plaintiff's counsel attached a declaration stating, *inter alia*, that he has "had direct in person, phone conversations and mail communication with Mr. Thompson and Mr. Isler regarding the Michael Stovall settlement agreement as well as the discrimination claims and settlements of other black farmers above delineated." Plaintiff's counsel asserts that he had conversations and mail communications with Mr. Thompson regarding Mr. Stovall's settlement agreement and related discrimination claims. He also indicates that Mr. Thompson and Mr. Isler were on panels at public hearings that heard testimony from African-American farmers, including Mr. Stovall, regarding claimed discrimination and breaches of settlement agreements.

On December 6, 2007, plaintiff filed a "motion to re-open discovery," which asked the court to compel the depositions of Clyde Thompson, Sam Snyder, Frederick Isler, to re-open the deposition of Carolyn Cooksie, and to order defendant to depose plaintiff's expert Dr. John Swiger by December 30, 2007. Defendant filed its response on December 21, 2007. It objected to the deposition of Clyde Thompson on the ground that he possesses no relevant information, to Sam Snyder on the ground that plaintiff waived the deposition by failing to attend it on the previously-scheduled date, to Frederick Isler on the ground that plaintiff failed to request it during discovery despite naming Mr. Isler in his initial disclosures under RCFC 26, and to Carolyn Cooksie on the ground that no new evidence provided good cause for re-opening her deposition.

## II. DISCUSSION

Before turning to the specific merits of the pending motions, it is important to emphasize what this case is not. It is neither a class action, nor a civil rights action, nor a suit seeking broad injunctive relief against the Department of Agriculture to cure a pattern and practice of conduct. It is, for better or worse, a contract action, filed under the Tucker Act, 28 U.S.C. § 1491, in which the primary question is whether the settlement agreement at issue was breached. Discovery in this action has been – and will be – limited to what is relevant to that question. In particular, this court will not allow this case to become a vehicle for plaintiff to conduct a broad-ranging inquiry into the practices of the Department of Agriculture regarding African-American farmers. While that topic undoubtedly is important, it is not a topic in this case. Rather, the focus here is on what happened to Mr. Stovall and it is only information that is relevant to the alleged breach of his settlement agreement that is within the proper scope of discovery.

Indeed, many of the disputes at issue hinge on the relevancy of the information requested or sought. Consistent with the goal of promoting the "just and complete resolution of disputes," the Federal Circuit has stated, "[r]elevancy for purposes of Rule 26 is broadly construed." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *see also Centurion Indus., Inc. v. Warren Steurer and Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 190-91 (2005). Moreover, as RCFC 26(b)(1) further emphasizes, relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantic Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992); *see also Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 903 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017 (1982); *Evergreen Trading, LLC ex rel. Nussdorf v. United States*, 2007 WL 4553061 (Fed. Cl. Dec. 21, 2007); *JZ Buckingham Investments, LLC v. United States*, 78 Fed. Cl. 15, 19 (2007). Nonetheless, the concept of relevancy is not limitless. *See Hicks v. Arthur*, 159 F.R.D. 468, 470 (E.D. Pa. 1995); *Avianca v. Corriea*, 705 F. Supp. 666, 677 (D.D.C. 1989); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985).

Although given ample opportunity to do so, plaintiff has not shown – nor has this court found – any case in which evidence regarding an agency's breach of certain agreement was held to be relevant in determining whether a similar, yet separate, agreement was breached. Indeed, the only cases to consider this issue in private contract actions have rejected the admissibility of such evidence. *See Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1294 (7th Cir. 1988) (evidence regarding supplier's conduct with respect to other contracts was not admissible in breach of contract action); *G.M. Brod & Co., Inc. v. United States Home Corp.*, 759 F.2d 1526, 1533 (11th Cir. 1985) (in breach of contract action, testimony of another contractor that a developer had breached five contracts with him and breached contracts with other contractors was not admissible). Contrary to plaintiff's arguments, there is no indication that evidence regarding breaches of like agreements by the Department of Agriculture would be admissible as evidence of "the routine practice of an organization" within the meaning of Rule 406 of the Federal Rules of Evidence. According to advisory committee, such routine practices involve a "regular practice of meeting a particular type of situation with a specific type of conduct." Rule 406, Federal Rules of Evidence advisory comm. notes (1972) (quoting 1 McCormick on

Evidence § 162 at 340 (6th ed. 2006). At the least, differences in the experiences of thousands of other African-American farmers in dealing with the Department of Agriculture renders this rule inapplicable. Moreover, the cases holding that evidence of other contract breaches may not be admitted as evidence of the breach of a contract under review have specifically held that Rule 406 was inapplicable. *See Simplex*, 847 F.2d at 1294; *G.M, Brod. & Co.*, 759 F.2d at 1533.

