**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL W. STOVALL, | ) | |
| | ) | Electronic Filing |
| Plaintiff, | ) | |
| | ) | No. 05-400C |
| v. | ) | |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated May 12, 2008, the plaintiff, Michael Stovall, and the defendant, the United States, respectfully submit the following joint status report regarding how this case should proceed.

After the Court granted the plaintiff's motion to substitute plaintiff's counsel, counsel for the defendant and the new counsel for the plaintiff contacted each other to discuss the case and their thoughts about how to return it to a posture that will finally dispose of Mr. Stovall's claim. Counsel for the defendant provided counsel for the plaintiff with a courtesy copy of all discovery conducted in this case with the Mr. Stovall's former counsel. After reviewing these materials, as well as the various docketed motions and orders, counsel discussed the case again.

The parties agree that there are certain deficiencies in the deposition discovery for this case, that these deficiencies are not the fault of Mr. Stovall himself, and therefore neither he nor his case should be prejudiced now that he has retained new representation. Plaintiff's counsel has formulated an opinion upon and strategy for prosecuting Mr. Stovall's claims, and, at this time, has identified

five individuals whom they would like to depose: (1) Clarence Snyder (USDA employee responsible for monitoring the implementation of Mr. Stovall's 1998 Resolution Agreement); (2) Clyde Thompson (USDA official with limited knowledge of Mr. Stovall's post-breach attempts to obtain an administrative resolution to his breach claim); (3) Frederick Isler (same as Mr. Thompson); (4) Jerome Williams (USDA civil rights investigator); (5) Calvin Gibson (USDA civil rights investigator); and (6) Jimmy Sandler (former employee of ConAgra who may have knowledge of the alleged chicken contract Mr. Stovall negotiated for his farm).

The parties agree that Messrs. Snyder and Sandler should be deposed. With respect to Messrs. Thompson, Isler, Williams, and Gibson, the Government objects to their depositions (as it did with respect to Messers. Thompson and Isler before plaintiff's new counsel began work upon this case) upon the grounds that none of them possess knowledge relevant to Mr. Stovall's breach claim, nor do they possess any knowledge that could reasonably lead to the discovery of relevant evidence concerning Mr. Stovall's breach claim. (The Government does not, of course, object to the deposition of Mr. Thompson upon the limited grounds permitted by the Court's January 9, 2008 order). Counsel for the defendant has discussed this objection with counsel for the plaintiff, and the parties have agreed to engage in further discussions about these depositions before seeking assistance from the Court. We therefore do not seek a discovery order at this time.

The parties have not yet been able to schedule desired depositions. We have

not yet successfully made contact with Mr. Sandler, who is a third-party and may need to be subpoenaed. With respect to Mr. Snyder, the parties have not yet coordinated their schedules, but are confident that they will be able to do so in the near future. With respect to Messrs. Thompson, Isler, Gibson, and Williams, plaintiff's counsel is still considering the necessity of these depositions, as discussed above. If plaintiff's counsel concludes that the depositions of these individuals are necessary, the parties will either (a) work out a mutually agreeable schedule for those depositions, or (b) the defendant will seek a protective order after a proper notice has been served.

The parties agree that they should be able to accomplish these tasks within the next 90 days (counsel for both parties have other previously scheduled activities in their other cases in the upcoming weeks). We therefore jointly and respectfully request that fact discovery be reopened through August 29, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Howell Roger Riggs
HOWELL ROGER RIGGS
Dick, Riggs, Miller & Stem, LLP
Regions Center, Suite 1050
200 Clinton Avenue
Huntsville, AL 35801
Tel. (256) 564-7317
Fax. (256) 564-7319
email: hriggs@drmslaw.net

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax. (202) 305-7644
email: devin.wolak@usdoj.gov

Attorneys for Defendant

May 28, 2008

**CERTIFICATE OF FILING**

I hereby certify that on May 28, 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak