**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MICHAEL W. STOVALL, | ) | |
| | ) | Electronic Filing |
| Plaintiff, | ) | |
| | ) | No. 05-400C |
| v. | ) | |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Rules of the United States Court of Federal Claims ("RCFC"), the defendant, the United States, respectfully requests that the Court amend the current scheduling order to enlarge the close of discovery by approximately two months. Discovery is currently scheduled to close on September 16, 2008. The Court has previously granted the plaintiff's unopposed motion to extend the discovery deadline by 14 days.

This request is necessary because the plaintiff's previous request for an extension of 14 days has not permitted the plaintiff to complete the discovery he seeks. Additionally, the plaintiff has raised an issue with respect to the defendant's assertion of privilege over an internal attorney work product memorandum, and it appears that we will require the Court's intervention upon that issue. Finally, the plaintiff recently served an expert report upon the defendant, and the defendant requires time to analyze this report, conduct discovery regarding the report, and possibly produce its own rebuttal report.

Consistent with the parties' prior reports to the Court regarding our discovery plan, the plaintiff has conducted the deposition of Mr. Clarence Snyder. The plaintiff has waived or abandoned his desire to depose any of the other individuals mentioned in our earlier status reports as individuals whose depositions are required. Instead, the plaintiff has requested the

depositions of Farm Service Agency employees Richard Knouff and Joyce Lane. Although the defendant believes that these witnesses do not possess information that will be particularly relevant to the plaintiff's claims, there is a possibility that they might possess some relevant information, and the defendant therefore does not object to their depositions.

The parties have been working to schedule the depositions of these two individuals. The witnesses' schedules are very busy at this time of year, as the Federal fiscal year closes on September 30, and there is typically a lot of activity that prevents employees from having time to devote to depositions. Additionally, these depositions will take place in Alabama, where the witnesses are located. This will require defendant's counsel to travel to defend the depositions. We could not reconcile the schedules of the witnesses and defendant's counsel so that these depositions could go forward prior to September 16, 2008. Furthermore, defendant's counsel is to be married on September 20, 2008, and will be away from both the office, in western Illinois, between September 18 and 21 for that purpose. After that, through October 6, 2008, defendant's counsel will be out of the country for his honeymoon.

The witnesses and defendant's counsel are available on October 8 and 9, 2008, for these planned depositions. Plaintiff's counsel has agreed to host these depositions in his office on those days. We therefore require an amendment to the discovery schedule, in part, to permit these depositions to go forward.

Also, on September 12, 2008, plaintiff's counsel served the expert report of Dr. Swagata Banerjee upon defendant's counsel. Counsel had discussed the possibility of exchanging expert reports at some point in the future, but we had not discussed the specific types of expert reports that might be exchanged, or when we would exchange them. Counsel for the defendant was not

expecting to receive an expert report from the plaintiff at this time. Accordingly, at a minimum, the defendant requires additional time to analyze the plaintiff's expert report, determine if a rebuttal expert report is necessary, retain an expert to provide the rebuttal report, and, finally, conduct expert discovery regarding Dr. Banerjee's report. Because counsel for the defendant will be out of the office through October 6, 2008, he cannot begin any of this until that time.

Finally, amending the schedule in this case will not prejudice the parties' efforts to resolve this case, because the plaintiff has indicated that he will be filing a motion to compel the production of an internal attorney work product memorandum that was reviewed by Mr. Clarence Snyder when he was performing oversight of the Government's efforts to comply with Mr. Stovall's 1998 settlement agreement. Counsel for the plaintiff has asserted that this memorandum must be produced under the "at issue" waiver principle, because Mr. Snyder reviewed the memorandum while performing his duties related to this case. The defendant disagrees with the plaintiff upon this issue, and will oppose the plaintiff's motion. If the Court rules in favor of the plaintiff upon that motion, the plaintiff may seek additional fact discovery.

For these reasons, the parties respectfully request that the Court amend the scheduled discovery deadline by 62 days, thereby establishing a new deadline of November 17, 2008. We also request leave to file a status report 7 days after the new discovery deadline, on November 24, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Howell Roger Riggs
HOWELL ROGER RIGGS
Dick, Riggs, Miller & Stem, LLP
Regions Center, Suite 1050
200 Clinton Avenue
Huntsville, AL 35801
Tel. (256) 564-7317
Fax. (256) 564-7319
email: hriggs@drmslaw.net

Attorney for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax. (202) 305-7644
email: devin.wolak@usdoj.gov

Attorneys for Defendant

September 15, 2008

**CERTIFICATE OF FILING**

I hereby certify that on September 15, 2008, a copy of the foregoing "JOINT MOTION TO AMEND SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak