# In The United States Court of Federal Claims

No. 05-400C

(Filed: May 5, 2009)

_____

|                              |   |                                                                                                                           |
|------------------------------|---|---------------------------------------------------------------------------------------------------------------------------|
| MICHAEL W. STOVALL,          | * |                                                                                                                           |
|                              | * |                                                                                                                           |
| Plaintiff,                   | * |                                                                                                                           |
|                              | * |                                                                                                                           |
| v.                           | * | Motion for reconsideration; RCFC 59; Parol evidence; Attorney-client privilege; Waiver of privilege based upon use of parol evidence. |
|                              | * |                                                                                                                           |
| THE UNITED STATES,           | * |                                                                                                                           |
|                              | * |                                                                                                                           |
| Defendant.                   | * |                                                                                                                           |
|                              | * |                                                                                                                           |
|                              | * |                                                                                                                           |
|                              | * |                                                                                                                           |

_____

**ORDER**

_____

*Howell R. Riggs,* Dick Riggs Miller LLP, Huntsville, AL, for plaintiff.

*Devin A. Wolak*, Civil Division, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Michael F. Hertz*, for defendant.

**ALLEGRA, Judge:**

On February 20, 2009, this court, following an *en camera* review, granted, in part, and denied, in part, plaintiff's motion to compel the production of documents responsive to one of his requests for production. The court held that a memorandum prepared by the Office of General Counsel (OGC) for the U.S. Department of Agriculture discussing the settlement agreement at issue herein (the Resolution Agreement) was protected by the attorney-client privilege. *Stovall v. United States*, 85 Fed. Cl. 810, 815 (2009). However, the court held that the privilege was impliedly waived when defendant reserved the right to use parol evidence to bolster its interpretation of the contract, including evidence potentially to be derived from individuals associated with the OGC. *Id*. at 816. Based upon this ruling, the court ordered defendant to produce certain documents.

On March 5, 2009, defendant filed a motion for reconsideration under RCFC 59. In that motion, defendant claimed that the court had improperly described the OGC Memorandum as

predating the settlement agreement, when, in fact, that memorandum post-dated the agreement. Defendant also withdrew its prior reservation to "call any OGC attorneys, or use any otherwise privileged communications or documents, in support of its position" upon any issues that might arise in this case.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a "manifest error of law, or mistake of fact." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000); *see also Alli v. United States*, 86 Fed. Cl. 33, 34 (2009); *Six v. United States*, 80 Fed. Cl. 694, 697 (2008); *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004). Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice. *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007); *Stockton East Water Dist. v. United States*, 76 Fed. Cl. 497, 499-500 (2007); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004). The court has considerable discretion in ruling on a motion for reconsideration. *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Banks v. United States*, 84 Fed. Cl. 288, 291 (2008). Nevertheless, granting such relief requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005); *see also Alli*, 86 Fed. Cl. at 34.

Defendant's point regarding when the OGC Memorandum was executed is unpersuasive for several reasons. To be sure, at one point in the opinion, the court refers to the OGC Memorandum as "analyz[ing] a draft of what would become the Resolution Agreement." *Stovall*, 85 Fed. Cl. at 814. And, in the appendix to the opinion, the court makes a similar statement. *Id*. at 818. Moreover, defendant is correct that the date listed on the memorandum post-dates what appears to be the date on which the Resolution Agreement was signed. But, for reasons that cannot be explained without revealing the content of the OGC Memorandum, a plausible reading of the latter document supports the court's characterization of the Resolution Agreement as potentially not being finalized as of the date of the OGC Memorandum, despite the agreement's seeming prior execution. Even if the court's description of the document was inaccurate, this description was not, as defendant claims, "critical" to the holding that the OGC Memorandum should be released as relating to potential parol evidence of the settlement agreement's meaning. That is because, assuming *arguendo* the settlement agreement is ambiguous, it matters little whether the memorandum was written prior to that agreement or roughly contemporaneous therewith, for in either instance the document directly constitutes admissible extrinsic evidence regarding the meaning of the Resolution Agreement or, at the least, provides important background for such evidence. *See Den Norske Bank AS v. First Nat'l Bank of Boston*, 75 F.3d 49, 53 (1st Cir. 1996) (describing the scope of parol evidence); *Washington Hosp. v. White*, 889 F.2d 1294, 1302-03 (3d Cir. 1989) (same); Restatement (Second) Contracts § 203(b) (1981) (describing exceptions to the parol evidence rule); Richard A. Lord, Williston on Contracts § 34:7 (4th ed. 2008) (same). As such, the OGC Memorandum and the documents

associated therewith are "relevant to any party's claim or defense" or at least constitute evidence that is "reasonably calculated to lead to the discovery of admissible evidence."  RCFC 26(b)(1).