As such, there is no apparent factual or legal basis upon which to allow plaintiff to engage in discovery designed to determine how the Department of Agriculture acted specifically with respect to other similar settlement agreements.[2] Based on this conclusion, the court must deny plaintiff's motion to compel discovery to the extent that is seeks: (i) copies of settlement agreements similar to that entered into by Mr. Stovall and any documentation associated with the claimed breach of those agreements, including complaints of breach filed with the Department of Agriculture (Document Production 12); and (ii) the identity of others persons who have complained to the Department of Agriculture regarding the breach of such agreements (Interrogatory 7).[3]

Plaintiff's motion to compel, in tandem with his motion to re-open discovery, seeks leave to allow the depositions of five individuals, which requests the court will consider *seriatim*:

***Clyde Thompson***. In his motion to compel, as well as his motion to reopen discovery, plaintiff seeks to depose Clyde Thompson, Deputy Administrator for Operations and Management of Rural Development, Department of Agriculture. Defendant originally agreed to allow Mr. Thompson to be deposed, subject to its receiving copies of any written communications between Mr. Thompson and plaintiff's counsel or Mr. Stovall. Believing that those communications had not been fully provided, defendant ultimately declined to produce Mr. Thompson. At the argument regarding the pending motions, plaintiff's counsel clarified that defendant has received all the communications that were sent to by Mr. Stovall or his counsel to Mr. Thompson and that there were no written communications sent by Mr. Thompson to either Mr. Stovall or his counsel. Moreover, the declaration of Mr. Stovall's counsel asserts (albeit without much detail) that he had personal communications with Mr. Thompson regarding Mr. Stovall's situation and that Mr. Thompson had, on at least one occasion, directly interacted with Mr. Stovall regarding the subject of this case.

---

[2] Plaintiff's counsel, indeed, admits that he possesses copies of at least some of these settlement agreements, as well as documentation regarding alleged breaches of those agreements. This admission makes plaintiff's failure to demonstrate more support for his claim that there was a pattern and practice of breaching settlements agreements at the Department of Agriculture all the more conspicuous.

[3] Moreover, plaintiff admits that, prior to filing his motion to compel, he did not, in good faith, confer or attempt to confer with defendant regarding his Interrogatories 8 and 10. Because of this, he has withdrawn his motion to compel answers to those interrogatories. *See* RCFC 37(a)(2)(B).

In the court's view, plaintiff has established adequate grounds to conduct a limited deposition of Mr. Thompson, but only to probe his personal knowledge regarding Mr. Stovall's situation or with respect to agency policies, practices or other positions that directly impacted Mr. Stovall's situation. Consistent with the ruling above, Mr. Thompson's deposition shall not extend to questions involving the specific settlement agreements the Department of Agriculture had with other African-American farmers or to specific claims of breach or discrimination with respect thereto.

***Frederick Isler***. In his motion to reopen discovery, plaintiff seeks to conduct the deposition of Frederick Isler, another official at the Department of Agriculture. Although plaintiff apparently was aware that Mr. Isler was a potential witness in this case, he did not notice his deposition prior to closing of the original discovery period herein. Plaintiff has not adequately explained his failure to notice this deposition and the court, therefore, concludes that his motion to reopen discovery to allow the deposition of this potential witness is not well-taken. *See Southwest Intelecom Inc. v. Compass Bank*, 2007 WL 3268467, at *3 (5th Cir. Nov. 6, 2007); *Lee v. City of Redwood City*, 2007 WL 1813657, at *2 (N.D. Cal. Jun. 22, 2007).