Defendant's second point relates to its prior statements regarding its potential use of parol evidence in this case.  It correctly notes that the court's ruling that the OGC Memorandum and associated documents must be produced hinges on defendant's potential use of parol evidence to support its interpretation of the Resolution Agreement.  In its opinion, the court held that defendant could not use the attorney-client privilege as a "sword and shield – to rely potentially upon parol evidence from its attorneys to influence the interpretation of the contract, while denying plaintiff access to privileged material that might be used to rebut that evidence." *Stovall*, 85 Fed. Cl. at 817.  In this regard, the court explained –

> a veritable Niagara of opinions have concluded that where a party affirmatively reserves the right to use parol evidence to bolster its interpretation of a contract, it may not, via the attorney-client privilege, withhold from discovery attorney-client communications that also form the extrinsic context for the agreement, particularly those that occurred in negotiating or interpreting the agreement.  In such circumstances, a waiver of the privilege as to the latter communications is implied.  And fairness particularly compels this result when the party seeking to support its interpretation of an agreement with parol evidence indicates that it might rely on evidence taken from its own attorneys.

*Id.* at 816 (citations omitted).  The court noted that, on January 26, 2009, it had ordered defendant to confirm "whether it intended to use parol evidence, including evidence derived from OGC representatives, to bolster its interpretation of the Resolution Agreement."  *Id*.  It further observed that on February 2, 2009, defendant had represented that it could not "foreclose the possibility" that it would rely on such information and had noted, *inter alia*, that two of the potential witnesses in this regard were the "attorneys with the USDA Office of General Counsel who participated in the negotiation and drafting of the agreement." *Id*.  Based upon this representation, the court concluded that defendant was obliged to produce the OGC Memorandum and associated documents.

Defendant wishes to revisit its prior representation.  It asserts that when it filed its February 2, 2009, memorandum, it was unaware that its representation might be viewed as an implied waiver of the attorney-client privilege.  Of course, defendant cannot, in good faith, contend that it was unaware that its February 2, 2009, memorandum related to plaintiff's pending motion to compel, as that motion was the only matter pending before the court when the January 26, 2009, order was issued.  Nonetheless, in its motion for reconsideration, defendant contends:

> Now that we fully understand the scope of the Court's January 26, 2009 order, we withdraw any reservation to rely upon evidence from OGC attorneys.  The Government will not call any OGC attorneys to testify with respect to any issues

>   in this case, and we will not rely upon any otherwise privileged communications
>   to support our defense.

This new representation appears to be very carefully drafted and thus is perhaps significant more for what it does *not* say than for what it does.  Carefully examined, it does not appear to foreclose defendant from introducing parol evidence – either in documentary or testimonial form – that is based upon or impacted by the written and oral advice provided by the OGC attorneys.  In other words, the new representation could be read to allow defendant to produce non-OGC witnesses who would testify as to their understanding of the ambiguous terms of the agreement based upon views or other information they had received from the OGC.  Given this, in the court's view, defendant's new representation does not go far enough to prevent a waiver of the attorney-client privilege from arising under the rationale mapped by the court in its prior opinion.

That said, to avoid the unnecessary production of privileged materials, the court will afford defendant a final opportunity to clarify its views on this matter.  Accordingly –

1.  On or before May 13, 2009, defendant shall either:

    a.  File a statement – which the court will view as binding for this case – indicating that it:

        i.  will not call any OGC attorneys to testify with respect to any issues in this case;

        ii. will not rely upon any otherwise privileged communications to support its defenses or claims; and

        iii. will not rely upon any other evidence (documentary or testimonial) to the extent the substance thereof is based upon or impacted by, any advice provided by OGC attorneys regarding the meaning of the Resolution Agreement; **or**

    b.  Instead, produce to plaintiff all of the documents referenced in paragraph 1. of this court's order of February 20, 2009, and file a statement confirming that the production has occurred;

    2.        Should defendant file a statement which makes the representations indicated in paragraph 1.a. above, it shall be relieved of the obligation to produce the following documents: 1, 2, 3, 4, 23, 24, 25 and 26;

    3.        Regardless of what otherwise occurs, on or before May 13, 2009, defendant shall produce to plaintiff the following exhibits (none of which are implicated by the foregoing): 5, 6, 7, 14, 15, 16, and 22; and file a statement confirming that the production has occurred;[*] and

    4.        On or before May 27, 2009, the parties shall file a joint status report indicating how this case should proceed.

**IT IS SO ORDERED**.

                                                          s/ Francis M. Allegra
                                                          Francis M. Allegra
                                                          Judge

---

[*] In its motion for reconsideration, defendant requests clarification of the court's order to produce documents 1-7, yet to protect the same documents listed as documents 8-13. As explained in footnote 11 of the February 20, 2009, order, *see Stovall*, 85 Fed. Cl. at 818 n.11, the court declined to order the production of the latter documents because they merely duplicate the items in the former category.