***Carolyn Cooksie***. In his motion to reopen discovery, plaintiff also seeks to redepose Carolyn Cooksie, Deputy Administrator for Farm Loan Programs, Department of Agriculture. Plaintiff attached to his memorandum in support of this motion a letter from Congressman Edolphus Towns to Secretary of Agriculture Mike Johanns, to which is attached an e-mail. The letter refers to Ms. Cooksie, but does not indicate that she is the author of the e-mail; the e-mail itself does not reveal its authorship. Yet, in his motion, plaintiff boldly represents that "Ms. Cooksie is presently, on information and belief, subject to a USDA Office of Inspector [General] investigation for an e-mail she sent to USDA employees lobbying them to oppose legislation considered by the Congress that will, if enacted, provide thousands of black farms relief from USDA's admitted discrimination against them in violation of the Equal Credit Opportunity Act." Plaintiff claims that the e-mail and the circumstances surrounding it "go[] directively to motive for the breach of the Stovall settlement agreement and retaliation," and relates to the Department of Agriculture's "pattern and practice of breach other similar agreements similar to [sic] contract issue before the court." (Emphasis omitted).

In the court's view, plaintiff has not provided an adequate basis to conduct further deposition of Ms. Cooksie. In particular, plaintiff makes representations that are not borne out by the documents attached to his memorandum, most importantly, the assertion that Ms. Cooksie is the author of the e-mail in question and that she had been accused of retaliating against African-American farmers. If plaintiff or his counsel were aware of additional facts that supported their request to redepose Ms. Cooksie, they should have provided them in the form of a declaration (particularly since the court had ordered plaintiff to file a declaration in support of his motion to compel). But, they did not. *See Bowden ex. rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("[T]he opinions, allegations, and conclusory statements of counsel do not substitute for evidence."); *Park v. United States*, 10 Cl. Ct. 790, 792 (1986) ("Argument in brief does not substitute for an affidavit."). Indeed, it bears noting that the e-mail in question was apparently circulated in 2007 – the August 21, 2007, letter from Congressman Towns refers to the e-mail as having been "recently circulated." Accordingly, the

Case 1:05-cv-00409-FMA Document 71-2 Filed 03/07/2008 Page 18 of 37

court does not believe that plaintiff has demonstrated that the subject matter on which he seeks to redepose Ms. Cooksie is relevant to the activities that occurred in the time period between 1998 and 2002.

***Sam Snyder***. Mr. Stovall's counsel failed to appear at the noticed deposition of Sam Snyder, an employee of the Department of Agriculture who apparently directly interacted with Mr. Stovall. Plaintiff's counsel asserts, *inter alia*, that he did not attend deposition because he was preparing the motion to compel that was filed on August 22, 2007. While the court has concerns regarding the reasons given by plaintiff's counsel for missing this deposition, it, nonetheless, will allow plaintiff to depose Mr. Snyder during an extension of the discovery period herein. That deposition will be conducted at a location selected by defendant, with each party to bear its own costs.

***Dr. John Swiger***. Plaintiff designated Dr. John Swiger as an expert witness several weeks before the close of discovery. Defendant was unable to conduct a deposition of this witness prior to the expiration of the original discovery period. Plaintiff has agreed to allow this deposition to proceed if there is an extension of the discovery period herein – and the court will so order.

Finally, it should be noted that plaintiff's motions were accompanied by various requests for sanctions under RCFC 37. Because the court has denied significant portions of the motions in question and because at least some of the problems that occurred here were the result of plaintiff's failure to adhere to this court's rules, the court sees no basis upon which to impose sanctions against the defendant in this matter.

## III. CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's Motion to Compel and **GRANTS**, in part, and **DENIES**, in part, plaintiff's Motion to Re-Open Discovery. Consistent with the instructions given above, in this regard:

1. The period for conducting discovery in this case shall be extended to and including March 14, 2008.

2. The discovery to occur during this extended period shall be limited to the following:

   a. The deposition of Clyde Thompson, but only to the extent that he has personal knowledge regarding Mr. Stovall's situation or with respect to agency policies, practices or other positions that directly impacted Mr. Stovall's situation;

b. The deposition of Sam Snyder; and

c. The deposition of Dr. John Swiger.

3. The parties shall cooperate in the scheduling of these depositions; the failure to cooperate may lead to the imposition of sanctions.

4. On or before March 28, 2008, the parties shall file a joint status report indicating how this case should proceed, with a proposed schedule, as appropriate.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

# Exhibit B

## Wolak, Devin (CIV)

**From:** Wolak, Devin (CIV)
**Sent:** Monday, February 04, 2008 12:07 PM
**To:** James Myart
**Subject:** Stovall -- deposition dates

Mr. Myart,

This email confirms that the depositions of Mr. Snyder and Mr. Thompson will take place in Washington, D.C. upon the following dates: February 27, 2008 for Mr. Snyder; and February 28, 2008 for Mr. Thompson. I will communicate further concerning the precise times and locations.

**Devin Wolak**
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Tel. (202) 616-0170
Fax. (202) 514-8624
devin.wolak@usdoj.gov

---------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

# Exhibit C

**Wolak, Devin (CIV)**

**From:** Wolak, Devin (CIV)
**Sent:** Thursday, February 21, 2008 11:11 AM
**To:** James Myart
**Cc:** ALARCON, JUAN CARLOS
**Subject:** Stovall -- Depositions in Washington DC on 2/27, 2/28

James,

This is to confirm the depositions scheduled for next week. Both will be held at the DOJ offices at 1100 L Street, N.W., Washington DC, 20530. When you arrive, speak with the officers at the security desk, tell them you are here to see me and give them my office number: (202) 616-0170. They will call me, and I will come down to meet you. The dates and times are:

-- Wednesday, February 27, 2008: Sam Snyder, beginning at 9:00 a.m.

-- Thursday, February 28, 2008: Clyde Thompson, beginning at 9:30 a.m.

Please let me know if you would like me to obtain breakfast or some other type of refreshment for the depositions; we don't have them in our office, but I am more than happy to stop on the way to work to pick something up. I look forward to seeing you next week.

Sincerely,

**Devin Wolak**
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Tel. (202) 616-0170
Fax. (202) 514-8624
devin.wolak@usdoj.gov

------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**Wolak, Devin (CIV)**

**From:** Mail Delivery Subsystem [MAILER-DAEMON@mailsc24.usdoj.gov]
**Sent:** Thursday, February 21, 2008 11:11 AM
**To:** Wolak, Devin (CIV)
**Subject:** Return receipt

**Attachments:** ATT37931.txt; ATT37932.txt

ATT37931.txt (661 B) ATT37932.txt (2 KB)

The original message was received at Thu, 21 Feb 2008 11:10:39 -0500 from [10.222.4.48]

----- The following addresses had successful delivery notifications ----- <jwmyartlaw@satx.rr.com> (relayed to non-DSN-aware mailer)

----- Transcript of session follows ----- <jwmyartlaw@satx.rr.com>... relayed; expect no further notifications

# Exhibit D

**U.S. Department of Justice**

Civil Division

JED:DAB:DAWolak
154-05-400

Telephone: (202) 616-0170
Facsimile: (202) 514-8624

*Washington, DC 20530*

February 25, 2008

VIA U.S. MAIL AND ELECTRONIC MAIL

Mr. James W. Myart, Jr.
James Willie Myart, Jr., P.C.
P.O. Box 10249
The Preston House
San Antonio, Texas 78210-0249

Re: *Michael W. Stovall v. United States*, CFC No. 05-400
Confirmation of upcoming depositions, and receipt of a
telephone call from Michael Stovall

Dear Mr. Myart:

I just received a telephone call from your client, Michael Stovall. He asked me to contact you because he has been unable to do so himself. He indicated that no one was answering your office line and that your cellular telephone had been "turned off." I reminded Mr. Stovall that, because I represent his opponent in this litigation, he should not be contacting me directly. I also promised that I would send you this letter. This is the fourth time your client has contacted me directly, and it appears that he still does not understand that he and I should not be talking. Please instruct your client to refrain from contacting me in the future.

Also, I sent you an email message last week to confirm the upcoming depositions of Mr. Sam Snyder (February 27, 2008, beginning at 9:00 a.m.), and Mr. Clyde Thompson (February 28, 2008, beginning at 9:30 a.m.), both of which will be held at my office at 1100 L Street, N.W., Washington DC, 20530. I have not heard back from you. Please confirm that you will be appearing at these depositions.

Sincerely,

DAWolak

Devin A. Wolak
Trial Attorney
Commercial Litigation Branch

# Exhibit E

**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephone and return the original transmission to us at the address given below.

**TO:** Mr. James W. Myart, Jr. **Fax:** (210) 533-4815

**FROM:** Devin Wolak

Department of Justice
Civil Division
Commercial Litigation Branch
National Courts Section
1100 L St., NW
Washington, DC 20530 (20005 for FedEx)
Room: 7102
Phone: (202) 616-0170
Fax: (202) 305-7644
Email: devin.wolak@usdoj.gov

**DATE:** February 26, 2008

**Number of pages sent, including cover sheet:** 3

**RE:** Stovall v. United States, Fed. Cl. No. 05-400

**Special instructions:** URGENT!!! Mr. Myart, please respond to this fax (or the attached correspondence, previously sent to you). Please confirm that you will appear at tomorrow's scheduled deposition of Mr. Snyder. If you do not, the defendant will be forced to seek a protective order in this case.

**Wolak, Devin (CIV)**

---

**From:** Wolak, Devin (CIV)
**Sent:** Thursday, February 21, 2008 11:11 AM
**To:** James Myart
**Cc:** ALARCON, JUAN CARLOS
**Subject:** Stovall -- Depositions in Washington DC on 2/27, 2/28

James,

This is to confirm the depositions scheduled for next week. Both will be held at the DOJ offices at 1100 L Street, N.W., Washington DC, 20530. When you arrive, speak with the officers at the security desk, tell them you are here to see me and give them my office number: (202) 616-0170. They will call me, and I will come down to meet you. The dates and times are:

-- Wednesday, February 27, 2008: Sam Snyder, beginning at 9:00 a.m.

-- Thursday, February 28, 2008: Clyde Thompson, beginning at 9:30 a.m.

Please let me know if you would like me to obtain breakfast or some other type of refreshment for the depositions; we don't have them in our office, but I am more than happy to stop on the way to work to pick something up. I look forward to seeing you next week.

Sincerely,

**Devin Wolak**
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Tel. (202) 616-0170
Fax. (202) 514-8624
devin.wolak@usdoj.gov

----------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**U.S. Department of Justice**

Civil Division

JED:DAB:DAWolak
154-05-400

Telephone: (202) 616-0170
Facsimile: (202) 514-8624

*Washington, DC 20530*

February 25, 2008

VIA U.S. MAIL AND ELECTRONIC MAIL

Mr. James W. Myart, Jr.
James Willie Myart, Jr., P.C.
P.O. Box 10249
The Preston House
San Antonio, Texas 78210-0249

Re: *Michael W. Stovall v. United States*, CFC No. 05-400
Confirmation of upcoming depositions, and receipt of a
telephone call from Michael Stovall

Dear Mr. Myart:

I just received a telephone call from your client, Michael Stovall. He asked me to contact you because he has been unable to do so himself. He indicated that no one was answering your office line and that your cellular telephone had been "turned off." I reminded Mr. Stovall that, because I represent his opponent in this litigation, he should not be contacting me directly. I also promised that I would send you this letter. This is the fourth time your client has contacted me directly, and it appears that he still does not understand that he and I should not be talking. Please instruct your client to refrain from contacting me in the future.

Also, I sent you an email message last week to confirm the upcoming depositions of Mr. Sam Snyder (February 27, 2008, beginning at 9:00 a.m.), and Mr. Clyde Thompson (February 28, 2008, beginning at 9:30 a.m.), both of which will be held at my office at 1100 L Street, N.W., Washington DC, 20530. I have not heard back from you. Please confirm that you will be appearing at these depositions.

Sincerely,

DAWolak

Devin A. Wolak
Trial Attorney
Commercial Litigation Branch

***************** -COMM. JOURNAL- ********************* DATE FEB-26-2008 ***** TIME 14:46 ********

MODE = MEMORY TRANSMISSION START=FEB-26 14:45 END=FEB-26 14:46

FILE NO.=056

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ≘ | 912105334815 | 003/003 | 00:00:52 |

**************************************** - - ***** - 202 305 7644- *********

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephone and return the original transmission to us at the address given below.

**TO:** Mr. James W. Myart, Jr. **Fax:** (210) 533-4815

**FROM:** Devin Wolak

Department of Justice
Civil Division
Commercial Litigation Branch
National Courts Section
1100 L St., NW
Washington, DC 20530 (20005 for FedEx)
Room: 7102
Phone: (202) 616-0170
Fax: (202) 305-7644
Email: devin.wolak@usdoj.gov

**DATE:** February 26, 2008

**Number of pages sent, including cover sheet:** 3

**RE:** Stovall v. United States, Fed. Cl. No. 05-400

**Special instructions:** URGENT!!! Mr. Myart, please respond to this fax (or the attached correspondence, previously sent to you). Please confirm that you will appear at tomorrow's scheduled deposition of Mr. Snyder. If you do not, the defendant will be forced to seek a protective order in this case.

# Exhibit F

**Wolak, Devin (CIV)**

**From:** James W. Myart Jr [jwmyartlaw@satx.rr.com]
**Sent:** Wednesday, February 27, 2008 8:17 AM
**To:** Wolak, Devin (CIV)
**Subject:** RE: Stovall v. US, Fed. Cl. No. 05-400C

Devin, I regret informing you that I must cancel the depositions.

James W. Myart, Jr.,
President and Senior Counsel
Law Offices of James W. Myart, Jr., P.C.
"The Preston House"
1104 Denver Blvd
San Antonio, Texas 78210
Phone: 210-533-9461
Fax: 210-533-4815
Cell: 210-831-4759
e-mail: jwmyartlaw@satx.rr.com

---

**From:** Wolak, Devin (CIV) [mailto:Devin.Wolak@usdoj.gov]
**Sent:** Monday, February 25, 2008 4:10 PM
**To:** James Myart
**Cc:** ALARCON, JUAN CARLOS
**Subject:** Stovall v. US, Fed. Cl. No. 05-400C
**Importance:** High

Please see attached.

**Devin Wolak**
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Tel. (202) 616-0170
Fax. (202) 514-8624
devin.wolak@usdoj.gov

-------------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

Internal Virus Database is out-of-date.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.20.6 - Release Date: 2/15/2008 12:00 AM

Internal Virus Database is out-of-date.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.20.6 - Release Date: 2/15/2008 12:00 AM

# Exhibit G

**Wolak, Devin (CIV)**

**From:** Wolak, Devin (CIV)
**Sent:** Wednesday, March 19, 2008 6:03 PM
**To:** James Myart
**Subject:** Stovall v. US, Fed. Cl. No. 05-400C
**Attachments:** (Stovall) 2008.3.28 JSR draft 1.pdf; (Stovall) 2008.3.14 response to motion by plaintiff to substitute atty FILED.pdf; (Stovall) 2008.3.13 motion by plaintiff to substitute atty.pdf

Mr. Myart,

Please find attached a first draft of the joint status report that we have to file with the Court by 3/28. Please respond with comments and/or changes. I am also faxing this to you. As always, this document is a draft only, it has not been finally approved by an authorized person at the DOJ, and therefore it is subject to change. I am providing this to you so that we can negotiate and agree upon language, after which I will submit it for official approval.

Because of your lack of responsiveness in the last month to my communications, and your failure to appear at the depositions of Mr. Snyder and Thompson, I am only sending this document once. If you do not respond, I will seek leave to file a unilateral status report on 3/28, in which I will detail my unsuccessful attempts to communicate with you about discovery in this case.

Finally, in case you are not yet aware, your client has filed a motion to have your representation withdrawn in this case. A copy of the motion, and the defendant's response, is also attached.

I hope to hear from you soon.

Sincerely,

**Devin Wolak**
Trial Attorney
U.S. Department of Justice
Civil Division
1100 L Street, N.W.
Washington, D.C. 20530 (for overnight deliveries, use 20005)
Tel. (202) 616-0170
Fax. (202) 514-8624
devin.wolak@usdoj.gov

-----------------------------------------------------

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

*************** -COMM. JOURNAL- ******************* DATE MAR-19-2008 ***** TIME 17:26 ********

MODE = MEMORY TRANSMISSION START=MAR-19 17:25 END=MAR-19 17:26

FILE NO.=087

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 912105334815 | 004/004 | 00:00:41 |

************************************** - - ***** - 202 305 7644- *********

IMPORTANT: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephone and return the original transmission to us at the address given below.

**TO:** James Myart **Fax:** (210) 533-4815

**FROM:** Devin Wolak

Department of Justice
Civil Division
Commercial Litigation Branch
National Courts Section
1100 L St., NW
Washington, DC 20530 (20005 for FedEx)
Room: 7102
Phone: (202) 616-0170
Fax: (202) 514-8624
Email: devin.wolak@usdoj.gov

**DATE:** March 19, 2008

**Number of pages sent, including cover sheet:** 4

**RE:** Stovall v. United States, Fed. Cl. No. 05-400

**Special instructions:** Please find attached a draft of the JSR due to the Court on 3/28/2008. Please respond with comments/changes.

**CERTIFICATE OF FILING**

I hereby certify that on March 27, 2008, a copy of the foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak